**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | |
| v.  ) | Case No. EP-11-CR-2728-KC-1 |
| ) | |
| ANGEL OCASIO  ) | |

**MOTION FOR RECONSIDERATION OF ORDER OF FEBRUARY 4, 2013**

Assistant Federal Public Defender Michael Gorman hereby moves for reconsideration of this Court's February 4, 2013 Order (Doc. No. 95) directed to submission of an expert report authored by Tami L. Loehrs.  In support thereof, he would respectfully show as follows:

During the hearing conducted on January 22, 2013, this Court discussed two issues: (1) trial scheduling and (2) the present Motion to Suppress.  Undersigned counsel may not have adequately explained himself at the time, as these two issues became conflated despite his attempts to parse the two.  Ms. Loehrs identified the issue underlying the Motion to Suppress while conducting a forensic examination in December, 2012.  As noted during this hearing, this examination was performed as due diligence on the part of undersigned counsel in his trial preparation efforts in conjunction with examinations performed in other cases in which undersigned counsel either appeared or participated.  Undersigned counsel, in response to this Court's inquiry during the hearing, stated he was unsure if she would testify, but she may serve as a rebuttal expert at trial if necessary.

Turning to the Motion to Suppress, the suppression issue identified by Ms. Loehrs, separate and apart from possible trial involvement, was novel, thus leave was requested to file the Motion to Suppress.  During the most recent hearing, when asked if Ms. Loehrs would provide a report, undersigned counsel originally believed this Court was referring to trial

preparation, not to proceedings on the Motion to Suppress.  This apparent confusion resulted in the merging of two unrelated topics, one directed to trial and one to the present Motion.

The Motion to Suppress is supported by an affidavit drafted by Ms. Loehrs detailing the basis for her position.  The affidavit offered would be characterized as the expert report for purposes of the Motion to Suppress.  This Motion is drafted to stand alone, without need for additional documentation or reports.  It focuses on the Government's investigative software, software which would not be described or informed by details of a forensic examination conducted on Mr. Ocasio's computers.  The Government has produced a FTK Report which details the status of files seized by the Government in the course of its investigation, a report drafted using the same evidentiary image files utilized by Ms. Loehrs.  The Government has in possession the affidavit describing specific file details on Mr. Ocasio's computer, which are identified with sufficient detail to facilitate a response, and the details of its own investigative software.  It presently has all available information offered in support of the present Motion that would be required to fashion its response to the same.

Any report ultimately produced would not affect the Government's Response, which involves a computer system in its own custody and control.[1]  Furthermore, while undersigned

---

[1] The Government is well aware of this issue, and is likely well aware of the reluctance of courts in other Circuits to order wholesale disclosure of the computer code used to implement its software.  As such, the Motion is directed to a "black box" operation focusing on results rather than direct expert analysis of the investigative system.  This necessitates the "on information and belief" aspects of the affidavit, which do not render the Motion defective in any way.  While counsel would happily request that this Court order disclosure of the computer code used to program the software at issue, it is doubtful, given limited rules of criminal discovery, that this Court would order discovery under Rule 16 or that the Government would voluntarily accommodate this request for information to facilitate a more comprehensive examination that might warrant an extensive expert report detailing the properties of its investigative tool.

counsel was taken aback at the request for the report during this recent hearing, the Government is well aware that its Response does not turn on an examination of a specific computer.[2] This Court is therefore asked to remove the requirement directing production of an expert report from the present Motion response scheduling order. These two issues have no relationship to one another. It is respectfully submitted that the fact the present Motion is directed to computer software rather than traditional search and seizure does not change the basic procedures typical of a motion to suppress.[3] The Government should be directed to respond to the Motion in its present form, and raise any difficulties it has in responding thereto, after which the defense will reply to its response in kind.

---

[2] Counsel for the Government was notified by undersigned counsel on two separate occasions, the first of which was immediately after the hearing on January 22, 2013, that its Response would not be informed by the report detailing a forensic examination of Mr. Ocasio's computer, and that any expert report would not bear on its Motion response.

[3] It is further submitted that an order directing disclosure of work product would be contrary to Federal Rule of Criminal Procedure 16. Counsel for the Government has not produced any document that might qualify as an expert report for purposes of Rule 16, but rather offered HSI Special Agent Demetrio Medina as a fact witness and possible expert "out of an abundance of caution." (Doc. No. 33). The FTK Report, which simply lists file details and is assumed to represent the Government's expert report pursuant to its Notice, does not constitute an opinion or the basis therefor at all, to the same extent simply producing medical test data continued in a medical record does not constitute a medical opinion and would therefore not pass muster as expert opinion disclosure. As such, any order to produce a possible detailed defense expert opinion would far exceed the Government's production to date, and thereby violate the reciprocal discovery requirements imposed by Rule 16, a requirement triggered by a defendant's request for an expert report when, in this case, no request has been made of the Government. The Government's reluctance to respond to the Motion without this report may therefore best be characterized as a request for unwarranted disclosure to facilitate its trial preparation. Absent a report of examination that details why the files found are specifically attributable to Mr. Ocasio and no other, an opinion that requires greater explanation of computer file properties than the presence of his name on his computer, it is entitled to no greater explanation of possible defense theories through disclosure of an expert report that, at present, would be characterized as attorney work product when available should Ms. Loehrs not be called as an expert as was counsel's original intention in this case.

In light of the foregoing, undersigned counsel requests that this Court reconsider its Order issued on February 4, 2013, and remove the requirement that the defense produce a trial expert report to the Government prior to requiring any response to the Motion.  If such would be helpful to this Court's resolution of this Motion, undersigned counsel would request a status conference at this Court's earliest convenience, by which he can explain the issues raised in the present Motion in greater detail.   At present, there is no expert report, and as such this Court is respectfully asked to direct the Government to proceed with the Motion as presently filed should it choose to file a response to the same.

Very truly yours,

G. PATRICK BLACK
Acting Federal Public Defender

   /s/

MICHAEL GORMAN
Assistant Federal Public Defender
Western District of Texas
Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of February, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

J. Brandy Gardes
Special Assistant U. S. Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901


                                        /s/
                                _____
                                MICHAEL GORMAN
                                Assistant Federal Public Defender

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No. EP-11-CR-2728-KC-1 |
| | ) | |
| **ANGEL OCASIO** | ) | |

**ORDER GRANTING MOTION FOR RECONSIDERATION OF ORDER OF FEBRUARY 4, 2013**

On this day, the Court considered this Motion for Reconsideration of Order of February 4, 2013. The Court, having considered the same, is of the opinion that said Motion should be **GRANTED**.

It is therefore **ORDERED** that the Court **GRANTS** reconsideration of its February 4, 2013 Order.

It is further **ORDERED** that the Government shall provide its Response, if any, to the Motion to Suppress as presently filed.

**SO ORDERED**.

**SIGNED AND ENTERED** this ____ day of _____, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT COURT JUDGE