# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. EP-11-CR-2728-KC |
| v. | ) |
| | ) |
| ANGEL OCASIO, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S MOTION FOR DISCOVERY AND
## NOTIFICATION OF DEFENSE EXPERT WITNESSES

COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney and files this Request for Notification of Defense Expert Witnesses, and would show unto this Honorable Court the following:

On January 22, 2013, the defendant filed a Motion to Suppress, relying on the expert opinion of Tami Loehrs. [Doc. 85]. The Court ordered defendant to supply the reports referenced in the Loehrs affidavit. On March 1, 2013, defendant filed some of the ordered reports. [Doc. 106]. On March 8, 2013, at approximately 3:13 pm, just prior to the deadline imposed by the Court for the Governments' Response to the Motion to Suppress. [Doc. 107]. The Report, as disclosed, is heavily redacted being only 16 pages of a listed 181 page report, and the pages as disclosed are also heavily redacted and consists primarily of a regurgitation of the Superceding Indictment and the Government's discovery, along with a Glossary of Computer Terms. There is no report of testing which would support statements made in the defendant's Motion to Compel or

the Loehrs declaration in support thereof. The Government therefore seeks discovery of the full report prior to any suppression hearing in this matter and/or trial.

Federal Rule of Criminal Procedure 16(b)(1)(B) and (C), requires disclosure of such:

> (B) Reports of Examinations and Tests. If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies[1], the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
> > (i) the item is within the defendant's possession, custody, or control; and
> >
> > (ii) the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony.
>
> (C) Expert witnesses.--The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if--
>
> > (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
> >
> > (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

While defendant has stated he has not determined whether Loehrs will testify at trial, he has relied upon her opinions in his "case-in-chief" relating to the Motion to Suppress. Based thereon, the Government respectfully requests the disclosure of the full report or an *in camera* review by this Court to determine whether the substance of

---

[1] The Government filed its Notice of Experts prior to the previous trial date.

the report relates to the matters raised in the Motion to Suppress, including but not limited to:

- "the forensic examination of Ocasio's computer revealed clear and indisputable evidence others did in fact use his computer" (Loehrs Declaration, ¶ 7);

- The manner in which Loehrs alleges the Government undercover computer system works and testing done in this or the "hundreds of forensic examinations on cases involving under P2P investigations"[2] (Loehrs Delcaration ¶ 19);

- The manner and method of search for the files indentified by CPS (Loehrs Declaration ¶ 24)

In the event the defendant elects not to comply with his disclosure requirements in a timely manner, the Government will seek exclusion of any non-disclosed evidence and/or witnesses pursuant to Federal Rule of Procedure 16(d)(2)(C) both at the time of the suppression hearing, if held, and at trial.

    Respectfully submitted,

    ROBERT PITMAN
    UNITED STATES ATTORNEY

By: /s/

    J. BRANDY GARDES
    Assistant United States Attorney
    CA Bar No. 144770
    700 E. San Antonio, Ste. 200
    El Paso, Texas 79901
    (915) 534-6884

---

[2] Although these reports were ordered to be disclosed to the Government, it received only two reports relating to testing done in connection with one case on the lengthy list set forth in Paragraph 20 of the Loehrs Affidavit. No reports were received in connection with the testing in *United States v. Dillen*, for example, which is discussed in great length in the Loehrs Declaration (*see* ¶¶ 21-23) or the case of *State of Arizona vs. Lemuel Robson* (¶ 26).

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of March, 2013, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Michael Gorman, AFPD
Office of the Federal Public Defender

as attorney for defendant.

          _____/s/_____
          J. BRANDY GARDES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. EP-11-CR-2728-KC |
| v. | ) |
| | ) |
| ANGEL OCASIO, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR DISCOVERY AND
NOTIFICATION OF DEFENSE EXPERT WITNESSES**

ON THIS DATE came on for consideration the Government's Motion for Discovery and Notification of Defense Expert Witnesses [Doc. 109]. The Court, having previously ordered disclosure of the expert reports referenced in the Defendant's Motion to Suppress [Doc. 83] and the arguments set forth in the Government's Motion, is of the opinion said Motion should be GRANTED.

It is therefore ORDERED that the Government's Motion for Discovery and Notification of Defense Expert Witnesses [Doc. 109] is hereby GRANTED. Defendant shall immediately disclose the entirety of the Loehrs Report [Doc. 107-1] to the Government, but in no event later than _____.

Defendant is further ORDERED to immediately disclose the testing reports for all tests and cases referenced in the Loehrs Affidavit on which defendant intends to rely in connection with his Motion to Suppress by _____. In the event such is not disclosed, they shall be deemed stricken from the Declaration and Motion to Suppress.

SO ORDERED this ___ day of _____, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE