IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | EP-11-CR-2728-KC |
| | § | |
| ANGEL OCASIO. | § | |

## ORDER

On this day, the Court considered Defendant Angel Ocasio's ("Ocasio") Motion to Compel Production of Materials Pertaining to Peer-to-Peer Investigative Software ("Motion to Compel"), ECF No. 117.  For the reasons set forth below, the Motion to Compel is **GRANTED** in part and **DENIED** in part.

I.  BACKGROUND

On April 8, 2013, Mr. Ocasio filed his Motion to Compel seeking materials pursuant to Federal Rules of Criminal Procedure 16(a)(1)(E) and 16(a)(1)(F).  *See* Mot. to Compel 4.  In his Motion to Compel, Mr. Ocasio seeks nine items of evidence relating to the Child Protection System and Peer Spectre software systems.  *See id*. at 7.  Mr. Ocasio argues that the government used these systems to conduct a warrantless search of his computer.  *See id.* at 1-2.  Specifically, Mr. Ocasio requests:

1. The source code of the program identified in the affidavit as 'CPS', as well as the source code of any associated programs used to conduct the search in this case. This source code will include any an[d] all commentary included by the programmers.
2. A compiled and fully functional version of any and all software identified in the prior request as implemented by the source code.
3. Technical manuals for any and all software implicated by this investigation, to exclude operating systems and commercially available 'helper' applications for the proprietary software, such as Adobe, Internet Explorer, or the Microsoft Office suite.
4. Training materials presented to the federal government for the previously mentioned software.

1

5. Details of any software training conducted by the federal government prior to use of any software identified herein, whether designed by the manufacturer or the federal agency.
6. Periodic updates for any software implicated by this request provided to the federal government by the software manufacturer, to include 'bug' fixes, notices directed to software operations or warnings as to known deficiencies in the software.
7. Any information in whatever form, source or nature, which tends to cast doubt on the usefulness, reliability or accuracy of the software identified in identifying suspect child pornography, or which in anyway suggests that the software operates differently than a manual search.
8. A copy of any FAQs (frequently asked questions) directed to the software produced by the manufacturer, if not included in the source code or with the functioning program.
9. And, should the proprietary nature of the software be raised by the Government in objection, a complete copy of the contract entered into between the federal government and the manufacturer.

*Id*.

The government filed its timely Response to the Motion to Compel on April 15, 2013. *See* Government's Resp. to Def.'s Mot. to Compel Produc. of Materials Pertaining to Peer-to-Peer Investigative Software ("Response") 22, ECF No. 118. In its Response, the government argues that most of the items sought by Mr. Ocasio are "under the custody and control of a third party – TLO, LLC, a private entity based in Florida" and regardless of control, that the items sought are not material to Mr. Ocasio's defense. *Id*. at 4. However, the government concedes that the fourth and ninth items requested—that is, copies of the training materials and any contract—"would be in the [g]overnment's possession." *Id*. at 3.

Mr. Ocasio filed his timely Reply on April 19, 2013. *See* Reply to Government's Resp. to Def.'s Mot. to Compel Produc. of Materials Pertaining to Peer-to-Peer Investigative Software ("Reply") 13, ECF No. 119. In his Reply, Mr. Ocasio argues that the requested items are under the government's control and are material to showing that the government conducted a warrantless search of his computer in violation of the Fourth Amendment of the United States Constitution and made material errors and omissions in a warrant affidavit. *See id*. at 4-9; Mot. to Compel 2-3; *see also* Def.'s Mot. to Suppress and Supporting Mem. ("Motion to Suppress"), ECF No. 85.

In order to more fully evaluate the Motion to Compel, on April 22, 2013, the Court ordered the government to deliver to the Court, for *in camera* inspection, the fourth and ninth items requested by Mr. Ocasio—that is, copies of the training materials and any contract. April 22, 2013, Order 2, ECF No. 120. The government complied with the April 22, 2013, Order and submitted a copy of the requested training materials, a copy of the requested training materials with proposed redactions, and a contract for *in camera* inspection.

## II.   DISCUSSION

Rule 16(a)(1)(E) requires that

> [u]pon a defendant's request the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E). In the context of Rule 16(a)(1)(E), "control has been defined to include the legal right to obtain the documents requested upon demand." *United States v. Stein*, 488 F. Supp. 2d 350, 361 (S.D.N.Y. 2007) (citing 7 Moore's Federal Practice § 34.14[2][b], at 34-63 to 34-64 (3d ed. 2006)) (internal quotation marks omitted). Accordingly, a criminal defendant may request material documents or other items under the actual control or possession of the prosecutor. *See United States v. Trevino*, 556 F.2d 1265, 1271 (5th Cir. 1977); *United States v. Pinto*, 905 F.2d 47, 50 (4th Cir. 1990) (citing *United States v. Gatto*, 763 F.2d, 1040, 1048 (9th Cir. 1985)). These can include documents or other items made by "other government agent[s] in connection with investigating or prosecuting the case." *United States v. Fort*, 472 F.3d 1106, 1118 (9th Cir. 2007) (finding that police reports authored by state police officers and turned over to federal prosecutors were subject to disclosure under Rule 16(a)(1)(E)); *United States v. Libby*, 429 F. Supp. 2d 1, 8-11 (D.D.C. 2006). It is possible that documents or other items made and retained by a third party closely working with the government may be under the government's control and therefore subject to disclosure under Rule 16(a)(1)(E).

*See Stein*, 488 F. Supp. 2d at 363-64.  But in this circumstance, control sufficient for Rule 16(a)(1)(E) appears to exist only if the government has a legal right to obtain the documents and items upon demand.[1]  *See id*. (finding that the government controlled certain documents created by an auditor where the auditor, through a deferred prosecution agreement with the government, had a legal obligation to produce the documents); *United States v. French*, 2:08-MJ-726-GWF, 2010 WL 1141350 at *3-6 (D. Nev. Mar. 22, 2010) (finding the computer source code of a breathalyzer machine not to be under the government's control, in part, because the government did not have a "contractual relationship" with the developer of the breathalyzer machine).

A document or item is material, for purposes of Rule 16, if there is "'some indication that the pretrial disclosure of the disputed evidence would . . . enable [ ] the defendant significantly to alter the quantum of proof in his favor.'"  *United States v. Dominguez-Chavez*, EP-07-CR-931 PRM, 2007 WL 2008679, at *1 (W.D. Tex. June 13, 2007) (quoting *United States v. Reeves*, 892 F.2d 1223, 1226 (5th Cir. 1990)).  This is not a demanding standard.  *Stein*, 488 F. Supp. 2d at 356 (citing *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)).  If a document or item helps the defendant prepare a defense, it is material.  *See United States v. Saleh*, 310-CR-083-L, 2010 WL 2944621, at *2 (N.D. Tex. July 26, 2010) (finding statements of co-defendants to be material in preparing a defense).

Here, the Court finds that only the fourth and ninth items requested—that is, copies of the training materials and any contract—are subject to Rule 16(a)(1)(E) disclosure.  The remaining requested items are not under the government's control.  This is because the software systems at issue in this case were developed by and are maintained by a private third party.  *See* Resp. Ex. 1, at 4 (an affidavit by a developer of the software systems, noting that "[t]he source code used by the Child Protection System and related applications has not been, and will not be, distributed to any law

---

[1] Mr. Ocasio provides no case law that suggests otherwise.  Moreover, Mr. Ocasio has provided no case law suggesting that investigative software owned and operated by a third party is subject to disclosure under Rule 16(a)(1)(E).

4

enforcement officer or agency"). Moreover, *in camera* review of the contract that the government submitted does not suggest that the government has a contractual right to modify or inspect the software systems. This indicates that the government does not have control of the software systems, source code, or related documentation that Mr. Ocasio seeks. *See French*, 2010 WL 1141350, at *3-6.

As to the copies of the training materials and the contract that the government does possess, the Court finds these documents to be material to Mr. Ocasio's defense. This is because these documents may further Mr. Ocasio's Motion to Suppress. *See Reeves*, 892 F.2d at 1226.

In conjunction with its *in camera* production, the government has requested that if the Court grants the Motion to Compel with respect to the training materials, that the Court only require a redacted copy of the training materials be made available. These redactions would remove biographical, geographical, and non-relevant investigatory information from the training materials. The government argues that these redactions are "appropriate" because the United States District Court for the District of Vermont has found the same redactions to the same training materials to be acceptable. *See* Entry Order Granting Req. for Protective Order, *United States v. Neale*, 5:12-CR-44 (D. Vt. Mar. 19, 2013). Having reviewed the proposed redactions, this Court finds them to be acceptable.

This Court notes that the *Neale* case in the District of Vermont is strikingly similar to this case. In *Neale*, the defendant also moved to compel production of the source code of the Child Protection System and Peer Spectre software systems because the government also allegedly conducted a warrantless search of the defendant's computer in violation of the Fourth Amendment and allegedly made material errors and omissions in an affidavit. *See generally* Mot. to Compel Produc. of Disc. and Exculpatory Material, *United States v. Neale*, 5:12-CR-44 (D. Vt. Nov. 7, 2012). In response to this demand in *Neale*, the government offered the defendant and the court a live demonstration of the software systems conducted by the developer of the software systems. *See*

Government's Resp. to Def.'s Mot. to Compel Disc. at 10, *United States v. Neale*, 5:12-CR-44 (D. Vt. Dec. 7, 2012) ("The government proposes that Mr. Wiltse provide both the defense and the Court a real time demonstration of how the Peer Spectre software works."). Because the government relies on the *Neale* case as an exemplar in the instant case, the Court **ORDERS** that the government provide Mr. Ocasio with the same live demonstration by a developer of the software systems, if he so desires.

### III.     CONCLUSION

For the reasons set forth above, the Court **GRANTS** Mr. Ocasio's Motion to Compel, ECF No. 117, with respect to the fourth and ninth items requested—that is, copies of the training materials and any contract. The government shall supply Mr. Ocasio with the redacted version of the training materials that it provided to the Court as well as the contract. The government shall, upon request, provide Mr. Ocasio with a live demonstration by a developer of the software system. The Court **DENIES** Mr. Ocasio's Motion to Compel with respect to all other items requested.

**SO ORDERED.**

SIGNED this 26th day of April, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE