## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Cause No.: EP-11-CR-2728-KC |
| ANGEL OCASIO, | § § § | |

### GOVERNMENT'S REQUEST FOR PROTECTIVE ORDER RELATING TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF MATERIALS PERTAINING TO PEER-TO-PEER INVESTIGATIVE SOFTWARE

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and submits this Request for Protection Order relating to documents ordered disclosed in regard to Defendant's Motion to Compel Production of Materials Pertaining to Peer-to-Peer Investigative Software and would respectfully show unto this Honorable Court the following:

On April 26, 2013, the Court ordered the Government to supply two items to the defendant: (1) a redacted copy of the manual relating to The Child Protection System prepared by TLO, and (2) a copy of the Terms and Conditions of Use. [ECF Doc. 122]. The Government will, of course, comply with the Court's Order. However, in its *ex parte* submission, the Government requested a protective order relating to any documents disclosed, similar to the one issued in *United States v. Neale* [D. Vt., 5:12CR-44, ECF Doc. 56]. As the Order issued in this case is silent in that regard, the Government hereby formally requests a protective order issue.

Pursuant to Federal Rule of Criminal Procedure 16((d)(1), the Court has the authority to grant protective orders relating to discovery. In determining whether a protective order is warranted, the Court may look to the following factors: (1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. *See, e.g. Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004). Although *Tuscon Women's Clinic* related to an individual's privacy interest in the disclosure of medical records, it is relevant in that this case involves the privacy interested encompassed by the law enforcement privilege.

Several circuits, including the Fifth Circuit, have "recognized a qualified privilege against compelled government disclosure of sensitive investigative techniques." *United States v. Cintolo*, 818 F.2d 980, 1002 (1st Cir.), *cert. denied*, 484 U.S. 913 (1987); *In re U.S. Department of Homeland Security*, 459 F.3d 565 (5th Cir. 2006). These courts have noted disclosure of the "precise specifications" of certain surveillance methods "will educate criminals regarding how to protect themselves against police surveillance," *United States v. Van Horn*, 789 F.2d 1492, 1508 (11th Cir. 1986), and "perhaps unduly jeopardize the security of ongoing investigations," *Cintolo,* 818 F.2d at 1002. Because "[t]he potential price to be paid by law enforcement is heavy, [it] should not be assessed without good reason." *Id.; see also United States v. Harley*, 682 F.2d 1018, 1020 (D.C. Cir. 1982) (refusing to permit disclosure of the location of a police surveillance post).

Application of the *Tuscon Women's Clinic* factors in this case strongly favors a strong protective order.  The type of information to be disclosed is sensitive, and the risk of harm from non-consensual disclosure is great.  The Court is in a position to issue a strict protective order supported by threat of sanctions, which is a substantial safeguard against unauthorized disclosure.  The Government, therefore, respectfully submits the Court issue an order as follows:

1. The Government shall produce for inspection and copying a redacted copy of the Manual to the Defendant with the redactions previously approved by the Court;

2. The Government shall produce for inspection and copying an unredacted copy of the Terms & Conditions of Use of CPS;

3. Defendant and his counsel are prohibited from further disseminating or copying the Manual, other than to provide a copy to an expert witness or witnesses in this case who must agree in writing to be bound by this Court's Protective Order and to submit to the Court's contempt jurisdiction in the event the Protective Order is violated, prior to disclosure of the documents ordered produced;

4. No portion of the Manual or the Terms & Conditions of Use shall be entered into the public record unless under seal; and

5. Modification of this Protective Order shall be permitted for good cause, but shall require pre-approval of the Court.

> Respectfully submitted,
>
> ROBERT PITMAN
> UNITED STATES ATTORNEY
>
> By: /s/
> J. BRANDY GARDES
> Assistant United States Attorney
> CA Bar No. 144770
> 700 E. San Antonio, Ste. 200
> El Paso, Texas  79901
> (915) 534-6884

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2013, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Michael Gorman, AFPD　　　　　　　　　　　Attorneys for Defendant
Shane McMahon, AFPD
Federal Public Defenders Office
700 E. San Antonio, 4th Floor
El Paso, Texas 79901

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　J. BRANDY GARDES

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | Cause No.: EP-11-CR-2728-KC |
| ANGEL OCASIO, | § § § | |

**ORDER**

On this day came to be considered the Government's Request for Protection Order relating to documents ordered disclosed in regard to Defendant's Motion to Compel Production of Materials Pertaining to Peer-to-Peer Investigative Software [ECF Doc. 123]. After due consideration, the Court is of the opinion the request should be GRANTED.

Accordingly, it is hereby ORDERED:

1. The Government shall produce for inspection and copying a redacted copy of the Manual to the Defendant with the redactions previously approved by the Court;

2. The Government shall produce for inspection and copying an unredacted copy of the Terms & Conditions of Use of CPS;

3. Defendant and his counsel are prohibited from further disseminating or copying the Manual, other than to provide a copy to an expert witness or witnesses in this case who must agree in writing to be bound by this Court's Protective Order and to submit to the Court's contempt jurisdiction in the event the Protective Order is violated, prior to disclosure of the documents ordered produced;

4. No portion of the Manual or the Terms & Conditions of Use shall be entered into the public record unless under seal; and

5. Modification of this Protective Order shall be permitted for good cause, but shall require pre-approval of the Court.

**SIGNED and ENTERED** this ___ day of _____, 2013.

                                            _____
                                            KATHLEEN CARDONE
                                            UNITED STATES DISTRICT JUDGE