IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| v. § | Cause No.: EP-11-CR-2728-KC |
| § | |
| **ANGEL OCASIO,** § | |
| § | |

### GOVERNMENT'S NOTICE OF INTENT TO USE EVIDENCE
### PURSUANT TO RULE 404(B), FEDERAL RULES EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, by and through the United States Attorney for the Western District of Texas, and the undersigned Assistant United States Attorneys, and hereby files this Notice of Intent to Use Evidence pursuant to Federal Rule of Evidence Rule 404(b) during its case-in-chief at trial.

To prove the charges pending against defendant, the Government must prove, among other things, the Defendant "knowingly" received (Count 1), distributed (Count 2), and possessed (Counts 3-4) images depicting the sexual exploitation of minors.[1]  *See* 18 U.S.C. § 2252(a)(2) and (a)(4)(B).

---

[1] The term "minors" in both statutes is defined as any person under the age of eighteen.  See 18 U.S.C. § 2256(1).

18 U.S.C. § 2252(a)(2) provides, in relevant part, that sexual exploitation of minors occurs when any person:

> knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce . . . by any means including by computer . . . if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct[.]

18 U.S.C. § 2252(a)(4)(B) states that sexual exploitation of minors occurs when any person:

A forensic examination of the defendant's computer was conducted by the Homeland Security Investigations Computer Forensic Agents (CFAs). This examination revealed the presence of numerous videos and images involving material involving the sexual exploitation of a minor found on an external hard drive (EXT1). Additionally, the examination also revealed the presence of approximately forty-three (43) adult pornography videos with names indicative of child exploitation videos on both defendant's computer (C1H1) and EXT1, at least one child erotica[2] video on C1H1, and several "Little Lupe" videos[3] on EXT1.

The Government plans to introduce this evidence at trial believing it to be intrinsic to the case, but realizes it may arguably fall within the scope of Federal Rule of Evidence 404(b), which covers "Other Crimes, Wrongs or Acts" committed by the accused, and thereby files this Notice in an abundance of caution.

**A. Evidence of "other crimes, wrongs or acts" is not subject to the operation of Rule 404(b), if the events or acts "inexplicably intertwine" with the present offense.**

Intrinsic evidence or evidence inextricably intertwined with evidence of the crime charged is admissible and is not limited by Federal Rule of Criminal Procedure 404(b).

---

knowingly possesses, or accesses with intent to view, 1 or more … films . . . or other matter which contain any visual depiction that has been  . . . shipped or transported by any means or facility of interstate or foreign commerce … including by computer, if (i) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (ii) such visual depiction is of such conduct[.]

[2] "Child erotica" is defined as materials which reflect a sexual interest in children, yet may not legally qualify as child pornography or obscenity under the statutory definitions and relevant case law. Such materials may include, among other things, fantasy narratives, books, sexual aids, and non-sexually explicit visual images, such as children's clothing catalogues, pictures of children that do not legally qualify as images of lascivious exhibition, etc.  One commentator has described child erotica as "any material, relating to children, that serves a sexual purpose for a given individual." Kenneth V. Lanning, *Child Molesters: A Behavioral Analysis 65* (4th ed. 2001) (internal quotations omitted).

[3] The "Little Lupe" videos contain a known 19-year old female adult performer dressed to look like a young teen participating in sexual and sexually suggestive acts.

2

"Other act" evidence is "intrinsic" when the evidence of the other act and the evidence of the crime charged are "inextricably intertwined" or both acts are part of a "single criminal episode" or the other acts were "necessary preliminaries" to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir.1990); *United States v. Webster*, 750 F.2d 307, 336 (5th Cir. 1984). The Government contends the additional evidence to be introduced is intrinsic to the crimes charged in the Indictment.

Evidence of uncharged offenses arising out of the same transactions as the offenses charged in the indictment are not extrinsic and, therefore, are not subject an analysis under Rule 404(b). *United States v. Asibor*, 109 F.3d 1023, 1034 (5th Cir.), *cert. denied*, 522 U.S. 902 (1997); *United States v. Ridlehuber*, 11 F.3d 516 (5th Cir. 1993); *United States v. Maceo*, 947 F.2d 1191, 1199 (5th Cir. 1991), *cert. denied*, 503 U.S. 949 (1992). Uncharged transactions can be considered "inextricably intertwined," and therefore intrinsic to the charged offenses, where they occur during the time frame of a charged criminal offense, as the admission of such evidence demonstrates a defendant's knowledge and involvement in the charged offense, enabling the jury to evaluate all the circumstances under which a defendant acted. *United States v. Peters*, 283 F.3d 300, 313 (5th Cir.), *cert. denied*, 535 U.S.1071 (2002); *United States v. Royal*, 972 F.2d 643, 647 (5th Cir. 1992), *cert. denied*, 507 U.S. 911 (1993). It is the Government's position evidence of the type listed above with regards to the receipt and possession of adult pornography with names indicative of child pornography, child erotica and the Little Lupe videos found on the defendant's computer and EXT1 are not "404(b) evidence" and, thus, not subject to the analysis required for admissibility under that rule.

Nevertheless, should the Court determine the evidence is not intrinsic to the charges, the evidence the Government expects to elicit and introduce through the CFAs who performed the forensic examination of the defendant's computer are, nevertheless, admissible under Federal Rule of Evidence 404(b).

### B. Even If Not Intrinsic, the Evidence is Admissible Under Rule 404(b)

Federal Rule of Evidence 404(b) excludes the admission of "other crimes, wrongs, or acts" (i.e., uncharged bad acts) only if it is offered to prove action in conformity therewith; the Rule does allows for their admission as proof of "motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b). To be admissible under Rule 404(b), evidence of other acts, crimes or wrongs, must satisfy the requirements set forth in *United States v. Huddleston*, 485 U.S. 683 (1988).

In determining the admissibility of prior act evidence, the Court first should decide if the evidence is offered for a proper purpose – "one other than to prove the defendant's bad character or criminal propensity." *Huddleston*, 485 U.S. at 683. Second, the Court should decide whether the evidence is relevant to some disputed issue in the trial. *Id.* Third, the court should assess whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice its admission would create. *Id*.

> "Unfair prejudice" within [Rule 403's] context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. FED.R.EVID. 403 (Advisory Committee's Note). The "logical inferences" resulting from proffered evidence do not engender the "unfair prejudice" against which Rule 403 is directed. *United States v. Dazzo*, 672 F.2d 284, 288 (2d Cir.), *cert. denied*, 459 U.S. 839 (1982); *United States v. Sugar*, 606 F. Supp. 1134, 1152 (S.D.N.Y. 1985).

4

*United States v. Diaz*, 878 F.2d 608, 615 (2d Cir. 1989). Finally, if requested to do so, the Court should give an appropriate limiting instruction. *Huddleston*, 485 U.S. at 683.

Before admitting evidence pursuant to Rule 404(b), the Court need not hold a Rule 104(a) evidentiary hearing, but instead must only make a preliminary finding the evidence is not being admitted solely to prove character and a jury could reasonably conclude "the act occurred and that the defendant was the actor." *Id.* at 689 (stating a preliminary finding by a preponderance of the evidence is not required).

Federal Rule of Evidence 404(b) is a rule of inclusion; it permits the admission of "other act" evidence for any purpose other than to show a defendant's criminal propensity. *United States v. Roldan- Zapata*, 916 F.2d 795, 804 (2d Cir. 1990); *United States v. Verduzco*, 373 F.3d 1022, 1026-27 (9th Cir. 2004). In *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (*en banc*), *cert. denied*, 440 U.S. 920 (1979), the Fifth Circuit Court of Appeals enunciated a two-part test governing the admissibility of "extrinsic" evidence of other crimes, wrongs or acts under the terms of Rule 404(b), to wit: extrinsic evidence of other wrongs is admissible when (1) it "is relevant to an issue other than the defendants character" and (2) it "possess[es] probative value that is not substantially outweighed by its undue prejudice and . . . meet[s] the other requirements of Rule 403." *Id*. at 911; *United States v. Gordon*, 780 F.2d 1165 (5th Cir. 1986).

Herein, the Government expects Ocasio's defense will be he was unaware of the presence of child pornography on his computer and EXT1 and/or any illegal images on his computer equipment were accidentally or unknowingly downloaded from the Internet and/or placed onC1H1 and/or EXT1 by someone else.

The proposed evidence easily passes the Rule 404(b) standard. The acts at issue are not remote in time, there is abundant evidence to prove them, and they are similar to the charged offense because they revolve around images relating to the sexual abuse of minors. Above all, as discussed below, the evidence is highly relevant to prove material points – namely, Ocasio's knowledge he received and possessed child pornography and the absence of mistake.

In *United States v. Layne*, 43 F.3d 127, 134 (5th Cir. 1995), the Fifth Circuit squarely held the defendant's possession of child erotica was admissible under Rule 404(b) to show "knowing interest" in child pornography. In that case, the Government admitted into evidence two pornographic magazines found in the defendant's home. One of them featured a woman dressed up as a child wearing pigtails and roller skates (similar to the "Little Lupe" videos sought to be introduced herein). The other exhibit was a magazine entitled "Chicken" which contained depictions of minor children engaged in sexual conduct. Neither item was charged in the indictment. The Fifth Circuit agreed these exhibits were admissible under Rule 404(b):

> In a thoughtful analysis, the district court found that these two items were relevant to showing that Layne had a knowing interest in the child pornography. The court also excluded evidence of adult pornography found in Layne's home that the prosecution sought to introduce for the same purposes. We find no error in the district court's decision to admit this extrinsic evidence.

*Id.* at 134.

Accordingly, the Fifth Circuit sanctions the use of extrinsic evidence of child erotica in order to prove the knowledge requirement of 18 U.S.C. § 2252. *See also United States v. Goff*, 155 Fed. App'x. 773 (5th Cir. 2005) (unpublished).

Other federal circuits routinely reach the same result.[4] For instance, in *United States v. Dornhofer*, 859 F.2d 1195, 1199 (4th Cir. 1988), the Fourth Circuit upheld the admission of "barely legal" pornography (also known as "child erotica") to prove knowing receipt of child pornography. The Court held the defendant's possession of magazines and books with titles like "Teenage Sex" and "Young and Naked" could be used to show the "lack of mistake when he ordered the child pornography" at issue in the case. *Id*. The Court explained that, although the "barely legal" pornography was not unlawful, it made "Dornhofer's claim he ordered the child pornography by mistake less probable." *Id*.

Similarly, in *United States v. Vosburgh*, 602 F.3d 512, 537-38 (3d Cir. 2010), the Third Circuit held, in a case involving possession of child pornography, the admission of pictures of child erotica found in defendant's possession was proper to establish defendant's intent and did not amount to unfair prejudice despite defendant's argument the pictures inflamed the jury against defendant because of his bad taste. Like the defendant in the present case, Vosburgh's "child erotica" consisted of non-pornographic images of prepubescent girls in swimsuits and

---

[4] The Government's research has revealed only one decision, *United States v. Johnson*, 439 F.3d 884 (8th Cir. 2006) that disapproves in broad terms of the use of a defendant's sexual interest in minors to prove knowing possession of child pornography. In that case, the Eight Circuit held using the evidence of sexual interest to prove knowledge or intent was no different than proving propensity, which is forbidden by Rule 404(b). *Id*. at 888. However, *Johnson* is inconsistent with the cases discussed above, as well as several other opinions, which hold evidence of sexual attraction to minors is relevant in *all* child exploitation cases. *See, e.g., United States v. Curtin*, 489 F.3d 935 (9th Cir. 2007); *United States v. Dhingra*, 371 F.3d 557 (9th Cir. 2004); *United States v. Bradshaw*, 690 F.2d 704 (9th Cir. 1982); *United States v. Sebolt*, 460 F.3d 910 (7th Cir. 2006); *United States v. Brand*, 467 F.3d 179 (2nd Cir. 2006); *United States v. Riccardi*, 253 F.2d 1212 (D. Kan. 2003); and *United States v. Dornhofer*, 859 F.2d 1195 (4th Cir. 1988); *United States v. Presley*, 2008 WL 189565 (W.D.Wash. Jan. 16, 2008) (unpublished) (defendant's knowledge he possessed child pornography is an element of the Government's burden of proof. Therefore, evidence of Defendant's act of possessing child erotica is sufficiently similar to the act of possessing child pornography, thus also showing defendant's sexual attraction to children.).

thirty Loli-chan[5] pictures.  *Id.* at 522.  The Government argued those materials, while not illegal, were relevant because they suggested Vosburgh had a sexual interest in children and tended to disprove Vosburgh did not know he possessed the illegal child pornography with which he was charged.  *Id.*  It further argued the images were admissible under Rule 404(b) because possession of those materials helped to show Vosburgh's intent to possess child pornography.  *Id.*  Vosburgh countered with the District Court should exclude the child erotica as unduly prejudicial under Rule 403.  The Third Circuit held:

> The ruling before us was not an abuse of discretion. The probative value of the Loli-chan pictures was not insignificant. Possession of those pictures suggested that Vosburgh harbored a sexual interest in children, and tended to disprove any argument that he unknowingly possessed [the child pornography] or attempted to access the Link by accident. Meanwhile, the risk of unfair prejudice was low. The District Court specifically instructed the jury that Vosburgh was not on trial for possessing the Loli-chan pictures, and that those pictures were not illegal. This limiting instruction minimized any risk of unfair prejudice.

*Id.* at 537-38 (internal citations omitted).

*United States v. Riccardi*, 258 F. Supp. 2d 1212, 1233-1235 (D. Kan. 2003), is yet another case in which a federal court upheld the admission of non-sexually explicit child images under Fed. R. Evid. 404(b).  During trial, the court admitted numerous photographs depicting minors in non-sexually explicit poses for Rule 404(b) purposes.  Some of these photographs depicted minors in ordinary poses and others could be classified as child erotica (though not sufficient to constitute child pornography). *Id.* at 1233. The Defendant argued the photos were irrelevant and unduly prejudicial.  The court disagreed and denied his motion for judgment

---

[5] "Loli-chan" is the name given to a 13–year old girl who posts pictures of herself on image boards and enjoys hearing from her older male fans. In these images, Loli-chan is, for example, licking a lollipop; in a bathroom wearing a robe and making a kissing expression; in a swimsuit at a pool; at the shower, starting to undress from her swimsuit; in a Mini–Mouse outfit; in a school uniform sitting on the floor barefoot; and sitting clothed on a toilet. In many of these images, the girl is holding signs that read "I'm thirteen," "Google your own porn," "kock swurve is gay," [and various other vulgar, nonsensical phrases].

of acquittal and/or new trial, finding "[t]he quantity of child erotica seized, and the manner in which it was organized, is probative of Mr. Riccardi's knowledge that child pornography was located within his residence."  The Court also found the photographs tended to prove lack of mistake. *Id.* at 1235.

The Second and Sixth Circuits have similarly admitted uncharged child erotica images under Rule 404(b).  The Second Circuit did so in *United States v. Brand*, 467 F.3d 179 (2d Cir. 2006), a case in which the defendant was charged with traveling across state lines to commit sexual acts with an individual he believed to be thirteen years old.  In allowing into evidence child erotica found on that defendant's computer, the Brand court explained the evidence was relevant to establishing the defendant's intent and predisposition to commit the crime charged. *Id*. at 187.  In reaching this holding, the Second Circuit adopted an "inclusionary approach," allowing such evidence "for any purpose other than to show a defendant's criminal propensity" where his state of mind is a central issue to the case.  *Id.*  Similarly, in *United States v. Caldwell,* 181 F.3d 104 (6th Cir. 1999), the Sixth Circuit determined that the defendant's possession of child-oriented erotica was properly admitted under 404(b) in that case to show his knowledge and intent, which were relevant to the child pornography charges for which he was on trial.

The rationale of these cases applies to the present case.  It is believed Ocasio's defense will hinge on his state of mind – namely, he did not know the child pornography was on his computer or EXT1, and it must have ended up there via accidental downloading or some other innocent means.  Or maybe defendant will claim that someone else placed the child sexual abuse images on C1H1 or EXT1.  Each of these claims is contradicted by the evidence the

9

Government seeks to admit at trial. The evidence at issue tends to prove Ocasio was attracted to all types of images depicting the sexual exploitation of children and, thus, had a motive to collect child pornography. This motive obviously makes it more likely that he knowingly received, distributed, and possessed child pornography, as opposed to being framed by someone else. As the evidence is being offered for a proper purpose – to show defendant's knowledge, intent, identity, and lack of mistake or accident – it is relevant to the crimes for which he is charged. Moreover, when a defendant affirmatively denies having the requisite knowledge or intent by proffering an innocent explanation for his actions, the Government should be entitled to rebut that argument with 404(b) evidence. *United States v. York*, 933 F.2d 1343, 1350 (7th Cir. 1991)("Evidence of another crime which tends to undermine [a] defendant's innocent explanations for his act will be admitted").

Therefore, the Government should be allowed to admit the adult pornographic videos with names indicative of child sexual abuse images, the child erotica videos and the "Little Lupe" videos which were found on the Defendant's computer and EXT1 pursuant to Federal Rule of Evidence 404(b).

### C. The Evidence Is Admissible Under Rule 403

Just as in determining the admissibility of all evidence, a balancing test is applied pursuant to Federal Rule of Evidence 403 to determine whether the probative value of other acts evidence is substantially outweighed by the danger of unfair prejudice to the party opposing its admission. *Huddleston v. United States*, *supra,* 485 U.S. at 688 (1988). Determining the admissibility of evidence under this standard calls for "a common sense assessment of all the circumstances surrounding the extrinsic offense." *United States v.*

*Guerrero*, 650 F.2d 728, 734 (5th Cir. 1981) (quoting *Beechum*, 650 F.2d at 914).  The Supreme Court recognized in *Huddleston* "[e]xtrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct."  485 U.S. at 685.

In determining the probative value of the evidence, the trial court should examine the following factors: (1) the prosecutor's need for the evidence; (2) the overall similarity of the extrinsic act and the charged offense; (3) the temporal proximity of the two; and (4) undue prejudice to the defendant.  *United States v. Scott*, 795 F.2d 1245, 1252 (5th Cir. 1986); *Guerrero*, 650 F.2d at 734; *Beechum*, 582 F.2d at 914, 915.  Regarding the nature of the evidence, the Court neither needs to be convinced the defendant committed the extrinsic act, nor is the Government required to produce clear and convincing evidence of such acts.  *Id.* at 913.  The evidence should be admitted unless the jury could not reasonably find the defendant committed the extrinsic offense. *Id.; United States v. Jardina*, 747 F.2d 945, 952 (5th Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985); *see Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 1501 (1988).  Herein, the probative value of the evidence is tremendous as it helps the jury to determine defendant's knowledge and state of mind. Ocasio likely will defend the charges by disclaiming knowledge of the presence of child pornography or claiming some other person must have placed it on his computer.  The Government must then prove what was in Ocasio's mind – that is, he knew about the child sex abuse images on his computer and EXT1 as they were in close proximity to documents personal to the defendant, and he was the one who placed them there. The existence of these adult pornographic videos with names indicative of child sexual abuse

11

images, the child erotica videos and the "Little Lupe" videos on his computer and EXT1, thus, is highly probative of his knowledge of the illegal and illicit videos. On the other hand, the prejudicial effect of the other acts evidence in the instant case is negligible at best and manageable with limiting instructions and other precautions. Moreover, the nature of the adult pornographic videos with names indicative of child sexual abuse images, the child erotica videos and the "Little Lupe" videos are far less inflammatory than the actual child sexual abuse images found on defendant's computer and EXT1. Any prejudice which may be caused by the admission of this evidence can be off-set by the giving of a limiting instruction by the Court.

In case after case, courts have held the kind of evidence at issue here is admissible Under Rule 403, with the protection of a limiting instruction. *Dhingra*, 371 F.3d at 567; *Dornhofer*, 859 F.2d at 1199; *Bradshaw*, 690 F.2d at 709. The Fifth Circuit Pattern Criminal Jury Instruction 1.30 also anticipates the admission of exactly this type of evidence and is written to minimize any unfair prejudice to the defendant.

### C. The Court's Ruling Should Be Made In Context, During Trial

The Government is filing the instant brief to flag this evidentiary issue as one of importance at the upcoming trial. In so doing, however, the Government is not seeking an advance ruling on the admissibility of the other acts evidence described herein. "[I]t would be 'unduly speculative' to rule on the admissibility of 'other acts' evidence before hearing the factual context at trial." *United States v. Giampa*, 904 F. Supp. 235, 284 (D.N.J. 1995) (quoting *United States v. Vastola*, 670 F. Supp. 1244, 1268). For the same reason, the Government would ask that any objections made by the defendant to the admission of this evidence be overruled until properly raised at trial. "Generally, objections as to the admissibility of prior bad acts under FRE 404(b) are properly asserted during trial, not at the pretrial stage."

12

*United States v. Giampa*, 904 F. Supp. at 284 (*quoting Luce v. United States*, 469 U.S. 38, 41 (1984)).

## CONCLUSION

Proving the defendant's state of mind, knowledge, preparation and identity in committing the crimes charged are critical to the quest for truth in this case. In *Huddleston* the Supreme Court recognized the necessity of other acts evidence in cases like this and emphasized the low threshold of relevance that the proponent must establish. The Government has exceeded the required relevance threshold in the instant case and refuted any claim that the probative value of this evidence is substantially outweighed by its prejudicial effect.

WHEREFORE, premises considered, the United States respectfully requests that the Court find admissible the above-described evidence.

    Respectfully submitted,

    ROBERT PITMAN
    UNITED STATES ATTORNEY

By:    /s/
    J. BRANDY GARDES
    Assistant United States Attorney
    CA Bar No. 144770

    /s/
    DANIEL R. CRUMBY
    Assistant United States Attorney
    TX Bar No. 24049839
    700 E. San Antonio, Ste. 200
    El Paso, Texas 79901
    (915) 534-6884

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of May, 2013, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Michael Gorman, AFPD
Shane McMahon, AFPD

/s/

J. BRANDY GARDES