IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | **CAUSE NO.   EP-11-CR-2728-KC** |
| **v.** | § | |
| **ANGEL OCASIO,** | § | |
| **Defendant** | § | |

**MOTION TO QUASH SUBPOENAS
ISSUED PURSUANT TO FRCrP 17**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and files this Motion to Quash subpoenas mailed to two individuals, William S. Wiltse and Derek A. Dubner, by counsel for the defendant.  The government avers that the purpose of the subpoenas is not to produce *evidence* relevant to the trial of the defendant as required by Federal Rules of Criminal Procedure, Rule 17, but rather is an attempt, not to seek trial evidence but to obtain law enforcement *tools*,[1] which tools are covered by copyright law;[2] the subpoenas are overly broad and cumbersome; the subpoenas were improperly served; the subpoenas were served to individuals who are not capable of compliance based on their lack of access to the items requested; and the purpose of the subpoenas is not evidentiary in nature, but rather is a prohibited "general fishing expedition" envisioned by and prohibited in *U.S. v. Nixon*, 418 U.S. 683, 700 (1974).  See also *U.S. v. Iozia*, 13 F.R.D. 335, 338

---

[1] Although the Child Protection System (CPS) is privately owned by TLO, LLC., a company located in Boca Raton, Florida, the CPS application was exclusively developed for use by law enforcement, in the United States as well as other countries, to track the use and distribution of child pornography.  As a result, TLO believes that information related to the use of CPS, if provided to non-law enforcement entities, would compromise ongoing criminal investigations of child sexual predators around the world.

[2] According to William Wiltse, one of the individuals to whom a subpoena was directed, The Child Protection System software tools are subject to law enforcement privilege, trade secret and copyright protection , thus, the computer applications of the source requested have never been distributed.  The company who owns the system wishes to file a Motion to Quash the subpoena but must first locate and engage local counsel as the company corporate counsel is not admitted to practice in the Western District of Texas.

(S.D.N.Y. 1952).

The subpoenas issued by Defendant to William S. Wiltse and Derek A. Dubner, Esq. seek voluminous records and data relating to a computer application known as the Child Protection System(CPS), which system is owned by TLO, LLC. TLO manages the licensing of and the access to CPS and restricts it to law enforcement for the sole purpose of tracking the use and distribution of online child pornography around the world.

Defendant Angel Ocasio mailed instanter subpoenas duces tecum to William S. Wiltse, a reserve law enforcement officer and an employee of TLO, LLC (hereinafter TLO) (*see* Subpoena, attached hereto as Exhibit 1) and to "Dubner, Derek A., Esq.," corporate counsel for TLO, and registered agent for service of process (*see* Subpoena, attached hereto as Exhibit 2). These subpoenas seek various documents and technical information in the possession of TLO relating to the Child Protection System (hereinafter "CPS"). The subpoenas further instruct Wiltse and Dubner not to appear and/or testify in any court proceeding. Further, the subpoenas do not bear a date for a hearing or for production. The subpoena language instructs the recipients to send the documents directly to defense counsel.

## I.
## THE SUBPOENA SEEKS DISCOVERY MATERIAL, NOT TRIAL MATERIAL

FRCrP, Rule 17, permits a party to criminal proceedings to issue a subpoena *duces tecum* to a witness to produce, at trial, books, papers, documents, data or other objects. The leading case regarding the purpose of, manner of execution and permissible content for a Rule 17 subpoena is Bowman Dairy Co. v. United States, 341 U.S. 214 (1951). In *Bowman*, at p. 220, the Supreme Court "recognized certain fundamental characteristics of the subpoena *duces tecum* in criminal cases: (1) it was not intended to provide a means of discovery for criminal cases; and (2) its chief innovation was to expedite the trial by

providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon,* 418 U.S. 683, 699-700 (1974).

Following the Bowman decision, in Iozia, Judge Weinfeld, a district court jurist in the Southern District of New York, set standards, that is a "required showing" that must be made by the Defendant herein, to justify compliance with a Rule 17 subpoena and to require production prior to trial. Iozia, at 338. This "test" adopted by the Supreme Court in Nixon at 699, requires the Defendant to show:

(1) that the documents are evidentiary and relevant;
(2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
(4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

The effect of these requirements is that the party seeking documents bears the burden of proving that the information sought is relevant, admissible, and specific.

Most importantly, a Rule 17 subpoena *duces tecum* may not be used to expand discovery in criminal cases. "While a Rule 17(c) subpoena *duces tecum* is a legitimate device to obtain evidentiary material, it was never intended to be a broad discovery device going beyond that which is required either by Rule 16 of the Federal Rules of Criminal Procedure or by *Brady*." *United States v. Edwards*, 191 F.Supp.2d 88, 89 (D.C.2002); *United States v. Hardy*, 224 F.3d 752 (8th Cir.2000)( Rule 17 may be used to obtain documents not discoverable under Rule 16 "so long as they are evidentiary") ; *United States v. Vanegas*, 112 F.R.D. 235, 238 (D.N.J. 1986); *see United States v. Nixon*, 777 F.2d 958, 968-69 (5th Cir. 1985); *United States v. Marcello,* 423 F.2d 993, 1006 (5th Cir.), *cert. denied,* 398 U.S. 959 (1970) (forcing compliance with certain aspects of the Rule 17 subpoena would have been unreasonable, stating the defendant was merely using Rule 17 "as a

discovery device, which it is not"). A "Rule 17(c) subpoena reaches only evidentiary materials" -- not all discoverable materials. *United States v. Cuthbertson*, 651 F.2d 189, 195 (3rd Cir.) (*citing Bowman Dairy*, 71 S.Ct. at 679), *cert. denied*, 454 U.S. 1056 (1981). As such, a subpoena should be quashed where a party is attempting to improperly use it as a discovery tool and/or where the material sought is not evidentiary in nature.

Again, Rule 17 provides a means of obtaining admissible material at trial. It is not intended as a basis for conducting broad searches for any possible information that may be of use to the defendant. *See Abdush-Shalcur,* 465 F.3d at 467; *United States v. King,* 164 F.R.D. 542, 546 (D.Kan. 1996) ("Rule 17 was not intended to provide the defendant a mechanism by which to troll the waters of the sea's otherwise undiscoverable material in the small hope that something beneficial might rise to the surface.") Indeed, the subpoena requests in the instant case resemble the type of discovery issued in civil cases, where discovery may be wide-ranging and searching, rather than discovery in a criminal case, which is limited to the specific materials permitted under Rule 16, plus what is required under the due process clause. *See United States v. Ramos,* 27 F.3d 65, 68 (3rd Cir. 1994) ("In contrast to the wide-ranging discovery permitted in civil cases, [Rule 16] delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases . . .").

Subpoenas seeking broad categories of information or documents pursuant to Rule 17 are routinely quashed by federal courts, where no clear relevance or admissible purpose is evident therein. *See, .e.g., United States v. Richardson,* 607 F.3d 357, 368 (4th Cir. 2010) (affirming quashing of defendant's subpoena upon finding that subpoena sought broad categories of documents from internet service provider in search of

evidence supporting defense theory, and was therefore a fishing expedition); *United States v. Reed,* 726 F.2d 570, 577 (9th Cir. 1984) (affirming quashing of subpoena that requested broad categories of documents); *United States v. Daniels,* 95 F. Supp. 1160, 1169-70 (D. Kan. 2000) (refusing to issue subpoenas where requests were "extremely broad").

While most cases address a Rule 17 subpoena issued to the government, courts have applied these standards to subpoenas *duces tecum* directed to third parties. *See United States v. Reyes*, 239 F.R.D. 591, 597 n. 1 (N.D.Cal.2006). Defendant cannot satisfy the requirements of Rule 17 in his subpoenas served herein. Rather defendant is fishing for any possible support for his motion to suppress. There cannot be a specific, discrete use at trial for all of the documents Defendant seeks from TLO, including training and instruction materials, testing and accreditation materials, and so forth. As such, the subpoenas should be quashed. *United States v. Dunn,* 2:09-CR-895 (D. Utah Oct. 20, 2011) [ECF Doc. 74] (quashing a similar subpoena served on TLO).

Defendant has failed to meet the test articulated in *Iozia* and affirmed in *Nixon* at 699. In his Motion to Compel, at page 3, the defendant lists four reasons why he needs access to the CPS software. None of those reasons justify the broad spectrum demands of the subpoena.

Defendant claims his "experts need the software in order to determine or develop[3] a number of facts as follows:

1) How the government's software program gathers information, including hash values and information related to incomplete, partial, empty, or deleted files;

---
[3] The government opposes "developing" any facts. The use of the term "developing" illuminates the very concern of the Supreme Court in *Nixon,* that a Rule 17 subpoena would be used as a fishing expedition.

2) Whether the software functions in an accurate and reliable manner;

3) Whether the affiant's claims regarding the software set forth in the affidavit filed in support of the application for search warrant are accurate;

4) Whether an agent may claim good faith reliance on investigative software with known defects that represent repeated violations of Fourth Amendment rights.

With regard to justifications 3 and 4, neither support the broad demands of the subpoena. Both issues are directed at the perception and honesty of individuals. At trial, Defendant may call the "affiants" of the Search Warrant application to question the claims made about the software in the affidavit and whether the affiant placed a good faith reliance on the software. Nothing listed for production in the two Rule 17 subpoenas can test the credibility or intent of the affiant as the affiant; himself was not privy to inspection of the items requested. The government has already complied with Rule 16 and *Brady*. The very reason defendant resorted to the issuance of the Rule 17 subpoenas was that this Honorable Court ruled, on April 26, 2013, that the government was not in possession of the items. Thus, since the Search Warrant Affiant is considered "the government," he was not in possession of these items and could not have relied on them.

The subpoena requests the "source and object code, to include (sic) all non-compilable (sic) programmer comments provided in the same," of the CPS application. The defendant fails to identify in the Motion, or in any document, how the "source and object code" or the "programmer comments" are relevant, admissible or of any evidentiary value at trial with relation to his four stated needs. It is apparent from Defendant's Motion to Suppress and Motion to Compel that the use of this information would be to support a suppression of the evidence seized as a result of use of the software. Justification (1) does not support tender by TLO of the manner in which the "government's software program

gathers information," the exact information that TLO indicates is a trade secret, as it was not used by law enforcement to obtain the warrant to search defendant's computer. With regard to justification number (2), the defendant has not met his burden to show how the items requested in the subpoena, such as "the source and object code of any application called by the CPS when executing, to include (sic) any helper application" demonstrate the reliability of the software.

## II.
## DEFENDANT FAILED TO PROPERLY SERVE THE SUBPOENAS

Federal Rule of Criminal Procedure 17 provides in pertinent part:

> (a) Content. A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and **command the witness to attend and testify at the time and place the subpoena specifies**. The clerk must issue a blank subpoena--signed and sealed--to the party requesting it, and that party must fill in the blanks before the subpoena is served.

…
(c) Producing Documents and Objects.

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the **designated items in court** before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

(d) Service. A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

 (emphasis added).

The subpoenas were improperly served. Defense counsel mailed a copy of the subpoena to each of the two TLO employees. Without a witness's consent, this is improper service.

More significant, the subpoenas are served upon persons legally and physically incapable of complying. While Mr. Wiltse is one of the developers of the software, he is only an employee of TLO and not an officer or director. He has no authority to legally produce the requested documents and information. Furthermore, Mr. Dubner who is counsel for TLO and its registered agent for service of process, was served in his individual capacity, as the subpoena is directed to him and not TLO, LLC. Additionally, Mr. Dubner is not an officer or director and not the custodian of records for TLO. As such, he does not have the legal authority to produce the requested documents.

The Defendant's violation of Rule 17, which requires the subpoenas be issued in connection with a trial or other court hearing, invalidates the service entirely. In actual the subpoenas, as issued in this case, clearly state:

YOU ARE COMMANDED to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

Nevertheless, the documents served by Defendant (1) list no date or time for appearance at a court proceeding, but rather are denominated as "*instanter*" and (2) do not designate the items be delivered to the court, but rather instruct they be provided directly to defense counsel. Rule 17 does not authorize the government or the defense to subpoena a witness and require them to report at some place other than where the trial is to be held. *United States v. Standard Oil Co.*, 316 F.2d 884, 897 (7th Cir. 1963); *United States v. Hedge*, 462 F.2d 220 (5th Cir. 1972). It also is improper to direct the documents be delivered directly to defense counsel. *See United States v. Jenkins*, 895 F.Supp. 1389, 1394 (D. Hawaii 1995) (finding that the court erred in allowing subpoenaed documents to be turned over directly to the defense and not to the court).

Even if defendant could overcome these procedural errors, the subpoenas still should be quashed as they are issued for an improper purpose.

### III
### LAW ENFORCEMENT PRIVILEGE

As an advanced application for tracking online predators, information relating to the functions and uses of CPS is guarded by TLO with the highest level of caution. Access to CPS is only made available to specifically trained law enforcement officers who have received instruction in its uses. Those officers who receive the training are licensed to use CPS only in performance of their law enforcement work. The officers who are trained to use the software are not privy to the types of items listed in the subpoenas.

Disclosure of the records and data requested in Defendant's subpoena would significantly degrade the usefulness of CPS as a worldwide investigative tool, as well as compromising numerous ongoing criminal investigations.

The law recognizes a law enforcement privilege, which protects the techniques and methods of law enforcement from public disclosure. The privilege, which protects law enforcement techniques and procedures, sources, law enforcement personnel, and the privacy of individuals involved in investigations, has been recognized by the courts. *See In re Dep't. of Investigation of City of New York,* 856 F.2d 481,484 (2d Cir. 1988); *see also Hickey v. Columbus Consol. Gov't.,* No. 4:07-CV-96, 2008 WL 450561, *4 (Feb. 15, 2008) (discussing privilege); *United States v. Sam,* 2007 WL 2284602, *2 (D.S.D. Aug. 8, 2007) (quashing subpoena under law enforcement privilege). As disclosure of detailed information regarding the CPS would degrade the effectiveness of

global law enforcement efforts, the procedures and techniques requested by Defendant should not be disclosed.

Fed. R. Crim. P. 17(c)(2) provides that subpoena may be quashed if "compliance would be unreasonable or oppressive."). The Court and the defendant are in possession of the affidavit of TLO employee Wiltse, who discusses proprietary nature of the material sought by the defendant. It is interesting to note that pursuant to Fed. R. Civ. P. 45(c)(3)(B)(i) a court may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." While these Rule 17 subpoenas are pursuant to a criminal case, the same harm identified by the Civil Rules is indicated her, with the additional consideration of impeding the successful use of the valuable, unique CPS capability to detect child predators using a public medium, the computer, to share their depravity and abuse children.

For all of the reasons set forth above, the subpoenas issued by Defendant in this case are invalid based on improper service; the defendant's failure to comply with the test requiring a showing of relevance, evidentiary value, due diligence and need; the subpoenas are overbroad, and seek privileged and protected information. The Government respectfully requests that the Court quash the subpoenas.

    Respectfully submitted,

    ROBERT PITMAN
    UNITED STATES ATTORNEY

By:    /s/
    DEBRA P. KANOF for J. Brandy Gardes
    Assistant U.S. Attorney
    Texas Bar #11093600
    700 E. San Antonio, Suite 200
    El Paso, Texas 79901
    (915) 534-6884

## CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of May, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Mike Gorman, Esq.

                                                       /s/_____
                                                DEBRA P. KANOF for J. Brandy Gardes

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| **Plaintiff,** § | **CAUSE NO.  EP-11-CR-2728-KC** |
| v. § | |
| **ANGEL OCASIO,** § | |
| **Defendant** § | |

**ORDER**

Came on this day for consideration of Government's Motion to Quash Subpoenas. After due consideration thereof, and the Government's request thereto, the Court is of the opinion the Government's motion should be GRANTED.  The Defendant's subpoenas issued to William S. Wiltse, Derek Dubner, Esq., and TLO LLC., are hereby QUASHED.

SIGNED and ENTERED this ___ day of _____, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT COURT JUDGE