## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. EP-11-CR-2728-KC-1 |
| | ) | |
| ANGEL OCASIO | ) | |

## MOTION TO COMPEL PRODUCTION OF MATERIALS AND INFORMATION DEMANDED BY SUBPOENA

Comes now the Defendant, Angel Ocasio, who moves this Court to compel the compliance of TLO, LLC, its custodian of records and its agent, William Wiltse,[1] with regard to the demand for production set forth in the subpoenas identified in the Notice of Defendant's Compliance with Court Order Compliance filed with this Court and attached hereto as Exhibits A and B. In order to expedite resolution of the present Motion, a copy of this Court's Order denying the Motion to Quash is attached as Exhibit C. This Court's findings as to the relevancy, necessity and admissibility of the information sought set forth in this Court's Order of May 28, 2013 (Doc. No. 139) is hereby incorporated by reference and offered in support of the present Motion.

On May 3, 2013, TLO, LLC, and its agent/representative, William Wiltse were served with subpoenas commanding them to produce documents and digital files pertaining to the Child Protection System at issue in the Motion to Suppress filed in this case. The subpoenas were

---

[1] The present Motion shall be served directly on the aforementioned parties. It is expected, given this Court's ruling that the Government lacked standing to contest compliance with the subpoenas on behalf of TLO or its agents, Order of May 28, 2013 at 9, the Government would similarly lack standing to challenge the present Motion to Compel enforcing the same. It is assumed any Response would be submitted by these private parties.

served by certified mail, return receipt requested.[2]  To date, and despite the recent Motion to

Quash, Mr. Wiltse and TLO, LLC have neither produced the required documents nor contacted

undersigned counsel in an effort to offer any measure of good faith compliance as to the

materials requested.

Mr. Wiltse is aware of the present case and present Motion to Suppress, having provided

an affidavit to the Government in support of its Response to the Motion to Compel that was

attached to the Motion to Quash filed by the Government.  As such, he, and TLO, LLC, are well

aware of the ongoing issues in this case, and any claimed surprise would be disingenuous at best.

As Mr. Wiltse and TLO, LLC claim substantial interaction with law enforcement agents and

officers and presumably are aware of procedures specific to motions to quash elect to ignore the

subpoenas rather than offering any measure of response, this Court is respectfully asked to

intervene.

Accordingly, Defendant hereby respectfully moves for an order of this Court directing

that William Wiltse and TLO, LLC produce the documents and information demanded by the

---

[2]In an effort to address possible technical alleged by the Government with regard to the
original subpoenas, the defense has attempted to serve the custodian of records, name unknown,
demanding delivery directly to this Court 'instanter.'  It should be noted that TLO, LLC was
unable to identify a specific custodian of records on demand for said individual's name when
contacted telephonically by this Office on May 29, 2013. Aff. Cynthia Hernandez (Exh. D).  As
such, even if TLO were to claim the subpoenas were improperly directed, such individual's
identity is not to be found publicly in the register of the Florida Secretary of State nor,
apparently, is it known by the employees of TLO itself.  If the employee it designates as having
the responsibility of responding to public inquiries is incapable of providing this individual's
name, then there can be no question as to whether good faith efforts to serve this individual have
been attempted by the defense.  Finally, undersigned counsel has learned that TLO could not be
served as the process server was informed that Derek Dubner, an attorney no less, was
unavailable until June 3, 2013. *See id.*  Service will be attempted a second time on June 3, 2013.

subpoenas to this Court forthwith for purposes of the hearing on the Motion to Suppress.  Given their apparent unwillingness to answer the subpoenas in any fashion, it is requested that this Court issue a writ of attachment for William Wiltse, Derek Dubner, the agent for service of process for TLO, LLC, and any custodian of record, if such person exists, in order to bring them before this Court at the earliest possible time with the materials demanded in possession to insure these individuals demonstrate appropriate regard for the ongoing proceedings in this Court.

This Court is further respectfully asked to order service of its directive, if it elects to grant this Motion, by U.S. Marshals on all of the aforementioned individuals to insure there is no question as to notice of its command.  Given the length of time these individuals have been aware of the subpoenas and their apparent efforts to protract efforts to obtain the information requested in the same, this Court is respectfully asked to direct delivery of all of the materials requested in the subpoena not later than June 7, 2013.

Respectfully submitted,

MAUREEN FRANCO
Federal Public Defender

/s/

MICHAEL GORMAN
Assistant Federal Public Defender
Western District of Texas
Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of May, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

J. Brandy Gardes
Assistant U. S. Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901

Furthermore, copies of this Motion and exhibits have been sent on this date via facsimile, attention Derek Dubner, to the number specified on TLO, LLC's corporate Internet site, (561)998-8628.  A separate copy of these papers will be sent on June 3, 2013, via certified mail to

Derek Dubner, Esq.
TLO, LLC
4530 Conference Way South
Boca Raton, FL  33441


                                        /s/
                                        _____
                                        Michael Gorman
                                        Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA              )
                                      )
v.                                    )        Case No. EP-11-CR-2728-KC-1
                                      )
ANGEL OCASIO                          )

## ORDER

On this date came to be heard Defendant's Motion to Compel Production of Materials and Information Demanded by Subpoena.  After considering the same, the Motion is hereby GRANTED.

It is therefore ORDERED TLO, LLC and/or its designated agents shall produce not later than June 7, 2013 all materials and information specified in the subpoenas attached hereto and incorporated into this Order by reference.

It is ordered that, should TLO, LLC or its agents oppose this mandate, a response to Defendant's Motion be filed with this Court not later than June 5, 2013.

ORDERED and ENTERED on this the _____ day of May, 2013.

SO ORDERED.

_____
KATHLEEN CARDONE
UNITED STATE DISTRICT JUDGE

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ANGEL OCASIO | ) | Case No.  EP-11-CR-2728-KC |
| *Defendant* | ) | |
| | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   DUBNER, DEREK A., ESQ.
      c/o TLO, LLC
      4530 Conference Way South
      Boca Raton, FL 33431

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Federal Public Defender<br>700 E. San Antonio, Ste. D401<br>El Paso, TX 79901 | Courtroom No.:  Instanter |
|---|---|---|
| | | Date and Time: |

     You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please see attached requested information:

*(SEAL)*

Date:  5/1/13

                                        CLERK OF COURT
                                        WILLIAM G. PUTN~~
                                        *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Angel Ocasio_____, who requests this subpoena, are:

Michael Gorman, Assistant Federal Public Defender, 700 E. San Antonio, Ste. D-401, El Paso, TX 79901;
915-534-6525.



DEFENDANT'S
EXHIBIT

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.  EP-11-CR-2728-KC

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)*  DUBNER, DEREK A. ESQ., TLO, LLC

was received by me on *(date)*  5-3-13

☒ I served the subpoena by delivering a copy to the named person as follows:

VIA CERT MAIL - RRR - 7006 2150 0004 9100 9828

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00

I declare under penalty of perjury that this information is true.

Date:  5-14-13 _____

_____
*Server's signature*

Cynthia M. Hernandez  CP
*Printed name and title*

700 E. SAN ANTONIO  CP, TX 79901
*Server's address*

Additional information regarding atte...

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com

**OFFICIAL US**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To  DEREK DUBNER ESQ / TLO L...
Street, Apt. No.; or PO Box No.  4530 CONF. WAY SOUTH
City, State, ZIP+4  BOCA RATON FL 33431

7006 2150 0004 9100 9828

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
DUBNER, DEREK A. ESQ,
TLO, LLC
4530 CONFERENCE WAY SOUTH
BOCA RATON, FL 33431

**COMPLETE THIS SECTION ON DELIVERY**
A. Received by (Please Print Clearly)   B. Date of Delivery 5/?/13
C. Signature
X _____  ☐ Agent  ☐ Addressee
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
7006 2150 0004 9100 9828

PS Form 3811, July 1999      Domestic Return Receipt      102595-00-M-0...

*U.S. v. Angel Ocasio*
*EP-11-CR-2728-KC*

SUBPOENA ATTACHMENT A:

Please provide the following:

1.      The source and object code, to include all non-compilable programmer comments provided in the same, of the application known as Child Protection System, as that System was implemented and in effect on April 11, 2011.

2.      The source and object code of any application called by the Child Protection System when executing, to include any helper application. In the event any application called is non-proprietary and commercially available, identify the application and version called by the System in effect on April 11, 2011. If the application called is not commercially available, provide the complete source and object code, along with programmer comments, in effect on April 11, 2011.

3.      Complete revision history of the Child Protection System and corresponding changes implemented by individual System revisions.

4.      Project Management documentation utilized in the design and revision of Child Protection System, to include requirements management if utilized.

5.      Any documentation describing and addressing known bugs or failures in the Child Protection System, along with corrective measures taken and dates such measures were implemented, if applicable.

6.      FAQs, if provided to law enforcement officers or agents utilizing the System.

Please provide the above by attachment instanter to e-mail address: michael_gorman@fd.org, or by mail in a generally accepted digital format to Michael Gorman, Assistant Federal Public Defender, 700 E. San Antonio, Ste. D401, El Paso, TX 79901.

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

Western District of Texas

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| ANGEL OCASIO | ) | Case No.  EP-11-CR-2728-KC |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To:   DUBNER, DEREK A., ESQ.
      c/o TLO, LLC
      4530 Conference Way South
      Boca Raton, FL 33431

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Federal Public Defender 700 E. San Antonio, Ste. D401 El Paso, TX 79901 | Courtroom No.:  Instanter |
|---|---|---|
| | | Date and Time: |

     You must also bring with you the following documents, electronically stored information, or objects _(blank if not applicable)_:

Please see attached requested information:

_(SEAL)_

Date:  6/1/13

                                                        CLERK OF COURT
                                                        WILLIAM G. PUTNAM

                                                        _Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_
Angel Ocasio _____, who requests this subpoena, are:

Michael Gorman, Assistant Federal Public Defender, 700 E. San Antonio, Ste. D-401, El Paso, TX 79901;
915-534-6525.



DEFENDANT'S
EXHIBIT
B

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.   EP-11-CR-2728-KC

## PROOF OF SERVICE

This subpoena for (name of individual and title, if any) DUBNER, DEREK A. ESQ. ; TLO, LLC

was received by me on (date) 5-3-13 .

☒ I served the subpoena by delivering a copy to the named person as follows:

VIA CERT MAIL - RRR - 7006 2150 0004 9100 9828

on (date) _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 5-14-13

_____
Server's signature

Cynthia M. Hernandez  CP
Printed name and title

700 E. SAN ANTONIO  CP, TX  79901
Server's address

Additional information regarding atte...

### U.S. Postal Service™
### CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Prov...

For delivery information visit our website at www.usps.co...

## OFFICIAL US

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
DEREK DUBNER ESQ / TLO
Street, Apt. No.;
or PO Box No.  4530 CONF. WAY SOUTH
City, State, ZIP+4
BOCA RATON) FL  33431

7006 2150 0004 9100 9828

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

DUBNER, DEREK A., ESQ.
TLO, LLC
4530 CONFERENCE WAY SOUTH
BOCA RATON, FL   33431

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Deliv
5/7/13

C. Signature
X _____  ☐ Agent  ☐ Addres

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered      ☒ Return Receipt for Merchan
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
7006 2150 0004 9100 9828

PS Form 3811, July 1999      Domestic Return Receipt      102595-00-M-0

*U.S. v. Angel Ocasio*
*EP-11-CR-2728-KC*

SUBPOENA ATTACHMENT A:

Please provide the following:

1.      The source and object code, to include all non-compilable programmer comments provided in the same, of the application known as Child Protection System, as that System was implemented and in effect on April 11, 2011.

2.      The source and object code of any application called by the Child Protection System when executing, to include any helper application. In the event any application called is non-proprietary and commercially available, identify the application and version called by the System in effect on April 11, 2011. If the application called is not commercially available, provide the complete source and object code, along with programmer comments, in effect on April 11, 2011.

3.      Complete revision history of the Child Protection System and corresponding changes implemented by individual System revisions.

4.      Project Management documentation utilized in the design and revision of Child Protection System, to include requirements management if utilized.

5.      Any documentation describing and addressing known bugs or failures in the Child Protection System, along with corrective measures taken and dates such measures were implemented, if applicable.

6.      FAQs, if provided to law enforcement officers or agents utilizing the System.

Please provide the above by attachment instanter to e-mail address: michael_gorman@fd.org, or by mail in a generally accepted digital format to Michael Gorman, Assistant Federal Public Defender, 700 E. San Antonio, Ste. D401, El Paso, TX 79901.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | EP-11-CR-2728-KC |
| | § | |
| ANGEL OCASIO. | § | |

## ORDER

On this day the Court considered the government's Motion to Quash Subpoenas Issued Pursuant to FRCrP 17 ("Motion"), ECF No. 137. For the reasons set forth below, the Motion is **DENIED**.

### I.    BACKGROUND

On May 3, 2013, Angel Ocasio served two subpoenas duces tecum on agents of TLO, LLC. Resp. to Government's Mot. to Quash Subpoenas Issued Pursuant to FRCcP 17 ("Response") 1, ECF No. 138. These subpoenas, issued pursuant to Federal Rule of Criminal Procedure 17, demand that TLO's agents produce the computer source code and documentation relating to a piece of software identified as the Child Protection System or CPS. Mot. Ex. 1 (subpoena of William Wiltse), at 2; Mot. Ex. 2 (subpoena of Derek Dubner), at 2. On May 21, 2013, the government learned that these two subpoenas had been served. Government's Unopposed Mot. to Enlarge Time in which to Respond 1, ECF No. 133. Then, on May 23, 2013, the government filed its Motion to quash these subpoenas on both procedural and substantive grounds. *See* Mot. 2-11. Mr. Ocasio filed his Response to the Motion on May 25, 2013.

### II.    DISCUSSION

In its Motion, the government moves to quash the subpoenas pursuant to Rule 17. *See* Mot. 1-10. The government makes three broad arguments as to why the Motion should be

1


DEFENDANT'S
EXHIBIT
C

granted and the subpoenas quashed. *See id.* at 2-10.  First, the government argues that Mr.

Ocasio's subpoenas are beyond the scope of Rule 17.  *Id.* at 2-7.  Second, the government argues

that the information sought is protected by the law enforcement privilege.  *Id.* at 9-10.  Third, the

government argues that copyright and trade secret laws and procedural defects with the

subpoenas require that they be quashed.  *Id.* at 7-10.

### A.    Rule 17

Federal Rule of Criminal Procedure 17(c)(1) governs motions for subpoenas duces tecum

and states that:

> A subpoena may order the witness to produce any books, papers, documents, data,
> or other objects the subpoena designates. The court may direct the witness to
> produce the designated items in court before trial or before they are to be offered
> in evidence. When the items arrive, the court may permit the parties and their
> attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

Further, Federal Rule of Criminal Procedure 17(c)(2) states that "[o]n motion made promptly,

the court may quash or modify the subpoena if compliance would be unreasonable or

oppressive."  Fed. R. Crim. P. 17(c)(2).

### B.    Rule 17 Standing

In his Response, Mr. Ocasio argues that the government does not have standing under

Rule 17(c)(2) to quash the subpoenas issued to TLO's employees.  Resp. 3.  Essentially, Mr.

Ocasio contends that the government does not have standing to challenge a subpoena duces

tecum that has been issued to a third party, such as TLO.  *See id.*  The government is silent on the

issue of standing, except for noting that the subpoenas should be quashed because of the law

enforcement privilege.  *See* Mot. 9-10.  Specifically, the government states that "[d]isclosure of

the records and data requested in Defendant's subpoena would significantly degrade the

usefulness of CPS as a worldwide investigative tool, as well as compromising numerous ongoing criminal investigations." *Id.* at 9.

The government may challenge a subpoena duces tecum issued to a third party if the government has a legitimate interest related to the materials sought. *See United States v. Williams*, CR 07-35, 2007 WL 2287819, at *1 (E.D. La. Aug. 8, 2007) ("Little is revealed by the Fifth Circuit regarding the specific question of whether the Government can challenge a subpoena duces tecum that has been issued to a non-party. Generally, '[a] party only has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests.'") (quoting *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982)); *United States v. McClure*, CRIM.A. 10-028, 2010 WL 3523030, at *3 (E.D. La. Sept. 1, 2010) ("'[A] Party has standing to move to quash subpoena addressed to another if subpoena infringes on [the] movant's legitimate interest.'") (quoting *Raineri*, 670 F.2d at 712); *United States v. Giampa*, S 92 Cr. 437 (PKL), 1992 WL 296440, at *1 (S.D.N.Y. Oct. 7, 1992) (surveying case law on the government's standing to challenge a subpoena on behalf of a third party); *United States v. Nachamie*, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000); *United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997). The government has a legitimate interest in "preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on the witness's credibility." *Williams*, 2007 WL 2287819, at *2 (citing *Giampa*, 1992 WL 296440); *McClure*, 2010 WL 3523030, at *3. Additionally, a government interest may arise when the government possesses a law enforcement privilege in the materials sought. *See Williams*, 2007 WL 2287819, at *2; *McClure*, 2010 WL 3523030, at *3.

"[T]he purpose of the [law enforcement] privilege in the Fifth Circuit is to protect from release documents relating to an ongoing criminal investigation." *In re U.S. Dep't of Homeland*

*Sec.*, 459 F.3d 565, 569 n.2 (5th Cir. 2006).  The privilege "prevents the 'disclosure of law

enforcement techniques and procedures, [preserves] the confidentiality of sources, [protects]

witnesses and law enforcement personnel, [safeguards] the privacy of individuals involved in an

investigation, and otherwise [prevents] interference with an investigation.'"  *Id.* at 569 n.1

(alterations in original) (citing *In re Dep't of Investigation*, 856 F.2d 481, 483-84 (2d Cir. 1988)).

The government bears the burden of establishing the applicability of the privilege.  *S.E.C. v.*

*Cuban*, 3:08-CV-2050-D, 2013 WL 1091233, at *8 (N.D. Tex. Mar. 15, 2013) (citing *United*

*States v. Rodriguez*, 948 F.2d 914, 916 (5th Cir. 1991)).  When determining whether this

privilege has been established, a court examines the following ten *Frankenhauser* factors in a

flexible manner:

> (1) the extent to which disclosure will thwart governmental processes by
> discouraging citizens from giving the government information; (2) the impact
> upon persons who have given information of having their identities disclosed; (3)
> the degree to which governmental self-evaluation and consequent program
> improvement will be chilled by disclosure; (4) whether the information sought is
> factual data or evaluative summary; (5) whether the party seeking discovery is an
> actual or potential defendant in any criminal proceeding either pending or
> reasonably likely to follow from the incident in question; (6) whether the police
> investigation has been completed; (7) whether any interdepartmental disciplinary
> proceedings have arisen or may arise from the investigation; (8) whether the
> plaintiff's suit is non-frivolous and brought in good faith; (9) whether the
> information sought is available through other discovery or from other sources;
> (10) the importance of the information sought to the plaintiff's case.

*Dep't of Homeland Sec.*, 459 F.3d at 570 (citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344
(E.D. Pa. 1973)).

However, the law enforcement privilege is limited to the extent that it applies only to

*government* documents.  *Id*. ("Our case law has acknowledged the existence of a law

enforcement privilege beyond that allowed for identities of confidential informants.  Moreover,

in today's times the compelled production of *government* documents could impact highly

sensitive matters relating to national security.") (emphasis added); *U.S. ex rel. Becker v. Tools &*

*Metals, Inc.*, 3:05-CV-627-L, 2011 WL 856928, at *3 (N.D. Tex. Mar. 11, 2011) ("The Fifth

Circuit has made no statement that suggests that this privilege was intended to protect

*government* files for any purpose other than insofar as they relate to an ongoing and criminal

investigation.") (emphasis added); *Cuban*, 2013 WL 1091233, at *8 ("The law enforcement

privilege protect[s] *government* documents relating to an ongoing criminal investigation.")

(internal quotation marks omitted) (emphasis added); *PIC Grp., Inc. v. LandCoast Insulation,*

*Inc.*, 1:09CV662-KS-MTP, 2010 WL 1529358, at *1 n.1 (S.D. Miss. Apr. 14, 2010).

As noted above, in this case, the only legitimate interest that the government advances is

the law enforcement privilege. *See* Mot. 9-10.  But the privilege is inapplicable in this case

because the CPS source code and documentation that Mr. Ocasio seeks are not government

documents. *See Dep't of Homeland Sec.*, 459 F.3d at 569.  The government has repeatedly

argued that "the material which  defendant seeks primarily is under the custody and control of a

third party-TLO, LLC, a private entity based in Florida" and that the government does not have

"possession, custody or control" of the source code or documentation. *See, e.g.*, Government's

Resp. to Def.'s Mot. to Compel Produc. of Materials Pertaining to Peer-to-Peer Investigative

Software ("Response to Motion to Compel") 4, ECF No. 118.  Given this consistent line of

argument, the Court has a difficult time characterizing the CPS source code and documentation

as government documents. *Griffith v. Hughes*, 07-9738, 2009 WL 2355769, at *1 (E.D. La. July

29, 2009) ("The Fifth Circuit has acknowledged the existence of a law enforcement privilege in

documents *generated* by law enforcement agencies.") (emphasis added).  In short, the items that

Mr. Ocasio seeks are not government documents, and therefore are not covered by the law

enforcement privilege. *See Dep't of Homeland Sec.*, 459 F.3d at 569.

But even if the CPS source code and documentation were government documents, the ten *Frankenhauser* factors dictate that law enforcement privilege is not applicable in this case. Because TLO is in possession of the CPS software and documentation, a number of the *Frankenhauser* factors are not applicable. *See Eckstein Marine Serv., Inc. v. M/V BASIN PRIDE, Basin Offshore, Inc.*, 168 F.R.D. 38, 39 (W.D. La. 1996) (also finding a number of the *Frankenhauser* factors to be inapplicable when applied to records in the possession of a private third party). Here, the first, second, fourth, sixth, and seventh factors—that is, discouraging citizens from providing information, disclosure of identity, the factual or evaluative nature of the information, the status of a police investigation, and interdepartmental disciplinary proceedings—do not appear relevant. *See D'Antoni v. Roach*, CIV.A. 97-1799, 1997 WL 627601, at *2 (E.D. La. Oct. 10, 1997) (finding the first and second factors inapplicable when there was no risk that the confidential information of citizens or police officers would be disclosed); *Chastant v. Prudential Ins. Co. of Am.*, 11-CV-626, 2011 WL 4007863, at *6 (W.D. La. Sept. 8, 2011) (also finding the seventh factor inapplicable). Moreover, the fourth factor— whether information is factual or an evaluative summary—is not applicable because the CPS software and documentation is neither factual data nor an evaluative summary.

Only one *Frankenhauser* factor, the third, possibly suggests that the law enforcement privilege is appropriate. As to the third factor—that is, the effect on program improvement—the government has only made a cursory argument that discovery in this case would "degrade" the usefulness of CPS and compromise ongoing investigations. *See* Mot. 9. The government merely asserts this conclusion without explaining how or why this result would occur. *See id.* at 9-10. In fact, it does not seem to the Court that this result is unavoidable. But even if this argument were further developed, it would not be persuasive. In the informative case of *In re Sealing &*

*Non-Disclosure of Pen/Trap/2703(d) Orders*, a United States Magistrate Judge concluded that the law enforcement privilege did not permit the indefinite sealing of pen register requests. 562 F. Supp. 2d 876, 878 (S.D. Tex. 2008). In that case, the government argued "the exact nature of the United States 'pen register' device and its configuration is classified as a law enforcement sensitive investigative technique, the disclosure of which would likely jeopardize other on-going investigations, and/or future use of the technique." *Id.* The judge rejected the argument that "disclosure of this 'sensitive' investigative technique would somehow jeopardize other investigations" because "the Government would be free to cloak in secrecy *any* investigative technique, from the most mundane search warrant to the most sophisticated electronic surveillance, thereby avoiding the disinfecting rays of public scrutiny." *Id.* This concern is only amplified in this case because the government itself has admitted that it does not know how the CPS software functions in response to Mr. Ocasio's concerns of the constitutional infirmity of the software. *See* Resp. to Mot. to Compel 4.

In juxtaposition, the fifth, eighth, ninth, and tenth *Frankenhauser* factors—that is, whether the party seeking discovery is a defendant, whether the suit is brought in good faith, whether the information sought is available through other means, and the importance of the information sought to the case—strongly suggest that the law enforcement privilege is not appropriate. Specifically, as the Court has stated before, Mr. Ocasio, a criminal defendant, is requesting in good faith materials that are important and relevant to his Motion to Suppress. In his Motion to Suppress, Mr. Ocasio alleges that the government use of the CPS software violated the Fourth Amendment of the United States Constitution. *See* Def.'s Mot. to Suppress and Supporting Mem. ("Motion to Suppress") 9-10, ECF No. 85. The Court previously determined, in the April 4, 2013, hearing, that the source code is relevant to determining whether the

government's use of the CPS software constitutes a violation of the Fourth Amendment. *See also* March 26, 2013, Order 2, ECF No. 112 ("Having reviewed the Motion to Suppress, the Response, and the Reply, the Court discerns two primary issues to be resolved at the April 4, 2013, hearing: first, did the government's use of the CPS software constitute a violation of the Fourth Amendment, and second, can Mr. Ocasio demonstrate that the affidavit used to support the search warrant is deficient under the standard as set out in *Franks v. Delaware*, 438 U.S. 154, and its progeny."); April 26, 2013, Order 5, ECF No. 122 (finding that other similar information sought by Mr. Ocasio to be relevant). Moreover, considering that this Court has ruled that the CPS source code and documentation are not discoverable under Rule 16, the Court does not believe that the information is available from any other source.[1] *See* April 26, 2013, Order 6; *see also Chastant*, 2011 WL 4007863, at *6 (also finding the eighth, ninth, and tenth factors to favor discovery when "[t]here [was] no evidence of unreasonable delay, lack of purpose or any ulterior motive to protect the information" that the court found relevant).

On balance, the Court finds that the *Frankenhauser* factors favor discovery in this case. Accordingly, the Court finds that even if the CPS source code and documentation were government documents, the law enforcement privilege would not apply to them. *See Dep't of Homeland Sec.*, 459 F.3d at 570.

Because the government cannot assert the law enforcement privilege in this case and has asserted no other interest, it does not have a legitimate interest related to the materials that Mr. Ocasio seeks via his subpoenas. *See Williams*, 2007 WL 2287819, at *2; *McClure*, 2010 WL

---

[1] The Court notes that Mr. Ocasio filed a motion for reconsideration of this order. *See* Motion for Reconsideration of Order of April 26, 2013, ECF No. 126. The Court has taken this motion under advisement. *See* May 20, 2013, Order 2, ECF No. 132. The Court's April 26, 2013, Order that denied Mr. Ocasio's Rule 16 request and this current Order are premised on TLO's possession of the CPS source code and documentation and TLO's contractual relationship with the government. In the future, should these premises prove otherwise, the Court may revisit that in the motion for reconsideration.

3523030, at *3.  Accordingly, the government does not have standing to challenge the subpoenas.  *See Williams*, 2007 WL 2287819, at *1.

###   C.     Application of Rule 17

Although finding that the government does not have standing to object to the subpoenas, the Court proceeds to consider the propriety of the subpoenas out of an abundance of caution. However, even if the Court were to find that the government has standing, the Court would still deny the Motion because the substantive Rule 17 arguments that the government presents are not persuasive and Mr. Ocasio has demonstrated that he is entitled to the subpoenas.

The government makes three substantive arguments as to why the Motion should be granted and the subpoenas quashed.  *See* Mot. 2-10.  First, the government argues that Mr. Ocasio's request for CPS source code and documentation is beyond the scope of Rule 17.  *Id.* at 2-7.  Second, the government argues that the information sought is protected by the law enforcement privilege.  *Id.* at 9-10.  Third, the government argues that copyright and trade secret laws prevent disclosure of the CPS source code and documentation and that procedural defects with the subpoenas require that they be quashed.  *Id.* at 7-10.

####     i.     Scope of Rule 17

Relying upon *United States v. Nixon*, 418 U.S. 683, 699-700 (1974), the government states that Mr. Ocasio's request for information goes beyond the scope of Rule 17 and therefore must be denied.  *Id.* at 3.  The focus of the government's argument is that the source code and documentation sought are not relevant to Mr. Ocasio's pending Motion to Suppress.  *See* Mot. 5-7.  In his Response, Mr. Ocasio argues that the information sought is relevant because "[t]he operation of the CPS software is directly at issue with regard to the Motion to Suppress."  Resp. 7.

To overcome a motion to quash, the party seeking a Rule 17(c)(1) subpoena must show that the materials sought are relevant, that they are admissible, and that they are requested with adequate specificity. *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) (citing *Nixon*, 418 U.S. at 697-702). A Rule 17(c)(1) subpoena is not a discovery device nor does it provide a means of discovery beyond the discovery provided for in Rule 16. *Nixon*, 418 U.S. at 700; *Arditti*, 955 F.2d at 345 (*citing Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (U.S. 1951)). "The specificity and relevance elements require more than the title of a document and conjecture as to its contents." *Arditti*, 955 F.2d at 345. If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought, but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused. *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991). The subpoena must be sought in good faith and not as a "fishing expedition." *Arditti*, 955 F.2d at 347.

Applying this framework to this case, it is plain that the information sought is relevant, admissible, requested with adequate specificity, and sought in good faith. *See Nixon*, 418 U.S. at 699. First, as stated above and in numerous other orders, the CPS source code and documentation are relevant to resolving Mr. Ocasio's pending Motion to Suppress and determining whether or not the government's use of the CPS software constituted a Fourth Amendment violation. *See United States v. Cisneros*, 456 F. Supp. 2d 826, 865 (S.D. Tex. 2006) ("Rule 17 governs the issuance of subpoenas in criminal cases. The rule is not limited to subpoenas for trial."). Mr. Ocasio has presented evidence that suggests that the government, through its use of the CPS software, may have conducted an impermissible search of his computer hard drive and discovered hidden, partially downloaded, or deleted files that were not publically available. *See, e.g.*, Motion to Suppress, Ex. 2, at ¶ 24 ("After conducting the forensic

examination in Mr. Ocasio's case, none of the files identified by law enforcement's automated CPS software were found on [Mr.] Ocasio's computer during the undercover investigation."). The CPS source code and documentation are highly relevant, and perhaps the only way, to determine whether or not this allegation is true.

Second, there is little doubt that the CPS source code and documentation are admissible in this case. The source code and the documentation would be admissible under Federal Rules of Evidence 401 and 402 because they have a tendency, for reasons previously explained, to make it more or less probable that the government's use of the CPS software violated the Fourth Amendment. *See* Fed. R. Evid. 401-02.

Third, Mr. Ocasio's request for the CPS source code and documentation is specific. A request is specific when the "description contains sufficient details to identify the particular materials sought and demonstrates a request for evidence, and not an improper attempt to expand discovery." *United States v. Carriles*, 263 F.R.D. 400, 405 (W.D. Tex. 2009) (citing *Nixon*, 418 U.S. at 700). Here, Mr. Ocasio requests source code and documentation from TLO related to the CPS system using precise terms of art. *See, e.g.*, Mot. Ex. 1, at 2 (subpoena of William Wiltse seeking "source and object code"); Mot. Ex. 2, at 2 (subpoena of Derek Dubner seeking "revision history of the Child Protection System"). This request is similar to the precise request for similar materials that Mr. Ocasio made under Rule 16. *See* Motion to Compel Production of Materials Pertaining to Peer-to-Peer Investigative Software ("Motion to Compel") 1-2, ECF No. 117 (seeking similar materials under Rule 16). Given that TLO and its employees are the developer of this software system, the Court finds this this request for a discrete piece of software known to exist, maintained by TLO, and used in the investigation of Mr. Ocasio, is specific. *See* Mot. 1 n.1 (indicating that TLO is the developer of the CPS software).

Finally, Mr. Ocasio's request is made in good faith and is not a fishing expedition. Mr. Ocasio has diligently sought the CPS source code and documentation. *See* Motion to Compel 1-2 (seeking the same materials under Rule 16). There is no indication that Mr. Ocasio is motivated by anything but his belief that the government violated the Fourth Amendment when it used the CPS software.

Accordingly, because Mr. Ocasio has made a sufficient showing of relevancy, admissibility, and specificity, the Court finds that Mr. Ocasio's request for the CPS software and documentation is proper under Rule 17. *See Arditti*, 955 F.2d at 345.

### ii.        Law enforcement privilege

The government also argues that the CPS source code and documentation are not discoverable under Rule 17 because they are protected by the law enforcement privilege. *See* Mot. 9-10. For reasons articulated above, the Court is of the opinion that the law enforcement privilege is not applicable to the CPS software and documentation.

### iii.       Copyright protection, trade secret protection, and deficient service

Finally, in various parts of its Motion, the government argues that the subpoenas should be quashed because the information sought is protected by copyright law, protected by trade secret law, and because there are facial defects with the subpoenas. *See id.* at 7-10. It is TLO, not the government, who is alleged to have a copyright and trade secret interest in the source code and documentation. *See id.* at 1 n.1 (indicating that TLO owns and maintains the CPS software). And it is TLO's agents who were allegedly improperly served. *See id.* at 7-9 (indicating that TLO's agents were improperly served). Accordingly, the Court does not address these arguments because TLO is the proper party to raise these concerns.

In sum, the Court is not persuaded that even if the government had standing to object to subpoenas that quashing of the subpoenas is mandated by Rule 17.

**III.   CONCLUSION**

For the reasons stated above, the government's Motion, ECF No. 137, is **DENIED**.

**SO ORDERED.**

SIGNED this 28th day of May, 2013.


KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

THE STATE OF TEXAS      §

                                §          **AFFIDAVIT**

COUNTY OF EL PASO      §

       BEFORE ME, the undersigned authority, appeared Cynthia M. Hernandez, who, after being duly sworn, deposes and states as follows:

       "My name is Cynthia M. Hernandez. My date of birth is November 27, 1970. I am currently employed by the Federal Public Defender's Office in El Paso, Texas. My occupation is a Certified Paralegal.

       1. On May 29, 2013, a telephoned TLO, LLC, in order to identify its custodian of records. I spoke with Tanisha, who stated that she did not know the name of the Custodian of Records and could not direct me to someone who could help answer my question.

       2. Also on May 29, 2013, I sent a subpoena (via Federal Express) to Marlin Johnson, Investigator with the Federal Public Defender's Office in West Palm Beach, Florida.

       3. On May 30, 2013, I received a phone call from Investigator, Marlin Johnson. Mr. Johnson attempted to serve the subpoena on the Custodian of Records at TLO,LLC, 4530 Conference Way South, Boca Raton, Florida. However, the staff at this address indicated that Mr. Derek Dubner was not available to accept service and that he would not be available until Monday, June 3, 2013.

       4. I asked Mr. Johnson to please attempt to serve the subpoena again on Monday, June 3, 2013.



Cynthia M. Hernandez

       SUBSCRIBED AND SWORN TO BEFORE ME, a notary public, on this 30th day of May, 2013, personally appeared Cynthia M. Hernandez, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.

Notary Public in the State of Texas

> GLORIA R. MACIAS
> MY COMMISSION EXPIRES
> September 1, 2013



DEFENDANT'S
EXHIBIT