IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. EP-11-CR-2728-KC |
| | § | |
| ANGEL OCASIO | § | |

### MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**COMES NOW** Third-Party TLO, LLC (hereinafter "TLO"), by and through its undersigned counsel Christopher A. Antcliff, and files this, its Motion to Quash the subpoenas issued by Defendant Angel Ocasio ("Defendant") to William S. Wiltse ("Wiltse") and Derek A. Dubner, Esq. ("Dubner") and respectfully show the Court as follows:

### I. INTRODUCTION

The subpoenas issued by Defendant to Wiltse and Dubner seek voluminous records and data relating to a highly proprietary law enforcement computer application known as the Child Protection System ("CPS") owned by TLO. CPS is used by governments around the world to track and stop the spread of child pornography. The subpoenas should be quashed not only because they are facially invalid, but also because they were issued for the improper purpose of discovery. Further, even if properly obtained and served, as instanter subpoenas they are oppressive given the scope and breadth of the requests. Finally, the materials sought are protected under the law enforcement privilege and trade secrets laws.

## II. BACKGROUND

Defendant Angel Ocasio mailed instanter subpoenas duces tecum to Wiltse, an employee of TLO (*see* Subpoena, attached hereto as Exhibit 1) and to Dubner, counsel for TLO and registered agent for service of process (*see* Subpoena, attached hereto as Exhibit 2). These subpoenas seek various documents and technical information in TLO's possession relating to CPS. The subpoenas further require Wiltse and Dubner not to appear and/or testify in any court proceeding on any noticed date, but to send the documents directly to defense counsel.

The subpoenas seek broad categories of documents relating to CPS, including the source and object codes of the program. TLO vigorously protects its source code, and other aspects of CPS, as its value largely is derived from the fact that it is not widely accessible. If CPS were to become widely available, its efficacy in tracking users of child pornography would be greatly diminished. For example, if users became aware of how CPS operates, they could more easily detect when they are being investigated, making it harder for law enforcement officers to identify and track them. Additionally, providing access to anyone outside of law enforcement would compromise both present and ongoing criminal investigations around the world.

## III. ARGUMENT

1. THE SUBPOENA AND ITS SERVICE ARE INVALID

    Federal Rule of Criminal Procedure 17 provides in pertinent part:

    > (a) Content. A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and **command the witness to attend and testify at the time and place the subpoena specifies**. The clerk must issue a blank subpoena--signed and sealed--to the party requesting it, and that party must fill in the blanks before the subpoena is served.

...

   (c) Producing Documents and Objects.

      (1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the **designated items in court** before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

   (d) Service. A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

(emphasis added).

Taken in reverse order, the subpoenas were improperly served. Defense counsel mailed a copy of the subpoena to Wiltse and Dubner. Absent a witness's consent, such mailing constitutes improper service. *See* FED. R. CRIM. P. 17(d). However, this point is minor in comparison to other issues arising with the issuance and service of these two subpoenas.

First, the subpoenas are served upon persons unable to comply. TLO is the owner of CPS which is a highly proprietary law enforcement computer application protected under copyright law. *See* Affidavit of William Wiltse, attached hereto as Exhibit 3. While Mr. Wiltse is one of the developers of the software, he is only an employee of TLO and not an officer or director. He has no authority to legally produce the requested documents and information. Furthermore, Mr. Dubner, counsel for TLO and registered agent for service of process, was served as an individual as the

subpoena is directed to him and not TLO, LLC. Additionally, Mr. Dubner is not the custodian of records for TLO. As such, he does not have the legal authority to produce the requested documents.

Most importantly, Rule 17 requires that the subpoenas be issued in connection with a trial or other court hearing. In fact, the Rule 17 subpoenas as issued in this case, clearly state:

> YOU ARE COMMANDED to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

Nevertheless, the documents served by Defendant: (1) list no date or time for appearance at a court proceeding, but rather is listed as instanter; and (2) do not designate that the items be delivered to the court. Rather the items are to be directly delivered to defense counsel.

It is well settled that Rule 17 does not authorize the government or the defense to subpoena a witness and require him to report at some place other than where the trial is to be held. *United States v. Standard Oil Co.*, 316 F.2d 884, 897 (7th Cir. 1963); *United States v. Hedge*, 462 F.2d 220 (5th Cir. 1972). It also is improper to direct the documents be delivered directly to defense counsel. *See United States v. Jenkins*, 895 F.Supp. 1389, 1394 (D.Hawai'i 1995) (finding that the court erred in allowing subpoenaed documents to be turned over directly to the defense and not to the court).

Even if Defendant could overcome these procedural errors, the subpoenas still should be quashed as they are issued for an improper purpose.

### IV.  THE SUBPOENA SEEKS DISCOVERY MATERIAL, NOT TRIAL MATERIAL

Although Rule 17 permits a party to a criminal proceeding to require production of documents or things via a subpoena, it is not intended to provide an additional means of discovery. *United States v. Nixon,* 418 U.S. 683, 699-700 (1963); *See also Bowman Dairy Co. v. United States,* 341 U.S. 214, 220.  "[C]ourts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in FED. R. CRIM. P. 16." *United States v. Salvagno,* 267 F. Supp. 2d 249 (N.D.N.Y. 2003).  Thus, a party seeking documents pursuant to Rule 17 must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*Id., quoting United States v. Nixon,* 418 U.S. 683, 699-700 (1974).  The effect of these requirements is that the party seeking documents bears the burden of proving that the information sought is relevant, admissible, and specific.  *Id.*

Most importantly, a Rule 17 subpoena duces tecum may not be used to expand discovery in criminal cases.  "While a Rule 17(c) subpoena duces tecum is a legitimate device to obtain evidentiary material, it was never intended to be a broad discovery device going beyond that which is required either by Rule 16 of the Federal Rules of Criminal Procedure or by Brady." *United States v. Edwards,* 191 F.Supp.2d 88, 89 (D.C. 2002), *citing United States v. Hardy,* 224 F.3d 752 (8th Cir. 2000); *United States v. Vanegas,* 112 F.R.D.

235, 238 (D.N.J. 1986); *see United States v. Nixon*, 777 F.2d 958, 968-69 (5th Cir. 1985); *United States v. Marcello,* 423 F.2d 993, 1006 (5th Cir.), *cert. denied,* 398 U.S. 959 (1970). This is because a "Rule 17(c) subpoena reaches only evidentiary materials" -- not all discoverable materials. *United States v. Cuthbertson*, 651 F.2d 189, 195 (3rd Cir.) (*citing Bowman Dairy*, 71 S.Ct. at 679), *cert. denied*, 454 U.S. 1056 (1981). As such, a subpoena should be quashed where a party is attempting to improperly use it as a discovery tool.

As noted above, Federal Rule of Criminal Procedure 17 provides a means of obtaining admissible evidentiary material at trial. It is not intended as a basis to conduct broad searches for any possible information that may be of use to the defendant. *See Abdush-Shalcur,* 465 F.3d at 467; *United States v. King,* 164 F.R.D. 542, 546 (D. Kan. 1996) ("Rule 17 was not intended to provide the defendant a mechanism by which to troll the waters of the sea's otherwise undiscoverable material in the small hope that something beneficial might rise to the surface.") Indeed, the requests here resemble the type of discovery issued in civil cases, where discovery may be wide-ranging and searching, rather than discovery in a criminal case, which is limited to the specific materials permitted under Rule 16, plus what is required under the due process clause of the United States Constitution. *See United States v. Ramos,* 27 F.3d 65, 68 (3rd Cir. 1994) ("In contrast to the wide-ranging discovery permitted in civil cases, [Rule 16] delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases ...").

Subpoenas seeking broad categories of information or documents pursuant to Rule 17 are routinely quashed by federal courts, where no clear relevant or admissible

purpose is evident therein. *See, .e.g., United States v. Richardson,* 607 F.3d 357, 368 (4th Cir. 2010) (affirming quashing of defendant's subpoena upon finding that subpoena sought broad categories of documents from internet service provider in search of evidence supporting defense theory, and was therefore a fishing expedition); *United States v. Reed,* 726 F.2d 570, 577 (9th Cir. 1984) (affirming quashing of subpoena that requested broad categories of documents); *United States v. Daniels,* 95 F. Supp. 1160, 1169-70 (D. Kan. 2000) (refusing to issue subpoenas where requests were "extremely broad").

Courts have applied these standards to subpoenas duces tecum directed to third parties. *See United States v. Reyes*, 239 F.R.D. 591, 597 n. 1 (N.D. Cal. 2006). Here, Defendant cannot satisfy the requirements of Rule 17 with respect to the subpoenas he mailed to Wiltse and Dubner. Rather, Defendant is merely fishing for any possible support that might be beneficial to him. There cannot be, and is not a specific, discrete use at trial for all of the documents Defendant seeks from TLO, including training and instruction materials, testing and accreditation materials, and so forth. As such, the subpoenas should be quashed. *United States v. Dunn,* 2:09-CR-895 (D. Utah Oct. 20, 2011) [ECF Doc. 74] (quashing a similar subpoena served on TLO).

### V. THE SUBPOENAS SEEK MATERIALS THAT ARE PROTECTED UNDER THE LAW ENFORCEMENT PRIVILEGE AND TRADE SECRETS LAWS

As an advanced law enforcement application for tracking online predators, information relating to the functions and uses of CPS is guarded with the highest level of caution. Access to CPS is only made available to specifically trained law enforcement

officers who have received instruction in its uses. Those officers who receive the training are licensed to use CPS only in the performance of their law enforcement work. Providing access to anyone outside of law enforcement would compromise both present and ongoing criminal investigations around the world.

Disclosure of the records and data requested in Defendant's subpoena would significantly degrade the usefulness of CPS as a worldwide investigative tool, as well as compromising numerous ongoing criminal investigations. A person with access to CPS or a working copy thereof could conceivably use it to learn a number of cutting-edge methods currently being used to enforce federal anti-child pornography laws. Access to such information makes it easier for criminals to evade investigative efforts, especially because CPS users can actually see which persons are under criminal investigation at any given time. Disclosure of these tools would create an enormous breach in the security of this information, and would damage the enforcement framework that has been constructed to combat the spread of child pornography.

In order to prevent such damage, the law recognizes a law enforcement privilege, which protects the techniques and methods of law enforcement from public disclosure. The privilege, which protects law enforcement techniques and procedures, sources, law enforcement personnel, and the privacy of individuals involved in investigations, has been well-recognized throughout the nation. *See In re Dep't. of Investigation of City of New York*, 856 F.2d 481, 484 (2d Cir. 1988); *see also Hickey v. Columbus Consol. Gov't.*, No. 4:07-CV-96, 2008 WL 450561, *4 (Feb. 15, 2008) (discussing privilege); *United States v. Sam*, 2007 WL 2284602, *2 (D.S.D. Aug. 8, 2007) (quashing subpoena under law enforcement privilege). As disclosure of detailed information regarding the

CPS would degrade the effectiveness of global law enforcement efforts, the procedures and techniques requested by Defendant should not be disclosed.

Further, all of the material requested by the subpoenas is held strictly confidential by TLO, and dissemination of such information would reduce its value. Therefore, the requested information holds trade secret status, and TLO requests the Court protect it accordingly. *See* FED. R. CRIM. P. 17(c)(2) (providing that subpoena may be quashed if "compliance would be unreasonable or oppressive."); FED. R. CIV. P. 45(c)(3)(B)(i) (court may quash or modify subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information."). Accordingly, the subpoenas should be quashed.

## VI. CONCLUSION

For all of the reasons set forth above, the subpoenas issued by Defendant in this case are invalid, irrelevant, and overbroad, and seek privileged and protected information and material and TLO therefore requests that the Court quash the subpoenas.

Respectfully submitted,

Christopher A. Antcliff
Tx. Bar No. 00793269
221 N. Kansas, Ste. 1201
El Paso, Texas 79901
Tel: (915) 533-1221
Fax: (915) 533-1225

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of May, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this cause.

                                                                    Chris Antcliff

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| United States of America | ) |
|---|---|
| v. | ) |
| ANGEL OCASIO | )   Case No. EP-11-CR-2728-KC |
|  | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: DUBNER, DEREK A., ESQ.
c/o TLO, LLC
4530 Conference Way South
Boca Raton, FL 33431

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Federal Public Defender<br>700 E. San Antonio, Ste. D401<br>El Paso, TX 79901 | Courtroom No.: Instanter |
|---|---|---|
|  |  | Date and Time: |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please see attached requested information:

(SEAL)

Date: 5/1/13

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
Angel Ocasio _____, who requests this subpoena, are:

Michael Gorman, Assistant Federal Public Defender, 700 E. San Antonio, Ste. D-401, El Paso, TX 79901; 915-534-6525.


EXHIBIT 1

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No. EP-11-CR-2728-KC

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☒ I served the subpoena by delivering a copy to the named person as follows:
VIA CERT MAIL RRR
7006 2150 0004 9100 9828    on *(date)* 5-1-13    ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: 5-1-13

C.H
*Server's signature*

C. Hernandez
*Printed name and title*

700 E San Antonio, Ste D401, EP TX 79901
*Server's address*

Additional information regarding attempted service, etc:

*U.S. v. Angel Ocasio*
*EP-11-CR-2728-KC*

**SUBPOENA ATTACHMENT A:**

Please provide the following:

1.  The source and object code, to include all non-compilable programmer comments provided in the same, of the application known as Child Protection System, as that System was implemented and in effect on April 11, 2011.
2.  The source and object code of any application called by the Child Protection System when executing, to include any helper application. In the event any application called is non-proprietary and commercially available, identify the application and version called by the System in effect on April 11, 2011. If the application called is not commercially available, provide the complete source and object code, along with programmer comments, in effect on April 11, 2011.
3.  Complete revision history of the Child Protection System and corresponding changes implemented by individual System revisions.
4.  Project Management documentation utilized in the design and revision of Child Protection System, to include requirements management if utilized.
5.  Any documentation describing and addressing known bugs or failures in the Child Protection System, along with corrective measures taken and dates such measures were implemented, if applicable.
6.  FAQs, if provided to law enforcement officers or agents utilizing the System.

Please provide the above by attachment instanter to e-mail address: michael_gorman@fd.org, or by mail in a generally accepted digital format to Michael Gorman, Assistant Federal Public Defender, 700 E. San Antonio, Ste. D401, El Paso, TX 79901.

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ANGEL OCASIO | ) | Case No. EP-11-CR-2728-KC |
| | ) | |
| Defendant | ) | |

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: William S. Wiltse
4530 Conference Way South
Boca Raton, FL 33431

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | Federal Public Defender | Courtroom No.: | Instanter |
|---|---|---|---|
| | 700 E. San Antonio, Ste. D401 | Date and Time: | |
| | El Paso, TX 79901 | | |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please see attached requested information:

(SEAL)

Date: 5/1/13

CLERK OF COURT
WILLIAM G. PUTNICKI

Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Angel Ocasio , who requests this subpoena, are:

Michael Gorman, Assistant Federal Public Defender, 700 E. San Antonio, Ste. D-401, El Paso, TX 79901; 915-534-6525.

EXHIBIT 2

*U.S. v. Angel Ocasio*
*EP-11-CR-2728-KC*

**SUBPOENA ATTACHMENT A:**

Please provide the following:

1. The source and object code, to include all non-compilable programmer comments provided in the same, of the application known as Child Protection System, as that System was implemented and in effect on April 11, 2011.
2. The source and object code of any application called by the Child Protection System when executing, to include any helper application. In the event any application called is non-proprietary and commercially available, identify the application and version called by the System in effect on April 11, 2011. If the application called is not commercially available, provide the complete source and object code, along with programmer comments, in effect on April 11, 2011.
3. Complete revision history of the Child Protection System and corresponding changes implemented by individual System revisions.
4. Project Management documentation utilized in the design and revision of Child Protection System, to include requirements management if utilized.
5. Any documentation describing and addressing known bugs or failures in the Child Protection System, along with corrective measures taken and dates such measures were implemented, if applicable.
6. FAQs, if provided to law enforcement officers or agents utilizing the System.

Please provide the above by attachment instanter to e-mail address: michael_gorman@fd.org, or by mail in a generally accepted digital format to Michael Gorman, Assistant Federal Public Defender, 700 E. San Antonio, Ste. D401, El Paso, TX 79901.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Cause No. EP-11-CR-2728-KC |
| § | |
| ANGEL OCASIO § | |

## AFFIDAVIT OF WILLIAM S. WILTSE

Before me, the undersigned authority, personally appeared WILLIAM S. WILTSE, who, being by me duly sworn, deposed as follows:

"My name is WILLIAM S. WILTSE, I am over the age of 21 years, of sound mind, capable of making this affidavit, and have personal knowledge of the facts herein stated:

"1.     I currently reside in Palm Beach County, Florida.

"2.     I am a former police detective for the City of Salem, Oregon. I worked as a police officer in the State of Oregon for the past 18 years, during which time I conducted criminal investigations into the sexual abuse and exploitation of children.

"3.     I am currently employed by TLO, LLC, as its Security Director over Law Enforcement Systems. I am neither an officer nor a director of TLO, LLC.

"4.     TLO is a private company located in Boca Raton, Florida, that provides software and databases for the law enforcement community and other private investigators.

"5.     TLO also manages the licensing for, and access to, the CPS, which is an application developed by TLO to allow law enforcement officers around the world to track the use and distribution of child pornography online.

EXHIBIT
3

"6. CPS is an advanced law enforcement method for identifying images of child pornography across this network, and tracking users who offer them for downloading on the network. The toolkit allows an investigator to search for such files in a given jurisdiction, and to mark such files to alert other investigators that a given computer is under investigation. This function allows enforcement officers to coordinate their efforts and prevents duplication of effort (where otherwise multiple investigators might pursue the same user).

"7. Because it is an advanced application for tracking online predators, information relating to the functions and uses of the CPS is guarded with the highest level of caution. Providing access to anyone outside of law enforcement would compromise both present and ongoing criminal investigations around the world.

"8. CPS is only made available to specifically trained law enforcement officers who have received intensive instruction in its uses. Those officers who receive the license are permitted to use CPS only in performance of their law enforcement work.

"9. CPS is a proprietary computer application protected under copyright law.

"10. Investigators do not receive the source code for CPS as part of their training, but only the application itself. One cannot access the source code simply by using the application.

"11. TLO vigorously protects the source code of CPS, as its value is largely derived from the fact that it is not widely accessible by the public. If CPS were to become widely available, its efficacy in tracking users of child pornography would be greatly diminished. For example, if users became aware of how CPS operates, they could more easily detect when they are being investigated, making it harder for law enforcement

officers to identify and track them.

>I declare under criminal penalty of perjury that the foregoing is true and correct.

FURTHER SAYETH AFFIANT NOT.

DATED this 30th day of May, 2013.

_____
WILLIAM S. WILTSE