IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| )                            | |
| v.                         ) | Case No. EP-11-CR-2728-KC-1 |
| )                            | |
| ANGEL OCASIO               ) | |

**RESPONSE TO TLO, LLC'S MOTION TO QUASH SUBPOENAS ISSUED PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 17**

Defendant ANGEL OCASIO ("Mr. Ocasio"), by his attorney, respectfully submits this Response to TLO, LLC'S Motion to Quash Subpoenas Issued Pursuant to Federal Rule of Criminal Procedure 17 (Doc. No. 141: hereinafter "Motion"), and would respectfully show the following:

The Motion filed by TLO, LLC[1] largely restates the arguments set forth in the Motion to Quash (Doc. No. 137) filed by the Government.  As such, for purposes of brevity Mr. Ocasio incorporates by reference the arguments set forth in the Response filed thereto (Doc. No. 138). Mr. Ocasio further incorporates by reference this Court's rulings as to the relevancy, admissibility and purpose for which this information is sought.   Order at 10 (Doc. No. 139)("it is plain that the information sought is relevant, admissible, requested with adequate specificity, and sought in good faith").

The only apparent differences between the Government's Motion to Quash and the present Motion appear to be (1) TLO has standing to file its Motion and (2) the Motion includes

---

[1] While the Motion's certificate of service indicates CM/ECF was utilized, the present Motion bears a file stamp from the Clerk, implying manual rather than electronic filing.  The Motion does not appear to be accompanied by a notice of appearance.  As the name of counsel for TLO, Christopher Antcliff, does not presently appear on the docket for this case, it is unclear whether Mr. Antcliff is presently receiving the orders of this Court through CM/ECF, specifically this Court's most recent Order directing a response from TLO by June 3, 2013 (Doc. No. 141).

an additional affidavit of William Wiltse drafted in support of the Motion.[2] However, in contrast to the state of affairs described in the Response to the Government's Motion, and as discussed in the Motion to Compel filed on May 30, 2013, the procedural issues argued by TLO in the present Motion have been resolved through a subpoena directed to its custodian of records, with delivery attempted through personal service, and demanding delivery to this Court, instanter,[3] rather than directly to counsel.[4] As such, any claim of procedural defect advanced by TLO is rendered moot by these corrective actions.

Ultimately, TLO argues that the request for production is unreasonable and oppressive. "The moving party has the burden of proof to demonstrate that compliance with the subpoena

---

[2]Significantly, notwithstanding proceedings on the Government's Motion to Quash, TLO offers no explanation as to why it simply ignored these subpoenas for approximately 4 weeks and only now appears in this Court to lodge its objections to the same. As its Motion is in no way "made promptly" as required by Federal Rule of Criminal Procedure 17(c)(2), this Court may deny the same without substantial effort.

[3]Delivery to this Court is 'forthwith' is appropriate as TLO has had 4 weeks to prepare the materials requested for delivery to this Court. It is further worth noting that there is no factual basis from which to infer that immediate delivery would be unreasonable.

[4]As indicated in the affidavit of Cynthia Hernandez attached as Exhibit D to the Motion to Compel (Doc. No. 139), on May 29, 2013, personal service on the custodian of records for TLO was attempted through Derek Dubner, the designated agent for service of process. Representatives of TLO, now well aware of the ongoing issues, informed the process server that Dubner would be unavailable until June 3, 2013. Given the prior notice of the demand for production through the subpoenas received on May 3, 2013, and Mr. Dubner's status as attorney and counsel for TLO, any claim of technical defects in service of a subpoena is without merit. As noted in the Government's Motion to Quash, TLO was well aware of this Court's Order inviting the filing of a Motion to Quash. Mr. Dubner is certainly capable of permitting another in his organization to accept service on his behalf. At this point, his failure to do so should not inure to his benefit in any way. In any event, absent Mr. Dubner making himself unavailable for service of process despite his representation to the process server, the subpoena will be in the hands of the proper TLO representative and in the proper form on June 3, 2013, and prior to this Court's ruling on pending matters.

would be 'unreasonable and oppressive.'" *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *see also United States v. R. Enters.*, 498 U.S. 292, 306 (1991)(Stevens, J. concurring)(applying general rule in criminal case that burden of proof lies on party asserting affirmative of proposition ). This burden is not trivial. *See In re Grand Jury Proceedings*, 914 F.2d 1372, 1374 (9th Cir. 1990(party bears "heavy burden" when he seeks to quash subpoenas); *In re Grand Jury Investigation*, 610 F.2d 202, 219 (5th Cir. 1980)(similarly describing burden as 'heavy'); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo.1997) ("[a]bsent a *specific showing* of a privilege or privacy, a court cannot quash a subpoena duces tecum" (emphasis added)).

Armed with this new affidavit of William Wiltse, TLO adds nothing to the Government's discussion as to how the request qualifies as either unreasonable or oppressive. As discussed in the Motion, it would appear that TLO characterizes the request as oppressive by virtue of its conclusory argument that the information sought would be 'voluminous.' Mot. at 1. This characterization is somewhat curious given the fact that Wiltse, in his affidavit, which represents the only factual basis for this Motion, offers no detail specific to this claimed onerous production. In fact, to date no evidence has been offered to quantify the magnitude of TLO's compliance with the demand for production. The absence of details in multiple Motions and two different affidavits from the developer of CPS, William Wiltse, suggest an absence of factual basis for this claim. In the end, TLO has now had ample opportunity to present evidence, but nonetheless offers only opinions in support of its contentions.[5]

---

[5]TLO's cited authority directed to "fishing expeditions" is inapposite to the present case. *See* Mot. at 6-7. *United States v. Richardson*, 607 F.3d 357, 368 (4th Cir. 2010)(involving a subpoena that " sought the production of essentially any document that would support his theory

With regard to the various privileges claimed, TLO offers no greater support for those claims than did the Government in its Motion to Quash. In lieu of an arguable factual basis that might permit an intelligent assessment of privileges, Wiltse declares that CPS represents an 'advanced' application. Wiltse Aff. ¶¶ 6 & 7. Wiltse further declares that the value of CPS is "it is not widely accessible by the 'public." *Id.* ¶ 11. TLO, in turn, argues this technology is "cutting edge," Mot. at 8, which is somewhat curious given the fact that all available information on CPS presented in this case would appear to suggest that CPS represents no more than modified versions of publicly available software. Ultimately, none of these concerns would preclude production as this Court need only impose the standard non-disclosure protective order routinely employed in trade secret cases. Regardless of the privilege asserted, a protective order imposes sufficient safeguards to protect TLO's concerns, and no fact or argument presented by TLO suggests otherwise.

---

that AOL was in an agency relationship with the Government"); *United States v. Reed*, 726 F.2d 570, 576-77 (9th Cir. 1984) (involving subpoena that sought all investigative documents of arson in same general period as defendant's arson offense that was quashed after judge reviewed other investigative documents *en camera*). In this case, CPS has been directly placed at issue by the Motion to Suppress, and no alternative to the information sought has been offered or identified. The request does not involve a general inquiry into issues at best tangentially related to the case.

Accordingly, Defendant respectfully requests that this Court deny TLO, LLC's Motion.

    Very truly yours,

    MAUREEN FRANCO
    Federal Public Defender

    /s/

    MICHAEL GORMAN
    Assistant Federal Public Defender
    Western District of Texas
    Federal Building
    700 E. San Antonio, D-401
    El Paso, Texas 79901
    (915) 534-6525

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

Christopher Allen Antcliff
Law Office of Chris Antcliff
221 N. Kansas, Ste. 1201
El Paso, TX 79901
(915) 533-1221
Fax: 915/533-1225
Email: antcliff@aol.com

J. Brandy Gardes
Assistant U. S. Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901

As it remains unclear whether Mr. Antcliff is presently receiving documents through CM/ECF, this Response has been alternatively served utilizing his e-mail address.

/s/
_____
Michael Gorman
Attorney for Defendant