IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | Cause No. EP-11-CR-2728-KC |
| § | |
| ANGEL OCASIO § | |

**SUPPLEMENT TO TLO, LLC's MOTION TO QUASH SUBPOENAS**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**COMES NOW** Third-Party TLO, LLC (hereinafter "TLO"), by and through its undersigned counsel Christopher A. Antcliff, and files this, its Supplement to TLO, LLC's Motion to Quash Subpoenas, and respectfully shows the Court as follows:

Preliminarily, third-party TLO incorporates by this reference as if fully set forth herein, CM/ECF document number 141, TLO, LLC's Motion to Quash Subpoenas Issued Pursuant to Federal Rule of Criminal Procedure 17.

Next, as noted in TLO's Motion for Extension of Time, the undersigned was retained by TLO late in the afternoon of May 29, 2013. That evening, the undersigned reviewed the documents filed by counsel for the Government and Counsel for Defendant relative to the subpoenas that had been issued in the case. Because of the undersigned's schedule, TLO was unable to respond to the Subpoenas until Thursday, May 30, 2013 at 4:31 p.m. (less than 24 hours after the undersigned was retained) at which time the undersigned hand-filed third-party TLO's Motion to Quash Subpoenas Issued Pursuant to Federal Rule of Criminal Procedure 17. Shortly thereafter, according to the Office of the District Clerk, at approximately 5:20 p.m. Defendant filed his Motion to Compel

1

Production of Materials and Information Demanded by Subpoena.[1]

Because of the pending timelines in existence when the undersigned was retained to represent TLO and in light of the immediate necessity of protecting TLO's interests by filing a Motion to Quash Subpoenas as soon as possible, the undersigned was unable to procure all of the necessary affidavits in support of the factual assertions contained in TLO's Motion.  This Supplement is an attempt to cure those defects.

Attached hereto as Exhibit A is an affidavit from Derek A. Dubner describing the maintenance and costs of development of the Child Protection System (CPS) expended by TLO.  Mr. Dubner also testifies as to TLO's attempts to protect CPS's source and object code and the fact that the CPS software tools are copyrighted and their source code has never been released.  In his affidavit, Mr. Dubner also indicates that the CPS technology is currently in use by law enforcement entities in more than 43 countries around the world as well as all 50 states in the United States.  Finally, Mr. Dubner testifies as to the potential effects the release of such information would have on CPS's viability as a law enforcement tool as well as the effect that such a release of information would have on TLO itself.

Attached hereto as Exhibit B is the affidavit of Mitchell L. Nixon, a certified instructor for the CPS system.  Among his duties, Mr. Nixon provides instruction to law enforcement officers prior to allowing them to access the system. During his time with

---

[1] Until approximately 12:00 noon on June 3, 2013, the undersigned was unable to participate in the CM/ECF System to file and could not receive any electronically filed documents related to this case for the reason that the system apparently had no provision to permit a third-party filer in a criminal case.  As a result, the undersigned was obligated to hand-file TLO's Motion to Quash.  Apparently, when a document is hand-filed, there is a time lag between the time of the filing and the time that the District Clerk scans the document and enters it into the system.  TLO's Motion to Quash was not entered into the CM/ECF System until some point during the morning of May 31, 2013 and it was docketed as document number 141.  This scan and entry operation by the District Clerk took place after Defendant electronically filed his Motion to Compel at approximately 5:20 p.m. on May 30, 2013.  Defendant's Motion to Compel was assigned document number 140 on the CM/ECF Docket for this action.

TLO and his involvement with CPS, Mr. Nixon has seen the system grow such that more than 3200 investigators in some 37 countries around the world have used CPS to investigate the sexual exploitation of children since April 11, 2011.

Attached hereto as Exhibit C is the affidavit of Chris Purchas, a police officer in the city of Toronto, Canada. Officer Purchas is currently the Internet Child Exploitation Subject Matter Expert for all of Eastern Canada and is routinely involved in child pornography investigations and the trading of such pornography on peer to peer networks. He has personally trained more than 300 officers in peer to peer investigations and has testified as an expert witness in a significant number of cases. In his affidavit, Officer Purchas clearly delineates the damage that disclosure of the CPS system would have on the ability of law enforcement officers to investigate child pornography.

Attached hereto as Exhibit D is the affidavit of William S. Wiltse. In his affidavit, Mr. Wiltse indicates that the source and object code for CPS is incredibly voluminous, given that it is comprised of some 4.7 million lines of computer code and that the criminal lead data alone accessed by the CPS system is in excess of 10 billion records since collection began at TLO in 2009. He further notes that the compilation of such data would be very difficult for TLO and it would be virtually impossible for any receiving party to review in the time prior to trial.

Finally, TLO attached to its Motion to Quash Subpoenas an affidavit by William S. Wiltse. The affidavit was not notarized, an inadvertent omission. To correct that omission, TLO attaches hereto, as Exhibit E, a corrected affidavit from Mr. Wiltse that contains the requisite notarization.

Third-party TLO, LLC respectfully prays that the Court consider this Supplement to its Motion to Quash Subpoenas, and that upon review, grant TLO's Motion to Quash

Subpoenas Issued Pursuant to Federal Rule of Criminal Procedure 17.

Respectfully submitted,

\_\_\_\_\_//s//_____,
Christopher A. Antcliff
Tx. Bar No. 00793269
221 N. Kansas, Ste. 1201
El Paso, Texas 79901
Tel: (915) 533-1221
Fax: (915) 533-1225

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in this cause.

\_\_\_\_\_//s//\_\_\_\_\_,

Chris Antcliff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | Cause No. EP-11-CR-2728-KC |
| ANGEL OCASIO | § § § | |

### ORDER ON MOTION TO QUASH SUBPOENAS

On this day, the Court considered the Motion to Quash Subpoenas filed by TLO, LLC in the above-captioned cause. After due consideration, the Court is of the opinion that the Motion is meritorious and should be granted.

Accordingly, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the subpoenas issued by Defendant Angel Ocasio to William S. Wiltse and/or Derek A. Dubner, Esq. and/or TLO, LLC be and are **QUASHED.**

SIGNED this ____ day of _____, 2013.

_____,
THE HONORABLE KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE