IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   Case No. EP-11-CR-2728-KC-1 |
| | ) |
| ANGEL OCASIO | ) |

**NOTICE OF DEFENDANT'S DEMAND FOR DISCLOSURE OF GOVERNMENT EXPERT(S) PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(a)(1)(G)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant in the above styled and numbered cause, and files this Notice of demand for disclosure of the Government's proposed expert witnesses pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G).

Rule 16(a)(1)(G) provides as follows:

At the defendant's request, the government must give to the defendant a *written summary of any testimony* that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . . *The summary provided* under this subparagraph *must describe the witness's opinions, the bases and reasons for those opinions*, and the witness's qualifications.

(Emphasis added.).

The Government has, most recently, filed its document entitled "Notice of Expert and Memorandum of Law" (Doc. No. 124). The four specific experts identified are (1) Sergeant Matthew Pilon,[1] who allegedly will "provide the jury with an overview of the how peer-to-peer

---

[1] The prior Notice of Expert and Memorandum of Law (Doc. No. 29) filed for Sergeant Pilon declared he "will be testifying as to factual matters and will not be asked to render an opinion." Notice at 2. It remains unclear whether Sergeant Pilon was a part of the investigation in this case, or is simply an uninvolved expert who appears for trial without personal knowledge of the investigation, in which case he could be no more than an expert witness with regard to this case. No disclosure to date suggests that he would be a fact witness.

software operates and facilitates the nearly anonymous trading of digital files, files, including those that contain images of children engaged in sexually explicit activity, via the Internet," Mem. at 1, (2) Computer Forensics Agent Demetrio Medina, who "will testify as to the child sexual abuse images found on digital media belonging to defendant and the manner in which such was discovered," *id.* at 2, (3) Computer Forensics Agent Mark R. Martinez, who allegedly "will testify as to the child sexual abuse images found on digital media belonging to defendant and the manner in which such was discovered, *id.*, and (4) Computer Forensics Agent Joseph Byers, who allegedly "will testify as to the child sexual abuse images found on digital media belonging to defendant and the manner in which such was discovered," *id.*  The Government alleges that Agent Medina's testimony is defined by an unspecified "agent's report" and that the testimony of Agents Martinez and Byers is supported by a "forensic report."

      Prior to the most recent jury selection, counsel for the Government offered PowerPoint presentations, images depicting the password screen for a cloned (copied) version of the Ocasio computer, and non-pornography computer files such as Microsoft Word documents apparently authored by Mr. Ocasio.  It suffices to say that these documents suggest opinions, offered through these experts, as to whether Mr. Ocasio (1) possessed, (2) distributed, (3) received or (4) was aware of the computer files at issue in this case.  Despite the Government's repeated claims that it has provided complete disclosure,[2] the defense has no indication as what the opinions of these

---

[2]Counsel for the Government most recently responded "that's all they gave me" when the need for these reports prior to disclosure of the defense forensic examination was explained to her.  It goes without saying that the attorney of record, not investigators or agents, carry the burden of insuring compliance with rules of procedure.  If the agents have provided inadequate documentation for their opinions, then the logical courses of action would appear to be (1) not to

experts might be. Furthermore, it is assumed that the "forensic report" is the FTK report, and the "agent's report" represents a report of investigation. At this point, these assumptions remain assumptions, as these documents most closely resemble the naming convention utilized but in substance do not explain or elucidate either the substance of these opinions or how these opinions may be offered at all.

While the distinction between fact (e.g., "the desktop computer was in the study") and opinion (e.g., "the defendant would be aware of the computer files") may occasionally blur due to mixed declarations of opinion and fact, it is unclear how the broad declarations above qualify as expert disclosure sufficient to comply with the written summary requirements of Rule 16. These notices appear to represent testimonial missions statements, e.g., "I intend to explain how I found child pornography on this computer," not opinions. If mission statements were deemed appropriate, it would be just as valid to state these witnesses intend to talk about "computer concepts" related to this investigation and thereby comply with Rule 16 disclosure requirements. If disclosure at this level were sufficient, then the defense could simply provide a similar printout of files identified during forensic examination, with limited detail, and later articulate during trial the significance of the same. The purpose of Rule 16(a)(1)(G) is "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." FED. R. CRIM. P. 16 Advisory Committee Notes to 1993 amendment. *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (declining to permit agents

---

offer them as experts witnesses or (2) if they are to serve as expert witnesses, direct them to provide adequate support for any opinions that might be offered.

to testify as law witnesses on the subject of the practices of drug traffickers as such would "subvert[] the requirements of Federal Rule of Criminal Procedure 16(a)(1)[G]"). It is unclear how this current disclosure could be considered sufficient given the purpose and requirements of Rule 16.

The FTK report,[3] which represents a compilation of computer file names and details at best, may be characterized as no more than unsubstantiated conclusions. Coupled with a generic mission statement that the witness will discuss the investigation in this case, there is no limitation imposed on opinions and the basis for the same. Moreover, having never actually declared its opinion, counsel for the Government can essentially test the waters and offer opinions that play off the questions in cross-examination. In effect, expert witnesses can mask opinions, and offer one, many or all depending on preferences at trial.

It is beyond question that these three expert opinions are based not on the act of turning on computers and observing what is observed on the screen, as would be consistent with lay opinion or personal knowledge, but rather as a result of what is found using advanced forensic software that works at a level well beyond the lay understanding of computers. *See Doddy v. Oxy*

---

[3]In order to avoid excessive discussion of the technical issues involved, undersigned counsel invited this Court to consider that the file entries in the FTK report were duplicates and should therefore be limited. At that time, it may have been more appropriate to ask why the information specific to the status of those apparently duplicate files, *ie.*, 'deleted' or not deleted as a descriptor for individual files, and dates corresponding to any change of status, was not included in this 'complete' FTK Report, when such is included as a standard option in the preparation of reports by the Forensic Toolkit. Furthermore, the non-criminal files offered as exhibits at trial were not a part of this report but clearly offered significant forensic information given their appearance at trial. This information suggests these witnesses intend to present more than trivia regarding forensic examinations, and certainly give the appearance of an intent to offer one of the opinions described above. However, absent valid written summaries, this becomes a matter of defense speculation that is inappropriate in the realm of expert testimony.

*USA, Inc.*, 101 F.3d 448, 460 (5th Cir. 1996)("a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person."). Forensic examinations involve a focus on information invisible to the individual who simply turns on the computer and examines what appears on the computer screen. Examiners discuss concepts such as 'created', 'accessed' and 'modified' times, which are fodder for substantial expert opinion interpretation. It is beyond question that lay jurors would similarly be unacquainted with concepts such as file 'carving' or the existence of digital evidence in "unallocated space." As such, if a witness were to simply encapsulate these concepts as factual matters within the discussion of investigation based on disclosure of unarticulated conclusions, then it would run afoul of the definition of expert testimony and the requirements of advance disclosure.

      The Government is therefore requested to file a notice declaring (1) the opinion or opinions to be offered by the experts identified above, along with a written summary providing a basis therefor and (2) identification of the specific report or ROI or ROIs (by number as produced) on which that expert will rely. It remains unclear whether Ms. Loehrs would testify in the case-in-chief, which would require disclosure in advance, or in rebuttal, as was indicated at the hearing immediately following the filing of the Motion to Suppress. However, if the Government provides a valid written summary of all opinions that may be offered,[4] then the

---

[4]The defense will likely move to exclude all opinions not identified from presentation in the Government case-in-chief. In the event the Government elects to stand by its present disclosure, then a motion to compel a written summary of these opinions would be filed, after which the forensic report of Ms. Tami Loehrs would be released consistent with the reciprocal disclosure requirement of Rule 16. It is hoped the Government will simply augment its expert disclosure and accept the complete report of forensic examination authored for the defense in order to prepare its experts. If the disclosure has been as comprehensive as the Government

defense will immediately provide it with a copy of the report of its forensic examiner and notice of her opinion testimony, regardless of whether such disclosure is mandated by federal rule. It is hoped this decision will minimize the trial motions necessary to insure a fair presentation, free of surprises and possible delays.

                                                Respectfully submitted,,

                                                MAUREEN SCOTT FRANCO
                                                Federal Public Defender

                                                    /s/

                                                MICHAEL GORMAN
                                                Assistant Federal Public Defender
                                                Western District of Texas
                                                Federal Building
                                                700 E. San Antonio, D-401
                                                El Paso, Texas 79901
                                                (915) 534-6525

                                                *Attorney for Defendant*

---

contends it has been, then this request for disclosure should impose a minimal burden.

## CERTIFICATE OF SERVICE

  I hereby certify that on the 5th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

J. Brandy Gardes
Assistant U. S. Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901

           /s
         _____
         Michael Gorman
         Attorney for Defendant