IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | EP-11-CR-2728-KC |
| | § | |
| ANGEL OCASIO. | § | |

**PROTECTIVE ORDER**

In conjunction with the Court's Order entered on this day granting Defendant Angel Ocasio's Motion to Compel Production, ECF No. 140, and denying TLO, LLC's Motion to Quash, ECF No. 141, the Court enters the following Protective Order.

Upon due consideration, **IT IS HEREBY ORDERED** that:

1. This Protective Order, entered pursuant to Rules 16(d) and 57 of the Federal Rules of Criminal Procedure, applies to the discovery materials set forth in Appendix A of this Protective Order (hereinafter "Protected Materials").

2. Defendant's counsel of record,[1] upon obtaining the Protected Materials, may use the Protected Materials as necessary to prepare for Defendant's trial and for no other purpose. Defendant's counsel of record may not disseminate or disclose the Protected Materials or any information taken from the Protected Materials to any third party unless such dissemination or disclosure is necessary to prepare for Defendant's trial.

3. Defendant's counsel of record shall not provide the Protected Materials to Defendant. Upon a particularized showing of specific need for Defendant's access to the Protected

---

[1] Counsel of record is limited to the attorneys designated by the Clerk of Court on the Court's electronic docketing system as Defendant's attorneys.

Materials in order to assist in his defense, the Court shall hold a hearing to decide the issue.

4. Any third party to whom dissemination or disclosure is made pursuant to this Order may not use the Protected Materials for any purpose other than as necessary to prepare for Defendant's trial and may not further disseminate or disclose the Protected Materials for any purpose.

5. If Defendant's counsel of record, in the course of preparing for trial, disseminates or discloses any Protected Materials or any information taken from the Protected Materials to a third party, Defendant's counsel of record shall obtain from every such third party at the time of disclosure or dissemination the following written statement which shall be signed and dated by each third party:

> I acknowledge that certain Protected Materials have been provided to me for the purposes of assisting Defendant Angel Ocasio in preparing for his trial. I have read the Court's Protective Order, dated June 6, 2013, permitting such disclosure to me, and agree as directed in the Protective Order that I will use the Protected Materials only in preparation for Defendant Angel Ocasio's trial, and will not disclose or disseminate the Protected Materials, or information taken from the Protected Materials to any third party. I acknowledge that a violation of the Protective Order may result in penalties for contempt of court. I understand that the obligations described in the Protective Order shall remain in effect for the duration of the Angel Ocasio case, and subsequent to the termination of that case so as to protect the confidentiality of the Protected Materials. By signing this

> statement, I consent to the jurisdiction of the Court for the purposes of enforcing the Protective Order.

Defendant's counsel of record shall promptly submit a copy of each signed statement to the Court. However, Defendant's counsel of record need not obtain such statement from any member of the defense team (co-counsel, paralegals, litigation support personnel, and secretarial staff involved in the representation of Defendant in this case) who shall be bound by this Order.

6. Defendant's counsel of record shall store all Protected Materials in a secure place and shall use reasonable care to ensure that the Protected Materials are not disclosed or disseminated to any third parties in violation of this Protective Order.

7. Any papers to be filed with the Court by either party which include Protected Materials or quote, summarize, refer to, or otherwise disclose the contents of Protected Materials, or any information taken from the Protected Materials, shall be filed under seal, together with a motion setting forth whether the filing party believes such papers should remain under seal and whether such motion is opposed. Unless an interested party requests that such papers remain under seal, the papers shall be unsealed by the Court within fourteen days of filing.

8. Defendant's counsel of record may not utilize or refer to Protected Materials at Defendant's trial or any public hearing without first notifying and seeking permission from the Court.

9. Upon completion of this case, Defendant's counsel of record, members of the defense team, and any third party who received any Protected Materials pursuant to this

Protective Order shall return all such materials in their possession, as well as copies made thereof, to TLO, LLC.  The obligations described in this Protective Order shall remain in effect for the duration of the instant case, and subsequent to the termination of the case so as to protect the confidentiality of the Protected Materials.

10. Nothing in this Protective Order shall preclude any interested party from filing a motion seeking a modification of this Protective Order.

**SO ORDERED.**

**SIGNED this 6th day of June, 2013.**

_/s/ Kathleen Cardone_
_____
**KATHLEEN CARDONE**
**UNITED STATES DISTRICT JUDGE**

# Appendix A

1. The source and object code, to include all non-compilable programmer comments provided in the same, of the application known as Child Protection System, as that System was implemented and in effect on April 11, 2011.

2. The source and object code of any application called by the Child Protection System when executing, to include any helper application. In the event any application called is non-proprietary and commercially available, identify the application and version called by the System in effect on April 11, 2011 . If the application called is not commercially available, provide the complete source and object code, along with programmer comments, in effect on April 11, 2011.

3. Complete revision history of the Child Protection System and corresponding changes implemented by individual System revisions.

4. Project Management documentation utilized in the design and revision of Child Protection System, to include requirements management if utilized.

5. Any documentation describing and addressing known bugs or failures in the Child Protection System, along with corrective measures taken and dates such measures were implemented, if applicable.

6. FAQs, if provided to law enforcement officers or agents utilizing the System.