IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF
TEXAS EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Cause No.: EP-11-CR-2728-KC |
| | § | |
| ANGEL OCASIO, | § | |
| | § | |

GOVERNMENT'S OBJECTIONS TO DEFENDANT'S
DEMAND FOR DISCLOSURE OF EXPERT(S) PURSUANT TO
FEDERAL RULE OF CRIMINAL PROCEDURE 16(a)(1)(G)
AND GOVERNMENT'S DEMAND FOR RECIPROCAL DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, by and through the United States Attorney for the Western District of Texas, and the undersigned Assistant United States Attorneys, and hereby files this Response to Defendant's Demand for Disclosure of Government Expert(s) Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), and would show unto this Honorable Court the following:

**OBJECTIONS & RESPONSE TO DEFENDANT'S DEMAND**

Federal Rule of Criminal Procedure 16(a)(1)(G) provides in pertinent part:

**Expert Witnesses –** At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. … The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, the bases and reasons for those opinions, and the witness's qualifications.

However, Federal Rule of Evidence 702, Testimony by Expert Witness, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion *or otherwise* if:
>
> (a) the experts scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Thus, since it's amendment in 2000, Rule 16 requires disclosure of witnesses who may testify under Rule 702 from specialized skill or knowledge, even if the witness is testify only to facts and observations. In *United States v. Ganier*, 468 F.3d 920, 922 (6th Cir.2006), the government challenged the district court's decision to exclude a government computer specialist's expert testimony at trial for failure to provide adequate notice under Federal Rule of Criminal Procedure 16(a)(1)(G).  There, the government argued the computer specialist would offer "lay testimony available by 'running commercially-available software, obtaining results, and reciting them.'" *Id.* at 925.  The Court rejected this claim, finding "such an interpretation would require [the witness] to apply knowledge and familiarity with computers and the particular forensic software well beyond that of the average layperson." *Id*.  As such, the Government must give notice of this type of witness which it has done in this case.

Under Federal Rules of Evidence 702, a trial court can admit expert testimony from a person "qualified as an expert by knowledge, skill, experience, training, or education," assuming "scientific, technical, or other specialized knowledge will assist the trier of fact to

2

understand the evidence or to determine a fact in issue." FED.R.EVID. 702. Restated, if the purpose of expert testimony is to assist the trier of facts to understand, evaluate, and decide complex evidentiary material, by its plain language, Rule 702 allows experts to testify in both opinion form and <u>non-opinion</u> form in order to assist the trier of fact in resolving issues in dispute. *United States v. Cordoba*, 194 F.3d 1053, 1056 (9th Cir. 1999); *Sevidge v. United States,* 160 F.R.D. 153 (D. Kan. 1995). The Notes of the Advisory Committee on Proposed Rules following Rule 702 further provide guidance regarding the limitations on the admissibility of expert testimony, noting that "it seems wise to recognize that opinions are not indispensable and to encourage the use of expert testimony in non-opinion form when counsel believes the trier [of fact] can itself draw the requisite inference." Notes of Advisory Committee on Proposed Rule 702, Fed.R.Evid. The Notes to Rule 702 further instruct "'[t]here is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.'" *Id*. (citation omitted).

As Federal Rule of Evidence 704(b) prohibits expert testimony on ultimate issues of a case, courts long have supported the exclusion of expert testimony on the ultimate issues in a trial. *See, e.g., United States v.* Shaffer, 472 F.3d 1219, 1225 (10th Cir. 2007) (exclude computer expert's opinion that based on the file structure of defendant's hard drive, he was on a "porn fishing expedition," not necessarily targeting child pornography, as going to defendant's state of mind – mens rea-vouching); *see also United States v. Moran*, 627 F.3d 985, 995 (5th Cir. 2010) (prohibiting drug courier profile evidence as "crossing the borderline between mere explanation

of the expert's analysis of the facts to a forbidden opinion on the ultimate legal issue in the case); *United States v. Ortland*, 109 F.3d 539, 544-545 (9th Cir.); *United States v. Vreeken*, 803 F.2d 1085, 1091 (10th Cir. 1986)("As a general rule, questions of law are the subject of the court's instructions and not the subject of expert testimony"), *cert. denied*, 479 U.S. 1067 (1987); *United States v. Jensen*, 608 F.2d 1349, 1356 (10th Cir. 1979)("an expert witness cannot state legal conclusions by applying law to the facts") (en banc), *cert. denied*, 488 U.S. 1008 (1989). Permitting such testimony would be tantamount to allowing the witnesses to testify about whether the defendant is guilty or not guilty, and would clearly be improper. *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir.), *cert. denied*, 502 U.S. 813 (1991) (in complex cases, expert testimony may help a jury understand unfamiliar terms and concepts, but they cannot state ultimate legal conclusions).

Thus, an expert need not offer an opinion on a specific issue; rather, the expert can testify about general scientific principles. *See, e.g., United States v. Mulder*, 273 F.3d 91, 101-02 (2d Cir.2001). Moreover, the government is free to offer expert testimony both as background for an offense, to explain technical terms or procedures, and to assist in proving one or more elements of the offense. *United States v. Daly*, 842 F.2d 1380, 1388 (2nd Cir.1988); see, *United States v. Mulder,* 273 F.3d at 101-102 (allowing expert testimony as to structure, tactics and goals of a labor coalition); *United States v. Locascio*, 6 F.3d 924, 936 (2nd Cir. 1993)(allowing expert testimony on the Mafia's structure and tactics).

Here, the testimony be rendered by Sergeant Matthew Pilon was noticed as:

> Sergeant Pilon will provide the jury with an overview of the how peer-to-peer software operates and facilitates the nearly anonymous trading of digital files, including those that contain images of children engaged in sexually explicit activity, via the Internet.

Simply put, Sgt. Pilon will give the jury background which will enable them to understand how peer-to-peer networks work and the meaning of some technical terms such as "hash values" and "IP addresses." These matters are not common knowledge or within the scope of knowledge of the average juror. The Government is not intending to ask Sgt. Pilon any opinion, but merely questions designed to educate the jury in an area that can be foreign to most to allow the jury to intelligently apply the facts to the law. Although no formal report was prepared in connection with Sgt. Pilon's testimony, a copy of the Powerpoint presentation to be used as a demonstrative aid during his testimony, and which includes the bases of his testimony, was disclosed.

The forensics agents on this case -- Demetrio Medina, Joseph Byers and Mark R. Martinez[1] -- likewise, will not be asked by the Government to render an opinion. Joseph Byers would be called for the limited purpose of having him testify as to where the various items of computer equipment were found, any preview of the computer equipment he may have done on scene, and his acquiring a forensic duplicate of the Western Digital MyBook external hard disk drive for further review by Demetrio Medina. The steps he took to do this are reflected in the Report of Investigation 5, which has been disclosed to the defense.

Computer Forensics Agent Demetrio Medina was noticed as testifying to where the various items of computer equipment were found, any preview of the computer equipment he may have done on scene, and his acquiring a forensic duplicate of defendant's computer and his review thereof. In connection therewith, the Government disclosed the Forensic Toolkit (FTK) report and Agent Medina's Report of Investigation (denominated ROI 5). It is not

---

[1] It is not expected that Computer Forensics Agent Mark Martinez will testify; he was noticed as an expert in this case in an abundance of caution.

anticipated Agent Medina will be asked for any opinion.

At the most, the Government may ask Agent Medina why he chose a particular video for inclusion in the forensics report, but that would be the extent.  Even though a lay witness may testify as to whether certain images constitute a "lascivious exhibition" to the extent they are relevant and rationally based on the perception of the witness and helpful to a clear understanding of the witness's testimony of the determination of a fact in issue, *United States v. Whorley,* 400 F.Supp.2d 880 (E.D.Va.2005), *aff'd* 550 F.3d 326 (4th Cir. 2008), *cert. denied* 130 S.Ct. 1052 (2010), the Government does not foresee asking any witness to opine on whether any video or image qualifies as sexual exploitation under the statute, whether defendant would have known the images were there, or any other similar opinion.  The Government contends these are elements of the offense the jury must decide from the facts and it would be improper for a Government expert – or any expert – to opinion computer evidence showed defendant was or was not guilty of the charged offense(s), had knowledge of the existence of the material or any such other matter within the sole providence of the jury.

Simply stated, the Government cannot disclose opinions where there are none to disclose.  The Government has disclosed the forensics report, the agent's Report of Investigation, the documents and the material alleged to constitute child sexual exploitation, and all of the evidence has been available to defendant and his expert.

**GOVERNMENT'S DEMAND FOR EXPERT WITNESS TESTIMONY AND REPORTS**

Under Federal Rule of Criminal Procedure 16(b)(1)(C), defendant is obligated to disclose a written summary of <u>any</u> expert testimony he intends to offer at trial.  The Government is in a quandary as to defendant's statement "[i]t remains unclear whether Ms. Loehrs would testify

6

in the case-in-chief, which would require disclosure in advance, or in rebuttal," in which case the Government assumes defendant believes disclosure would not be mandated. Rule 16 makes no such distinction for defense disclosures, likely because the defense is not permitted at "rebuttal" case in the same manner as the Government.[2]

Courts repeatedly emphasize the significance of pretrial disclosure of expert witnesses and summaries of their testimony. Early disclosure, for instance, is essential for the Government and the Court to evaluate whether the proffered expert testimony is relevant, helpful and permissible. *General Electric Co. v. Joiner,* 522 U.S. 136, 142 (1997); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-90 (1993); *Kumho Tire Company, Inc. v. Carmichael*, 526 U.S. 137 (1999). This is particularly important if the expert is expected to testify, as here, on matters which touch on new or controversial techniques or opinions. *See* Advisory Committee Notes to 1993 Amendments of Rule 16; in *United States v. Wilson*, 493 F.Supp.2d 484, 488 (E.D.N.Y. 2006); *see also United States v. Jasper*, 2003 WL 223212, at *5 (same). Moreover, at times, counsel must consult an expert in order to evaluate another expert's opinions. Without knowing those opinions, the Government, of course, cannot even identify with whom it should consult, let alone actually speak with an expert, regarding the defendant's proposed experts and their potential testimony.

Additionally, pretrial disclosure does not unfairly reveal a defendant's "trial strategy." "[W]hile the refusal to testify is constitutionally protected, the trial strategy determination is not so protected. Since the defendant had availed himself of the strategy to obtain discovery of the government, he must comply with the requirement of reciprocal discovery." *United States v.*

---

[2] *See, e.g.,* Fed.R.Crim.P. which does not delimit disclosure between a case-in-chief and rebuttal for the defense, and requires a defendant to disclose reports of examinations and tests if he "intends to call the witness who prepared the report and the report relates to the witnesses testimony"

7

*Ryan*, 448 F.Supp. 810 (S.D.N.Y.), *aff'd*, 594 F.2d 852 (1978); *United States v. Jasper*, 2003 WL 223212, at *4.

Indeed, pretrial notice is so essential, courts have not hesitated to exclude expert testimony for failing to provide sufficient notice to the other party in advance of trial. *See, e.g., United States v. Yu*, 2010 WL 5421358 (4th Cir. Dec. 30, 2010) (affirming exclusion of expert testimony for untimely disclosure); *United States v. Hoffecker*, 530 F.3d 137, 184 (3d Cir. 2008) (holding that district court properly excluded three defense expert witnesses whose names were disclosed three business days before jury selection and 34 months after indictment); *United States v. Petrie*, 302 F.3d 1280, 1283-88 (11th Cir. 2002) (affirming the district court's exclusion of defendant's expert where defendant waited until the Friday afternoon prior to the commencement of trial to disclose his expert to the Government); *United States v. Goguen*, 723 F.2d 1012, 1021-22 (1st Cir. 1983) (affirming decision to exclude defendant's expert because, in part, of belated disclosure on the third day of trial); *United States v. Wilson*, 493 F.Supp.2d at 488-489 (granting Government's motion to preclude the defendant's expert from testifying due to late disclosure); *United States v. Jasper*, 2003 WL 223212, at *5 ("defendant should be aware that the failure or delay in producing the written summary of an expert's testimony that defendant intends to use at trial has resulted in the preclusion of such evidence at trial); *United States v. Mahaffy*, 2007 WL 1213738, *3 (precluding defendant from presenting expert testimony at trial due to his late submission). Exclusion is appropriate even when the defendant's late disclosures occur before the commencement of the defense case. *See United States v. Hoffecker*, 530 F.3d at 187. Given that the Government's attention and resources are focused on jury selection and its case-in-chief, notification of expert witnesses shortly before

8

trial starts or during trial - even if days before the defense expert testifies - is "an affront to the public interests in the 'integrity of the adversary process,' 'the fair and efficient administration of justice,' and 'the truth-determining function of the trial process.'" *Id.*

In the event the defendant elects not to comply with his disclosure requirements in a timely manner, and attempts to call Tami Loehrs (or other expert) or use her report(s) of testing in any manner at trial, the Government will seek exclusion of any such non-disclosed evidence and/or witnesses pursuant to Federal Rule of Procedure 16(d)(2)(C).  *See United States v. Yu*, 411 Fed.Appx. 559, 2010 WL 5421358 (4th Cir. 2010) (unpublished).

          Respectfully submitted,

          ROBERT PITMAN
          UNITED STATES ATTORNEY

By:        /s/
          J. BRANDY GARDES
          Assistant United States Attorney
          CA Bar No. 144770

          /s/
          DANIEL R. CRUMBY
          Assistant United States Attorney
          TX Bar No.  24049839
          700 E. San Antonio, Ste. 200
          El Paso, Texas  79901
          (915) 534-6884

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of June, 2013, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Michael Gorman, AFPD                Attorney for Defendant
Shane McMahon, AFPD
Federal Public Defenders Office
700 E. San Antonio, 4th Floor
El Paso, Texas 79901

                                /s/
                      J. BRANDY GARDES