**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Cause No.: EP-11-CR-2728-KC** |
| | § | |
| **ANGEL OCASIO,** | § | |
| | § | |
| **Defendant.** | § | |

**GOVERNMENT'S CONSOLIDATED MOTIONS IN LIMINE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas, through the undersigned Assistant United States Attorney, and moves this Honorable Court for an order granting the Government's Motions in Limine as set forth below, and for cause would show this Court the following:

Herein, the Government seeks orders:

A.  Indicating the Court shall conduct all voir dire of the jury panel in this matter based on questions submitted by the parties;

B.  Excluding potential defense exhibits for failure to comply with the Standing Discovery Order;

C.  Excluding testimony of expert Tami Loehrs;

D.  Excluding testimony on the law;

E.  Excluding evidence relating to the manner in which the agents made entry into defendant's home under the search warrant;

F.   Restricting counsel in opening statement or closing argument to the jury, or in questions to witnesses, from commenting on any of the following topics, which would be inadmissible as evidence, prejudicial to a fair trial, and inappropriate for the jury's consideration, unless counsel first obtains permission of the Court after argument or hearing outside the jury's presence:

    1.   Information contained in any defense exhibits;

    2.   Any possible sentence or collateral consequence faced by the defendant; and

    3.   Any information or facts which could only come to the jury's attention through the sworn testimony of the defendant (unless counsel for the defendant informs the Court the defendant will testify).

G.   Excluding evidence of specific acts of good conduct;

H.   Excluding evidence and prohibiting argument offered for the purpose of jury nullification.

**ARGUMENT**

This motion is related to certain potentially inadmissible evidence and is brought for the purpose of assuring compliance with Rule 103(c) of the Federal Rules of Evidence which provides:

> In jury cases, proceedings shall be conducted, to the extent practicable, as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

As the Supreme Court Advisory Committee points out: "This subdivision proceeds on the supposition that a ruling which excludes evidence in a jury case is likely to be a pointless

2

procedure if excluded evidence nevertheless comes to the attention of the jury."   *Bruton v. United States*, 389 U.S. 818 (1968).   Based upon the following considerations, the Government is requesting this Court grant this motion, thereby creating a vehicle by which to comply with Rule 103(c) of the Federal Rules of Evidence, and prevent the possibility of jury prejudice through its exposure to such inadmissible evidence.

## I. <u>Voir Dire</u>

Although the Court generally conducts voir dire, it sometimes will allow counsel to ask questions as well.   The Government, however, requests the Court to conduct <u>all</u> voir dire examination in this cause.   Often counsel uses voir dire as a method of conducting an extra opening statement, attempting to put their theory of the case or facts before the jury.   This is improper and is not designed to "ferret out actual bias" which is the purpose of voir dire. *Dennis v. United States*, 339 U.S. 162, 168 (1950).

Examination of the panel by counsel is not mandated; rather, it may only be done with permission of the Court.   Fed. R. Crim. P. 24(a).   A trial judge has broad discretion over the manner in which voir dire is conducted.   *United States v. Bieganowski*, 313 F.3d 264, 272-73 (5th Cir. 2002); *United States v. Rowe*, 106 F.3d 1226, 1227-28 (5th Cir. 1997).   A decision to refuse attorney questioning will only be reviewed for abuse of discretion, and a trial court's decision to do so will be upheld as long as the panel is sufficiently questioned to allow counsel to exercise a reasonably knowledgeable challenge to unqualified jurors.   *United States v. Beckner,* 69 F.3d 1290, 1291 (5th Cir. 1991).

The Government respectfully submits this standard may be met by the Court

3

propounding the written questions required to be filed by the Trial Preparation Order.   Should

any follow up questions be necessary, a conference at the bench to submit them to the Court

should be conducted.   Fed. R. Crim P. 24(a)(2)(B).

**II.      Exclusion of Defense Exhibits**

The Standing Discovery Order in this case, entered February 13, 2012, required all

material must be provided to the defendant within fourteen (14) days from the date of entry of

that order.   All non-contraband evidence was either turned over or made available to the

defense within the time limit, and the contraband evidence was made available to the

defendant.   The Government continues to make all discovery available to the defense.

On October 26, 2012, just prior to jury selection at the second trial setting in this matter,

defense counsel presented the Government with approximately 71 photographic exhibits, many

of which are images of the home in which defendant stayed.[1]   Nothing else has been received

by the Government.

The Government now seeks to bar defendant's introduction of any late-disclosed or

"eleventh hour" evidence which may be provided, unless excusable neglect is shown.   *See,*

*United States v. Levy-Cordero*, 67 F.3d 1002, 1015 (1st Cir. 1995) (hearing appropriate outside

presence of jury to determine admissibility of last minute alibi defense).

**III.   Exclusion of Any Expert Testimony**

Despite the Court Standing Discovery Order and a Request for Designation of Experts and

discovery relating thereto, the defendant has failed to designate any expert.   As such, the

---

1  As discussed below, these exhibits are excludable at trial.

Government requests the Court deny any last minute attempt to call any person, even as a lay witness, which may be testifying from specialized knowledge, and to bar any evidence or questioning concerning any data which Tami Loehrs may have acquired or upon which she based any opinion.

Defendant may attempt to have a witness offer a "lay opinion," however, this would be improper.   Federal Rule of Evidence 701 precludes a lay witness from testifying to opinions which are based on scientific, technical or other specialized knowledge.    Rather, that testimony is governed under Rule 702; however, such testimony is subject to testing under *Daubert* prior to admission.

In *United States v. Yu*, 411 Fed.Appx. 559, 2010 WL 5421358 (4th Cir. 2010), the Fourth Circuit Court of Appeals dealt with much the same issues which may be facing this Court. Although it is an out-of-circuit, unpublished opinion, its reasoning is sound and may provide guidance to this Court.    In *Yu*, defendant was convicted of possession and distribution of child pornography. Prior to trial, Yu retained computer forensics examiner, Tami Loehrs, to review and analyze the computer data the government had seized from him and were offering at trial.    *Id.* at 562.    Yu waited until after the trial started to identify his forensics examiner as a testifying expert.    *Id*. at 562-563. The court barred the examiner from testifying as an expert due to the untimely notice. *Id*.    As an alternative, Yu argued that his examiner could testify as a lay witness by confining her testimony to the chain of custody of the data that she gathered from the computers and not offer an opinion "as to what happened and what didn't happen."    *Id.* at 563.    The Fourth Circuit affirmed the district court's rejection of this alternative.    As did the

5

district court, the Fourth Circuit recognized that computer forensics and computer data extraction inherently require specialized knowledge and skill that is well beyond a layperson. *United States v. Yu*, 2010 WL 5421358, 411 Fed. Appx. at 566-567 ("the process of forensic data extraction requires 'some specialized knowledge or skill or education that is not in the possession of the jurors.' ") (internal quotation citation omitted).   Therefore, even if Yu's examiner testimony "had confined her testimony to her extraction and translation of the data at issue, she would not have offered lay opinion."   *Id.* at 567.   In the end, the Fourth Circuit saw Yu's ploy to recast his examiner as nothing more than "an end-run around the Federal Rules of Evidence by blurring the distinction between expert and lay testimony." *Id.*   There is simply no way around the conclusion that computer forensics and data extraction require scientific, technical and specialized knowledge that is beyond the reach of a juror.   *See United States v. Yu*, 2010 WL 5421358, 411 Fed. Appx at 566-567.   Therefore, Ms. Loehrs, or any other computer expert proffered by the defense, should be barred from providing any testimony related to computer forensics and the report itself should be excluded.

Indeed, pretrial notice is so essential, courts have not hesitated to exclude expert testimony for failing to provide sufficient notice to the other party far in advance of trial. *See, e.g., United States v. Hoffecker*, 530 F.3d 137, 184 (3d Cir. 2008) (holding that district court properly excluded three defense expert witnesses whose names were disclosed three business days before jury selection and 34 months after indictment); *United States v. Petrie*, 302 F.3d 1280, 1283-88 (11th Cir. 2002) (affirming the district court's exclusion of defendant's expert where defendant waited until the Friday afternoon prior to the commencement of trial to

disclose his expert to the Government); *United States v. Goguen*, 723 F.2d 1012, 1021-22 (1st Cir. 1983) (affirming decision to exclude defendant's expert because, in part, of belated disclosure on the third day of trial); *United States v. Wilson*, 493 F.Supp.2d 484, 488-489 (E.D.N.Y. 2006)(granting Government's motion to preclude the defendant's expert from testifying due to late disclosure); *United States v. Jasper*, 00 Cr. 825 (PKL), 2003 WL 223212, at *5 (S.D.N.Y. Jan. 31, 2003) ("defendant should be aware that the failure or delay in producing the written summary of an expert's testimony that defendant intends to use at trial has resulted in the preclusion of such evidence at trial); *United States v. Mahaffy*, 2007 WL 1213738, *3 (precluding defendant from presenting expert testimony at trial due to his late submission). Exclusion is appropriate even when the defendant's late disclosures occur before the commencement of the defense case. *See United States v. Hoffecker*, 530 F.3d at 187. Given that the Government's attention and resources are focused on jury selection and its case-in-chief, notification of expert witnesses shortly before trial starts or during trial - even if days or weeks before the defense experts testify - is "an affront to the public interests in the 'integrity of the adversary process,' 'the fair and efficient administration of justice,' and 'the truth-determining function of the trial process.' " *Id.*

Likewise, the Court should exclude the introduction of any raw data which may have been prepared by Loehrs unless a proper foundation is laid.   Again, in *United States v. Yu, supra*, this was the subject of an exclusion order in the trial court.   Therein, the defense counsel attempted to introduce several unauthenticated documents prepared by Loehrs during cross-examination of the Government's computer forensic agent.   One of the documents

purportedly showed raw data from which the Government agent's browsing-history excerpts were drawn.   No proper foundation could be laid and the document was excluded.   *Id*. at *3. The second line of questioning related to questions "designed 'to show [the agent] that there is actually evidence on the computer … he chose to ignore that would really show that' someone other than Yu had downloaded the illegal images."   This line of questioning was excluded, including a document which allegedly contained part of the Internet browsing history from a particular date.   *Id.*   Finally, the trial court granted the government's objection to the use of material not created by the government agent during cross-examination.   The appellate court upheld the trial court's rulings finding the exclusion of the data and documents was not an abuse of the trial court's discretion, partially because there was no way of knowing if the raw data prepared by the defense accurately reflected the material from which the agent had worked.   *Id*. at *5-6. ("To the extent that Yu challenges the district court's restriction of questions that relied on the raw data prepared by the defense, his argument fails."

**IV.**   **Exclusion of Testimony Concerning the Law**

Federal Rule of Evidence 704(b) prohibits expert testimony on ultimate issues of a case and the courts long have supported the exclusion of expert testimony on issues of law.   *See, e.g., United States v.* Shaffer, 472 F.3d 1219, 1225   (10th Cir. 2007) (exclude computer expert's opinion that based on the file structure of defendant's hard drive, he was on a "porn fishing expedition," not necessarily targeting child pornography, as going to defendant's state of mind – mens rea-vouching); *see also United States v. Moran*, 627 F.3d 985, 995 (5th Cir. 2010) (prohibiting drug courier profile evidence as "crossing the borderline between mere explanation

of the expert's analysis of the facts to a forbidden opinion on the ultimate legal issue in the case); *United States v. Ortland*, 109 F.3d 539, 544-545 (9th Cir.); *United States v. Vreeken*, 803 F.2d 1085, 1091 (10th Cir. 1986)("As a general rule, questions of law are the subject of the court's instructions and not the subject of expert testimony"), *cert. denied*, 479 U.S. 1067 (1987); *United States v. Jensen*, 608 F.2d 1349, 1356 (10th Cir. 1979)("an expert witness cannot state legal conclusions by applying law to the facts") (en banc), *cert. denied*, 488 U.S. 1008 (1989).

The rationale for this exclusion was set forth in *Specht v. Jensen*, 833 F.2d 805 (10th Cir. 1988):

> [I]t is axiomatic that the judge is the sole arbiter of the law and its applicability.

> *       *       *

> [T]estimony which articulates and applies the relevant law    . . . circumvents the jury's decision-making function by telling it how to decide the case.

*Id.* at 807-10.   Thus, the testimony outlined above must be excluded as inappropriate under the law.   *See, e.g., United States v. Daly*, 756 F.2d 1076, 1083 (5th Cir. 1985)(level of uncertainty of the applicable law must approach legal vagueness before expert testimony can be introduced on the issue); *accord, United States v. Burton*, 737 F.2d 439, 443-44 (5th Cir.1984).

Permitting such testimony would be tantamount to allowing the witnesses to testify about whether the defendant is guilty or not guilty, and would clearly be improper.   Thus, "although an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts."   *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir.), *cert. denied*, 502 U.S. 813 (1991); *Marx Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 510 (2d Cir.) (error to allow attorney to give conclusions as to legal

significance of facts adduced at trial), *cert. denied*, 434 U.S. 861 (1977).   This proposition is true, no matter how the expert testimony may be labeled.   *See id*. at 1295 (ultimate legal conclusion not admissible simply because it is presented in terms of industry practice).

**V.   Exclusion of Evidence Concerning The Manner of Entry By The Agents**

Rule 103(c) of the Federal Rules of Evidence which provides:

> In jury cases, proceedings shall be conducted, to the extent practicable, as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

As the Supreme Court Advisory Committee points out: "This subdivision proceeds on the supposition that a ruling which excludes evidence in a jury case is likely to be a pointless procedure if excluded evidence nevertheless comes to the attention of the jury."   *Bruton v. United States*, 389 U.S. 818 (1968).   Based upon the following considerations, the Government is requesting the Court grant this motion, thereby creating a vehicle by which to comply with Rule 103(c) of the Federal Rules of Evidence, and prevent the possibility of jury prejudice through its exposure to such inadmissible evidence.

By way of background, on October 6, 2011, when federal agents served the search warrant in this case, they went in "hot," which is to say the Special Response Team (SRT) initiated entry through the use of what is commonly referred to as a "flash/bang."   This is a device which, as the name implies, creates a flash of light and loud noise to throw occupants off-guard in order to allow the agents to make a safe entry.   This method was utilized in this case for several reasons, including the fact one of the residents was believed to be an associate of the Florencia 13 street gang, an organization with ties to weapons and drugs.   In any event,

10

once the residence was cleared by SRT, the search team entered.

On the eve of the prior trial, defense counsel presented the Government with approximately 71 photographic exhibits, many of which are images of the home in which defendant "rented"[2] a room.   These images depict alleged damage done by the entry and subsequent search.   Previously, at the status hearing just prior to jury selection, defense counsel requested 25 minutes for opening statements, in part, due to the number of exhibits and proposed testimony he would have to cover.   This would, necessarily, include the exhibits which are the subject of this motion, as they are the only exhibits disclosed by the defendant.

The Government reasonably believes defendant may attempt to introduce evidence concerning the Government's manner of conducting the criminal investigation and prosecution in this case.   It is hard to envision its relevancy to this evidence to an Indictment charging receipt, distribution and possession of child sexual exploitation images, outside of supporting a due process/spoliation defense.   For the reasons discussed herein, though, such a defense is not available in this case.   Therefore, the Government respectfully submits the anticipated evidence is irrelevant and should be barred.

### 1.   A Due Process/Spoliation Defense Is Not Available

One possible ground which defendants may proffer is that the testimony goes to a "spoliation" or due process defense.   This defense, however, is not available in this case.   A due process or spoliation defense generally is raised in "sting operations" or entrapment and contraband cases.   *See, e.g., United States v. Moore*, 916 F.2d 1131 (6th Cir. 1990); *United*

---

[2]  Defendant lived, rent free, in a room within a home owned and occupied by another family, residing in his own room which was locked when he was not present.

*States v. Zambrano*, 776 F.2d 1091 (2d Cir. 1985); *United States v. Alexandro*, 675 F.2d 34 (2d Cir. 1982), *cert. denied*, 459 U.S. 835 (1982).   Although some courts hold such a due process defense should be rejected per se on a separation of powers ground,[3] they also have acknowledged outrageous governmental investigative conduct may, in extreme circumstances, violate the Due Process Clause.   *United States v. Alexandro*, 675 F.2d at 39-40; *United States v. Asencio*, 873 F.2d 639 640-41 (2d Cir. 1989).   As noted in *United States v. Duncan***,** 896 F.2d 271, 275 (7th Cir. 1990), the Government has broad license in conducting investigations:

> Not only have we questioned the validity of the doctrine of outrageous government conduct, we have also observed that "due process grants wide leeway to law enforcement agencies in their investigation of the crime. Assuming that no independent constitutional right has been violated, governmental misconduct must be truly outrageous before due process will prevent conviction of the defendant."

No valid claim to a violation of such individual, independent constitutional right has been or can be made in this case.    In any event, the challenge which defendants may seek to make at trial is now barred.

Moreover, the defense of outrageous government conduct is not for the jury to consider, but must be decided by the trial court; therefore, to place the testimony before the jury would be improper.   A due process attack on the investigation and indictment is a matter to be litigated pre-trial.   *United States v. Duncan*, 896 F.2d at 274; *United States v. Nunez-Rios*, 622 F.2d 1093, 1098 (2d Cir. 1980).   No such motion was filed by the defendant prior to trial. Defendant's' failure to raise an outrageous government conduct or due process claim in a

---

[3]   *See*, *United States v. Miller*, 891 F.2d 1265, 1271-73 (7th Cir. 1989) (Easterbrook, J., concurring); *United States v. Miceli*, 774 F. Supp. 760, 769 (W.D.N.Y. 1991).

pretrial motion pursuant to Rule 12(b)(2) constitutes a waiver of the claim.   *United States v. Henderson-Durand*, 985 F.2d 970, 973 (8th Cir.), *cert. denied*, 114 S. Ct. 164 (1993); *United States v. Nunez-Rios, supra; United States v. Duncan, supra*.   It may, thus, be procedural error to submit that legal issue to the jury through presentation of evidence in its presence.

      **2.**      **Irrelevant Evidence Should Be Excluded**

Although a defendant is allowed to present their theory of defense to a jury, "some relevant factual basis for the defense should exist under Federal Rules of Evidence 401 and 402 before evidence or testimony is offered."   *United States v. Thompson*, 25 F.3d 1558, 1564 (11th Cir. 1994); *see also, United States v. Wiman*, 77 F.3d 981, 985 (7th Cir. 1995) (defense must be supported by law and have some foundation in the evidence).   A defendant has no right to present witnesses or cross-examine adverse witnesses about facts which are not of consequence to the determination of the case.   *Wiman*, 77 F.3d at 985.   Restated, "defendants are not entitled to present evidence which is irrelevant for any purpose other than to provoke the finder of fact to disregard the law."   *United States v. Lucero*, 895 F. Supp. 1421, 1426 (D. Kan. 1995)(J. Theiss).   As the Eleventh Circuit held:

> Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence.

*United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir.), *cert. denied*, 141 L. Ed. 2d 754 (1998) (*citing, Zal v. Steppe*, 968 F.2d 924, 930-31 (9th Cir. 1992)); *United States v. Gorham*, 523 F.2d 1088, 1097-98 (D.C. Cir. 1975); *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997), *cert. denied*, 139 L. Ed. 2d 645 (1998).

13

Federal courts have held it is appropriate to require a defendant to submit an offer of proof to establish whether the evidence is sufficient as a matter of law to support any relevant defense. The constitutional right of the defendant to a fair trial is not diminished if the defendant is precluded from raising irrelevant issues or defenses for which he can present no supporting evidence at all. *United States v. Brodhead*, 714 F.Supp. 593, 596 (D. Mass.1989) (precluding political necessity argument, Nuremberg defense, and crime prevention defense), *citing, United States v. Seward*, 687 F.2d 1270, 1273 (10th Cir. 1982), *cert. denied*, 459 U.S. 1147 (1983).

Herein, defendant is attempting to introduce evidence for which the Government can ascertain no possible relevance. Rather it appears based on the evidence provided and statements of counsel, it is an attempt to confuse the issues, attempt to admit inappropriate and irrelevant impeachment, and point the jury in the direction of nullification which is inappropriate. A defense must be one cognizable under the law, and must be a defense to the charges brought. *See United States v. Zang*, 703 F.2d 1186, 1195 (10th Cir. 1982), *cert. denied*, 464 U.S. 828 (1983). The Government respectfully submits the proffered evidence is not relevant to any cognizable defense or any defense to the charges brought. As such, the evidence should be excluded, or at the very least, defendant should be required to proffer its relevancy prior to any mention or introduction thereof.

## VI.   The Court Should Exclude Evidence Regarding Specific Acts of Good Character

The defendant should be prohibited, on direct and/or cross-examination, from introducing evidence of specific acts of good character, including, but not necessarily limited to, evidence that he is a good member of the community, soldier, father, husband, son, family

member, churchgoer, or student or evidence that he did not commit similar criminal acts on other particular occasions.   As the Court is well aware, the defendant is charged with criminal offenses involving the sexual exploitation of minors. Although the defendant's conduct will be in issue, whether he is a good member of the community, soldier, father, husband, son, family member, churchgoer, or student will not be at issue.

Federal Rule of Evidence 404(b) proscribes the admission of character evidence to prove that a defendant has a good character and acted in conformity therewith.   *See* Fed. R. Evid. 404(b); *United States v. Hill*, 40 F.3d 164, 168 (7th Cir. 1994), *cert. denied*, 514 U.S. 1029 (1995). From this prohibition follows the general principle that individual acts of good conduct are not admissible to prove good character.   *See United States v. Camejo*, 929 F.2d 610, 613 (11th Cir.) (defendant's refusal to accept witness' offer to join narcotics business inadmissible), *cert. denied*, 502 U.S. 880 (1991).   Consequently, evidence of good conduct is not admissible to negate criminal intent.   *See Michelson v. United States*, 335 U.S. 469, 477 (1948); *United States v. Russell,* 703 F.2d 1243, 1249, *reh'g denied*, 708 F.2d 734 (11th Cir. 1983).

Whether the defendant is a good member of the community, son, family member, churchgoer, or student is irrelevant to the charges against him, and offers no defense to those charges.   Thus, such evidence should not be admitted, whether offered through direct or cross-examination.   *See, e.g., United States v. Neighbors*, 23 F.3d 306, 310 (10th Cir. 1994) (evidence that defendant was asked to serve on board of substance abuse center excluded in drug trial); *United States v. Santana-Comacho*, 931 F.2d 966, 967-68 (1st Cir. 1991)(evidence of character as a good family man and a kind person inadmissible because not pertinent to illegal transportation of aliens charge); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989)

10

(policeman's resume and commendations properly excluded as not pertinent to mail fraud charge); *United States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir. 1988)(evidence about defendant's specific activities with March of Dimes inadmissible).   Moreover, has defendant previously has requested exclusion of defendant's "goth" appearance, his various body piercings, etc., for defendant insert this type of evidence would be disingenuous.

Additionally, proof of an assertion by a negative is inadmissible.   *See United States v. Beverly*, 913 F.2d 337, 353 (7th Cir. 1990), *cert. denied*, 498 U.S. 1052 (1991).   Therefore, evidence the defendant acted lawfully or laudably on other occasions is irrelevant to his attempt at proving he acted lawfully on the occasions alleged in the indictment.   *See United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990); *United States v. Burke*, 781 F.2d 1234, 1243 (7th Cir. 1985).   In other words, "a defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."   *United States v. Scarpa*, 913 F.2d 993, 1011 (2d Cir. 1990); *accord, Hill*, 40 F.3d at 168 (defendant's failure to steal "test letters" not admissible to prove she did not steal letters as charged); *Beverly*, 913 F.2d at 353 (testimony that witness never saw defendant sell cocaine inadmissible in drug prosecution). In light of the above-cited case law, the defendant should not be allowed to introduce evidence concerning specific acts of good conduct.

## VII.   The Court Should Exclude any Evidence or Argument Offered for the Purpose of Encouraging Jury Nullification

### A.   Introduction

A jury is entitled to acquit a defendant on any ground it chooses.   Nevertheless, "a defendant is not entitled to inform the jury that it can acquit him on grounds other than the

facts in evidence, i.e., a jury has the power of nullification but defense counsel is not entitled to urge the jury to exercise this power."   *United States v. Muse*, 83 F.3d 672, 677 (4th Cir.), *cert. denied*, 138 L. Ed. 2d 186 (1996).   Therefore, a trial judge may block any attempts to "serenade a jury with the siren song of nullification" and may instruct the jury to the exclusion of jury nullification.   *United States v. Garcia-Rosa*, 876 F.2d 209, 226 (1st Cir. 1989), *cert. denied*, 493 U.S. 1030 (1990); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993), *cert. denied*, 512 U.S. 1223 (1994).   The defendants should not be allowed to present irrelevant evidence to provoke the jury to disregard the law, nor should the defendants be allowed to argue jury nullification at any point in the trial.   *See, e.g., United States v. Sloan*, 704 F. Supp. 880, 884 (N.D. Ind.1989)(jury nullification a proper issue for motion in limine; motion granted).

### B.   Irrelevant evidence and/or evidence without factual foundation

Although the defendant is allowed to present his theory of defense to the jury, "some relevant factual basis for the defense should exist under Federal Rules of Evidence 401 and 402 before evidence or testimony is offered."   *Thompson*, 25 F.3d at 1564; *see also, United States v. Wiman*, 77 F.3d 981, 985 (7th Cir. 1995) (defense must be supported by law and have some foundation in the evidence).   A defendant has no right to present witnesses or cross-examine adverse witnesses about facts which are not of consequence to the determination of the case. *Wiman*, 77 F.3d at 985.   Stated another way, "defendants are not entitled to present evidence which is irrelevant for any purpose other than to provoke the finder of fact to disregard the law." *United States v. Lucero*, 895 F. Supp. 1421, 1426 (D. Kan. 1995)(J. Theiss).   As the Eleventh Circuit has held:

> Because the jury enjoys no right to nullify criminal laws, and the
> defendant enjoys a right to neither a nullification instruction nor a
> nullification argument to the jury, the potential for nullification is
> no basis for admitting otherwise irrelevant evidence.

*United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir.), *cert. denied*, 141 L. Ed. 2d 754 (1998)

(*citing, Zal v. Steppe*, 968 F.2d 924, 930-31 (9th Cir. 1992)); *United States v. Gorham*, 523 F.2d

1088, 1097098 (D.C. Cir. 1975); *United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997),

*cert. denied*, 139 L. Ed. 2d 645 (1998).

Federal courts have held that "it is appropriate to require a defendant to submit an offer

of proof to establish whether the evidence is sufficient as a matter of law to support the

proffered defense. [citations omitted].   The constitutional right of the defendant to a fair trial

is not diminished if the defendant is precluded from raising defenses for which she can present

no supporting evidence at all. [citations omitted]."   *United States v. Brodhead*, 714 F. Supp.

593, 596 (D. Mass.1989)(precluding political necessity argument, Nuremberg defense, and

crime prevention defense), *citing, United States v.   Seward*, 687 F.2d 1270, 1273 (10th Cir.

1982), *cert. denied*, 459 U.S. 1147 (1983).

Based on the above-discussed precedents, the defendant should not be allowed to: (1)

present evidence to the jury that it can acquit him on grounds other than the facts in evidence;

(2) present irrelevant evidence to provoke the jury to disregard the law; and, (3) present

evidence through defense witnesses or cross-examine adverse witnesses about facts which are

not of consequence to the determination of the case.   The government submits any evidence

concerning the above allegations, which have no foundation in fact and are irrelevant to the

issues in this case, would be presented to the jury for the sole purpose of jury nullification.

10

VIII.  **Restriction on Counsel's Voir Dire, Arguments and Cross-Examination**

The Government also asks the Court to enter an order restricting defense counsel from

mentioning in his opening statements or questioning of witnesses certain matters, including:

(1) any defense exhibits;

(2) any possible sentence or other ramifications faced by the defendant in this case;

(3) any information or facts which could only come to the jury's attention through the sworn testimony of the defendant (unless the attorney for the defendant informs the Court that his or her client will testify); and,

(4) any other information relating to matters precluded or limited under this motion.

Chief Justice Burger has succinctly stated the purpose and scope of opening statements:

An opening statement has a narrow purpose and scope.   It is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument.   To make statements which will not or cannot be supported by proof is, if it relates to significant elements of the case, professional misconduct.   Moreover, it is fundamentally unfair to an opposing party to allow an attorney, with the standing and prestige inherent in being an officer of the court, to present to the jury statements not susceptible to proof but intended to influence the jury in reaching a verdict.

*United States v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring) (misconduct by

defense counsel in opening statement).   While permitting opening statements in criminal

cases is a "well-established and practical custom," *United States v. Stansfield*, 521 F.2d 1122,

1125 (9th Cir. 1976), the scope and extent of an opening is within the control of the trial court.

*United States v. Freeman*, 514 F.2d 1184, 1192 (10th Cir. 1975).   The Government asks the

Court to control the scope of the defense counsel's opening to the extent of prohibiting

mention of matters for which there is no reasonable basis to believe are relevant or that will not be supported by admissible evidence.   *See United States v. Meeker*, 558 F.2d 387, 388 (7th Cir. 1977).

A.      **Information Contained in Defense Exhibits**

As previously discussed, the defendant has failed to produce any discoverable items, other than the photographs previously mentioned and a legal opinion relating to another case entirely.   Federal Rule of Criminal Procedure 16(d)(2) provides in pertinent part:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may ... prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

The Standing Discovery Order provides for much the same relief.

The Government is requesting suppression of the defense exhibits supplied and any witnesses relating thereto based on the defense's failure to comply with applicable Federal Rules and this Court's Standing Discovery Order.   Should the defendant supply any further material, the Government will seek a hearing outside the presence of the jury to determine the admissibility of any "eleventh hour" evidence which has been revealed by defendant.   *United States v. Levy-Cordero*, 67 F.3d 1002, 1015 (1st Cir. 1995).   As such, counsel should be precluded from mentioning their existence or the facts contained therein during opening statements because, if the requested exclusion is granted by this Court, comment by counsel at any time during the trial would be inappropriate.

10

### B.  Potential Sentence for Offenses Charged or Possible Ramifications

The Government moves to preclude the defendant, the defendant's attorneys, or any witness from mentioning the potential punishment or other ramifications that the defendant may face if convicted.   Comments such as these are collateral and serve no purpose in this trial.

As the Court well knows, "the jury has no sentencing function and should reach its verdict without regard to what sentence might be imposed."   *Rogers v. United States*, 422 U.S. 35, 40 (1975); *See also Pope v. United States*, 298 F.2d 507, 508 (5th Cir. 1962).   Moreover, without the requested limitation, this Court would be called upon to conduct a discussion with the jury on sentencing, which would, in effect, remove the issue of sentencing from the exclusive province of the Court and distort the jury's deliberations.   *See United States v. Frappier*, 807 F.2d 257, 261-62 (1st Cir. 1986), *cert. denied*, 481 U.S. 1006 (1987).

Finally, any cross-examination of witnesses regarding potential sentences would elicit only speculation by the witness.   As such, this questioning would not only be improper for the reasons discussed above, such questioning could also be seriously misleading.   Consequently, the Government asks that the Court exclude evidence regarding the potential sentences the defendant is facing.

### C.  Background Information of Defendant

In the absence of an assertion that a defendant will testify, there is no reasonable basis to believe that a variety of personal information about that defendant, even if relevant, will be elicited at trial.   If counsel cannot state at the beginning of the trial whether the defendant will testify, he cannot state that he reasonably expects to elicit the information.   Consequently,

10

there will exist no reasonable basis for including it in his opening, and the Court should prohibit the statements from being made in the first place.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, the Government respectfully submits is Motions in Limine should be granted.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

By:           /s/
J. BRANDY GARDES
Assistant United States Attorney
CA Bar No. 144770


/s/
DANIEL R. CRUMBY
Assistant United States Attorney
TX Bar No. 24049839
700 E. San Antonio, Ste. 200
El Paso, Texas    79901
(915) 534-6884

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2013, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Michael Gorman, Esq.                    Attorneys for Defendant
Shane McMahon, Esq.
Federal Public Defenders Office
700 E. San Antonio, 4th Floor
El Paso, Texas 79901


/s/
J. BRANDY GARDES

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Cause No.: EP-11-CR-2728-KC** |
| | § | |
| **ANGEL OCASIO,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER ON GOVERNMENT MOTIONS IN LIMINE**

On this day, came on for hearing the Government's Motions in Limine, and after considering the same and arguments of counsel, the following orders will enter:

IT IS HEREBY ORDERED that:

1.  The Court shall conduct all voir dire examination in this cause. The parties shall supply written questions in conformance with the Court's Trial Preparation Order.

2. Any evidence not made available to the opposing party previously shall be excluded unless excusable neglect is shown.  If such evidence is sought to be admitted, it shall be brought to the attention of the Court outside the presence of the jury to determine its admissibility.  Unless and until the Court rules on the admissibility of such late disclosed evidence, neither the counsel nor parties shall refer to it in any manner.

3.  The testimony of Tami Loehrs is hereby excluded;

4.  Defendant shall not solicit or attempt to solicit any testimony or evidence of any kind concerning prior litigation concerning any peer-to-peer software.

5. Evidence and testimony relating to the manner of entry by federal and task force agents into the home where defendant resided on October 6, 2011, is excluded.

6. Defense counsel is prohibited from mentioning to the jury at any time that the crime with which the defendant is charged is a felony, carrying a specific sentence or any punishment whatsoever. Comments such as "taking away defendant's freedom," "sending him to jail", or the like serve no purpose in this trial and are prohibited.

7. In the absence of an assertion that a defendant will testify, there is no reasonable basis to believe that a variety of personal information about that defendant and/or his intent, even if relevant, will be elicited at trial. As such, comment upon such matters is prohibited, unless and until counsel represents defendant will testify.

8. Counsel are directed to limit direct and cross-examination of witnesses to appropriate matters as determined by the Court in the hearing on this motion.

Signed this ____ day of June, 2013.


_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE