IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | Cause No.: EP-11-CR-2728-KC |
| | § | |
| **ANGEL OCASIO,** | § | |
| | § | |
| **Defendant.** | § | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and files its request for jury instructions to the jury, both Fifth Circuit Pattern Jury Instructions and proposed special jury instructions to supplement the pattern jury instructions, in connection with the trial of the above-referenced matter.

From the Pattern Jury Instructions for the Fifth Circuit (2012 Edition), the Government respectfully requests the following instructions:

**I.        Preliminary Instructions:**

       1.01 -   Preliminary Instruction
       3.01 -   The Use of Electronic Technology to Conduct Research On or
               Communicate About a Case (*Before Trial option*)

**II.       Final Instructions – Pattern Instructions**

      ***A.  General Instructions:***
         1.03 -   Introduction to Final Instructions
         1.04 -   Duty to Follow Instructions

      1.05 -   Presumption of Innocence, Burden of Proof, Reasonable Doubt
      3.01 -   The Use of Electronic Technology to Conduct Research On or Communicate About a Case (Close of Case option)

**B.  *Evidence and Witnesses***

      1.06 -   Evidence – Excluding What Is Not Evidence
      1.07 -   Evidence – Inferences – Direct and Circumstantial (Alternative B)
      1.08 -   Credibility of Witnesses
      1.09 -   Character Evidence (*If appropriate*)
      1.10 -   Impeachment by Prior Inconsistent Statements *(If appropriate)*
      1.17 -   Expert Witness
      1.30 -   Similar Acts
      1.43 -   Summaries and Charts Not Received in Evidence (*If appropriate*)
      1.44 -   Summaries and Charts Received in Evidence (*If appropriate*)

**C.  *Counts of Indictment***

      1.18 -   On or About
      1.32 -   Attempt
      1.37 -   Knowingly
      1.37A- Deliberate Ignorance
      1.42 -   Commerce Defined
      2.82B - Receiving and Distributing Receipt of Material Involving the Sexual Exploitation of Minors – Elements
      2.82C - Possession of Material Involving the Sexual Exploitation of Minors
      1.31 -   Possession

**D.  *Closing Instructions***

      1.21 -   Single Defendant – Multiple Counts
      1.24 -   Duty to Deliberate – Verdict Form
      1.19 -   Caution – Consider Only Crime Charged
      1.20 -   Caution – Punishment

**III.**   <u>**Final Instructions – Requested Special Instructions**</u>

The Government further respectfully requests the Court to include in its charge to the jury, in addition to the requested pattern instructions, the following proposed special jury instructions:

Proposed Special Instruction 1:     Definitions

Proposed Special Instruction 2:     Specific Investigative Techniques Not Required (*If appropriate*)

Proposed Special Instruction 3: "Reasonably Near" – Defined

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

BY: /s/
J. BRANDY GARDES
 Assistant U.S. Attorney
Calif. Bar No. 144770
700 E. San Antonio, Ste. 200
El Paso, Texas 79901

**GOVERNMENT SPECIAL INSTRUCTION 1:**
**DEFINITIONS**

The following definitions will assist you in making these determinations:

The term "**interstate or foreign commerce**" means the movement of an item from one state to another state, from one state to another country, or from another country to one state. You are instructed that the movement of communications or images by means of the Internet is tantamount, or equivalent, to their movement across state lines and thus constitutes transportation in interstate commerce.[1] Additionally, use of the Internet and email, both, are facilities or means of interstate commerce.[2]

The term '**minor**' means any person under the age of eighteen years.

The term '**visual depiction**' includes data stored on computer disk or by electronic means, which is capable of conversion to a visual image."[3]


**Authority:**
*Title 18, United States Code, section 2256*

GIVEN                              (      )

GIVEN AS MODIFIED                  (      )

DENIED                             (      )

---

[1] Such is the law in this Circuit, *United States v. Runyan*, 290 F.3d 223, 239 (5th Cir.), *cert. denied*, 123 S.Ct. 137 (2002); see *United States v. Winkler*, 639 F.3d 692, 701 (5th Cir. 2011) (extending *Runyan* holding to § 2252).

[2] *United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) ; see also *United States v. D'Andrea*, 440 F. App'x 273, 274 (5th Cir. 2011) ("The facility or means of interstate commerce provision is an element of the offense; but interstate communication is not required by the statute.").

[3] The definition of "visual depiction" is modified from Fifth Circuit Pattern Jury Instruction 2.82A relating to production of child pornography.

**GOVERNMENT SPECIAL INSTRUCTION 2:**
**SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED**

During the trial you have heard testimony of witnesses and argument by counsel the Government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether a defendant is guilty. However, you also are instructed that there is no legal requirement the Government use any of these specific investigative techniques to prove its case. (For example, there is no requirement to attempt to take fingerprints, or that the Government offer fingerprints in evidence.) Law enforcement *techniques* are not your concern. Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

Moreover, the law does not require the prosecution to call as witnesses all persons who have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require the prosecution to produce as exhibits all papers and things mentioned in the evidence.

**Authority**
Sand, *Modern Federal Jury Instructions*, 4-4 (modified).

GIVEN                (       )

GIVEN AS MODIFIED    (       )

DENIED               (       )

## GOVERNMENT SPECIAL INSTRUCTION 3:
## "REASONABLY NEAR" – DEFINED

Generally speaking, as used in these instructions "reasonably near" the date alleged in the indictment, means any date between date of the filing of the indictment and 5 years prior to that date.

### Authority

*Russell v. United States*, 429 F.2d 237, 238 (5th Cir.1970) (per curiam) ["an allegation as to the time of the offense is not an essential element of the offense charged in the indictment," and, within reasonable limits, the offense need only occur before the return of the indictment and within the statute of limitations].

*United States v. Bowman*, 783 F.2d 1192, 1197 (5th Cir.1986) [finding nine month variance between the mailing date alleged in the indictment and the date to which witness testified at trial not fatal].

*United States v. Harrell*, 737 F.2d 971, 981 (11th Cir.1984) (upholding conviction where indictment alleged that offense occurred in February 1980, but proof showed that offense occurred during the summer of 1980), *cert. denied*, 469 U.S. 1164, 105 S.Ct. 923, 83 L.Ed.2d 935 (1985).

GIVEN              (      )

GIVEN AS MODIFIED  (      )

DENIED             (      )

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 11th day of June, 2013, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Mary Stillinger, Esq.

                                           /s/
                               J. BRANDY GARDES