IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | §   EP-11-CR-2728-KC |
| | § |
| ANGEL OCASIO. | § |

**ORDER**

On this day the Court considered Defendant Angel Ocasio's Third Supplemental Motion in Limine and Supporting Memorandum ("Motion"), ECF No. 157. In the Motion, Ocasio makes five separate requests pertaining to the government's use of certified records of business activity, the government's use of evidence or argument concerning child erotica, the government's disclosure of expert testimony, the government's use of a forensic toolkit report, and the government's use of testimony regarding illustrations of computer searches. *See id*. at 1-10. This Order only addresses the third issue, that is, the government's disclosure of expert testimony. With respect to this issue, Ocasio seeks a motion in limine limiting the testimony of the government's expert witnesses or, in the alternative, an order from this Court requiring the government to supplement its disclosed summaries of this expert testimony. *Id*. at 7. For the reasons set forth below, the Court **ORDERS** the government to provide Ocasio with amended summaries of the testimony of each expert witness it may call at trial.

I.   **BACKGROUND**

On April 29, 2013, the government gave notice to Ocasio that it might call four individuals as expert witnesses at his trial. *See* Government's Notice of Expert and Mem. of Law ("Disclosure") 1-4, ECF No. 124. In this Disclosure, the government provided duplicate summaries of each expert witness's testimony. *See id*. Specifically, the government stated that

1

each expert witness would "testify as to the child sexual abuse images found on digital media belonging to defendant and the manner in which such was discovered." *Id*.

In his Motion, filed on June 13, 2013, Ocasio claims that these summaries of testimony are not sufficient under the law. Mot. 2-3. Specifically, Ocasio argues that the government has not provided an adequate written summary of the testimony of the four expert witnesses as required by Federal Rule of Criminal Procedure 16(a)(1)(G). *Id*. at 3-4. Ocasio notes that the summaries are inadequate to allow him to prepare a cross-examination of the expert witnesses. *See id*. at 7.

## II. DISCUSSION

Rule 16(a)(1)(G) states that:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(a)(1)(G).

"The purpose of Rule 16(a)(1)(G) is 'to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" *United States v. Cuellar*, 478 F.3d 282, 294 (5th Cir. 2007), *rev'd sub nom on other grounds*, *Cuellar v. United States*, 553 U.S. 550 (2008) (quoting Fed. R. Crim. P. 16 Advisory Committee Notes to 1993 amendment). The Advisory Committee Notes to Rule 16 state that a summary of an expert witness's expected testimony is "intended to permit more complete pretrial preparation by the requesting party." Fed. R. Crim. P. 16 Advisory Committee Notes; *see also United States v. Davis*, 514 F.3d 596, 611 (6th Cir. 2008) (also citing to the Advisory Committee Notes);

*United States v. Jasper*, 00 CR. 825(PKL), 2003 WL 223212, at *3 (S.D.N.Y. Jan. 31, 2003).  If a party fails to abide by this or any other provision of Rule 16, a court may "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2).

      Here, the provided summaries do not meet the requirements of Rule 16(a)(1)(G) because they do not reasonably allow Ocasio to complete his pretrial preparations.  *See Cuellar*, 478 F.3d at 294; Fed. R. Crim. P. 16 Advisory Committee Notes.  The summaries are insufficient because they fail to identify the actual subject matter of the expert witnesses' testimony.  This case is the result of a complex and extended investigation that involved the use of advanced computer technology.  *See* Mot. to Suppress and Supporting Memorandum Ex. A, at 1-29, ECF No. 85-1 (search warrant application detailing the intricate nature of the investigation).  The government never identifies which specific aspects, methods, or results of this investigation will be the subject of expert testimony.  Rather, the government has provided the exact same generic summary of testimony for each expert witness.  *See* Disclosure 1-4.  Because Federal Rule of Evidence 403 prohibits "needlessly presenting cumulative evidence," the Court finds it difficult to believe that the government intends to have each expert witness testify as to the same matters.  *See* Fed. R. Evid. 403.  Without knowing which facet of the investigation each expert witness will testify to, Ocasio will not be able to effectively prepare a cross-examination.  *See Cuellar*, 478 F.3d at 294.  Finally, an expert witness who is qualified to testify as to one facet of this investigation may not be qualified to testify as to another facet of this investigation.  *See* Fed. R. Evid. 701-03.  Without more specificity as to the subject matter of each witnesses' testimony,

Ocasio may not be able to prepare an effective *Daubert* challenge.  *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-97 (1993).  In sum, the provided summaries are too broad and vague for Ocasio to reasonably complete his pretrial preparations.  *See Cuellar*, 478 F.3d at 294; Fed. R. Crim. P. 16 Advisory Committee Notes.  For this reason, the provided summaries do not meet the requirements of Rule 16(a)(1)(G).  *See Cuellar*, 478 F.3d at 294.

### III.   CONCLUSION

Accordingly, the Court hereby **ORDERS** the government to provide Ocasio, on or before 4:00 p.m. on June 14, 2013, with amended summaries of the testimony of each expert witness it may call at trial.  These amended summaries must include the methods employed, items of interest sought through the individual examinations, findings with regard to those items of interest, and any other information that Ocasio may need to adequately prepare for trial.  Failure to comply with this Order may result in sanctions as provided for in Rule 16(d)(2).  The Court holds Ocasio's alternative request for a motion in limine on this matter in abeyance, pending the government's compliance with this Order.

**SO ORDERED.**

SIGNED this 13th day of June, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE