IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §    CRIMINAL NO. EP-11-CR-2728-KC |
| | § |
| ANGEL OCASIO, | § |
| | § |
| Defendant. | § |

**GOVERNMENT'S MOTION TO EXCLUDE THE EXPERT TESTIMONY OF TAMI LOEHRS,
OR IN THE ALTERNATIVE, A REQUEST FOR A
_DAUBERT_ HEARING CONCERNING THE ADMISSIBILITY OF EXPERT TESTIMONY**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorneys, and respectfully requests this Court exclude Defendant's expert witness, Tami Loehrs of Loehrs & Associates, from testifying in the above entitled case pursuant to Federal Rules of Evidence 702, 401 and 403. Alternatively, the Government requests a _Daubert_ hearing to test the evidentiary reliability of Loehrs' theories and techniques and the admissibility thereof in this case.

**I.
SUMMARY OF THE FACTS**

    The evidence in this case includes child sexual abuse videos obtained from an external hard drive (hereinafter referred to as EXT1). A subsequent Government forensics review found approximately 97 child sexual abuse videos located on EXT1. Several incomplete files (files which had not completed downloading) were found on the computer's hard drive (C1H1). As part of the discovery in this case, the Government made available a forensic duplicate image of EXT1 to the

1

defendant's attorney and examiner, along with all other computers and computer media seized during the search.

During the week of December 17, 2012, Marlene Pulido of Loehrs & Associates arrived at HSI to conduct the examination on this and two other cases. A total of three days was spent reviewing all three cases.

Ms. Pulido was given a forensic duplicate of the hard drive as requested. She also was given access to any other material she wished. Additionally, to ensure an exact image of EXT1 was provided, it was imaged in accordance with standardized policies; no errors were reported by the imaging software and the image was verified by MD5 verification algorithms (hash value). As such, the examiner had an exact duplicate of EXT1.

On June 13, 2013, at 5:23pm, the defense disclosed a 181-page forensic examination report dated February 10, 2013, setting forth the findings and opinions of Ms. Loehrs, including what does and does not constitute child pornography, and whether or not the defendant is guilty or innocent of the charges brought against him.

In the Report of Forensic Examination submitted by Tami Loehrs, Loehrs & Associates, Loehrs questions the reliability of her own forensic findings and ultimate opinion when her report specifically states:

> **THE FOLLOWING REPORT SETS FORTH PRELIMINARY RESULTS BASED UPON A LIMITED OFF-SITE FORENSICS EXAMINATION OF LESS THAN 40 HOURS. FOR CASES INVOLVING COMPLEX ISSUES SUCH AS EVIDENCE OF OTHER USERS, VIRUSES AND TROJANS, CERTAIN FORENSIC PROCESSES AND PROCEDURES REQUIRE WEEKS, IF NOT MONTHS, OF UNFETTERED ACCESS IN FRONT OF THE EVIDENCE IN A CONTROLLED LAB ENVIRONMENT AND CANNOT BE ACCOMPLISHED AT AN OFF-SITE FACILITY.**

Report, page 2 (emphasis in original). Additionally, the Report states

> In order to determine who may have been responsible for the files charged in the Indictment, a more thorough forensic examination of the evidence would be required in a controlled lab environment and could not be done at an off-site location as was provided in this case.

Nevertheless, Loehrs states her ultimate opinion to be that she could not find any evidence to support the allegations in the Indictment based on this admittedly incomplete forensic review. For instance:

> **Count One** I did not find any evidence to support the allegations in Count One…
>
> [On C1H1] Five of the videos had content that, in my opinion, would not be defined as child pornography according to 18 USC Section 2256…
>
> [On EXT1] One of those videos depicted obvious child pornography while the other had questionable content and the female could be an adult.1

Report pp. 4-5.  Loehrs then goes on to make similar "findings" in connection with Counts Two, Three and Four.

> Further into the Report, Loehrs makes the statement:
>
> …the evidence revealed at least nine files were opened and viewed during various dates and times in this location.  However, I was unable to identify a user at the keyboard.

Report., p. 165.

### III.
### ARGUMENT & AUTHORITIES

On June 11, 2013, the Government filed a motion in limine to exclude the testimony of Tami Loehrs, the defendant's proposed computer forensics expert. [ECF Doc. 153].  The Government brought that Motion based on the fact defendant had failed to designate an expert.

---

1 Similar qualifying statements concerning her conclusions as to what is and what is not child pornography are made throughout the report.  *See*, *e.g.*, p. 16

He has now done so, a mere seven calendar days (five business days) prior to trial. Providing a 181 page this close to trial does not afford the government sufficient time to test the findings included in the report.[2] Although Rule 16 includes no specific timing requirements, "it is expected that the parties will make their requests and disclosures in a timely fashion." Fed.R.Crim.P. Advisory Committee's Note to 1993 Amendment. When a party fails to do so, the court may "order [the non-complying] party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions [.]" Fed.R.Crim.P. 16(d)(2)(A). Alternatively, the court may simply "prohibit that party from introducing the undisclosed evidence [.]" Fed.R.Crim.P. 16(d)(2)(C).

This issue was discussed in depth in the Government's Motion in Limine, but would reiterate sufficient pretrial notice is so essential, courts have not hesitated to exclude expert testimony for failing to provide sufficient notice to the other party far in advance of trial. *See, e.g., United States v. Hoffecker*, 530 F.3d 137, 184 (3d Cir. 2008) (holding that district court properly excluded three defense expert witnesses whose names were disclosed three business days before jury selection and 34 months after indictment); *United States v. Petrie*, 302 F.3d 1280, 1283-88 (11th Cir. 2002) (affirming the district court's exclusion of defendant's expert where defendant waited until the Friday afternoon prior to the commencement of trial to disclose his expert to the Government); *United States v. Goguen*, 723 F.2d 1012, 1021-22 (1st Cir. 1983) (affirming decision to exclude defendant's expert because, in part, of belated disclosure on the third day of trial); *United States v. Wilson*, 493 F.Supp.2d 484, 488-489 (E.D.N.Y. 2006)(granting Government's motion

---

2   The review time for the government effectively is 2 days, in that Computer Forensic Analyst Demetrio Medina, who is schedule to testify in this trial, is subpoenaed for a trial in United States District Court, Western District of Texas, Pecos Division for the period of June 18 through June 20, 2013.

to preclude the defendant's expert from testifying due to late disclosure); *United States v. Jasper*, 00 Cr. 825 (PKL), 2003 WL 223212, at *5 (S.D.N.Y. Jan. 31, 2003) ("defendant should be aware that the failure or delay in producing the written summary of an expert's testimony that defendant intends to use at trial has resulted in the preclusion of such evidence at trial); *United States v. Mahaffy*, 2007 WL 1213738, *3 (precluding defendant from presenting expert testimony at trial due to his late submission). Exclusion is appropriate even when the defendant's late disclosures occur before the commencement of the defense case. *See United States v. Hoffecker*, 530 F.3d at 187. Given that the Government's attention and resources are focused on jury selection and its case-in-chief, notification of expert witnesses shortly before trial starts or during trial - even if days or weeks before the defense experts testify - is "an affront to the public interests in the 'integrity of the adversary process,' 'the fair and efficient administration of justice,' and 'the truth-determining function of the trial process.' " *Id.*

For the reasons set for in the Government's Motion In Limine, coupled with those set forth below, the Government respectfully submits the withholding of a forensics report which has been in the custody of the defendant for at least four (4) months is grounds for the exclusion.[3]

### A.   The Proposed Testimony Should Be Excluded Pursuant to Federal Rules of Evidence 702, 401 and 403.

In addition to the timeliness issues, the Government submits the testimony much of the proposed testimony contains logical gaps, legal conclusions and may mislead the jury. As such it is irrelevant and inadmissible.

---

[3] It should be noted that none of the information contained in the expert's report relates to the issues raised in defendant's Motion to Suppress or his subsequent Motions to Compel. As such, there is no legal justification for his failure to disclose the report.

Relevant evidence is "evidence having a tendency to make the existence of any fact that is of consequence to the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Evidence which is not relevant is inadmissible. Fed. R. Evid. 402.

The Federal Rules of Evidence permit opinion testimony from an expert witness if it will assist the trier of fact to understand the evidence or to determine some fact in issue. Fed. R. Evid. 702.  Specifically, Rule 702 provides in pertinent part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"When evaluating expert testimony, the overarching concern is whether or not it is relevant and reliable."  *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007).

The burden is on the proponent to prove admissibility.  *See Bourjaily v. United States*, 483 U.S. 171 (1987).  Thus, the proponent of an expert witness' testimony bears the burden of proving the witness has the necessary qualifications and the testimony is based on sufficient data to render it reliable.

The District Court serves a critical gatekeeping function concerning the admissibility of expert evidence, and is required to conduct an exacting analysis of the foundations of expert opinions to ensure they meet the standards for admissibility under Rule 702.  *United States v. Daubert*, 509 U.S. at 589; *Kumho Tire Company, Ltd. v. Carmichael,* 526 U.S. 137, 149-157 (1999) (gate-keeping function is not limited to "scientific" expert testimony, but applies to all expert testimony.)    In order to be reliable, proposed expert testimony must be supported by

6

"appropriate validation-i.e., 'good grounds.'" *United States v. Frazier,* 387 F.3d 1244, 1261 (11th Cir. 2004), *quoting Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. at 590. The trial judge has the task of ensuring that an expert's testimony rests on a reliable foundation. *Id.*

To ensure that expert testimony is both reliable and relevant, the Court should engage in a three-part inquiry, considering whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Id.* In short, these basic requirements are qualification, reliability, and helpfulness. *Id.*

The appellate courts review a trial court's decision to exclude expert testimony under an abuse of discretion standard. *See General Electric Co. v. Joiner*, 522 U.S. 136 (1997). Accordingly, the Fifth Circuit has recognized that district courts are given "wide latitude in determining the admissibility of expert testimony, and the discretion of the trial judge ... will not be disturbed on appeal unless manifestly erroneous." *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir.1997). Thus, admissibility of expert opinion testimony generally turns on preliminary question of law determinations by the trial judge under Federal Rule of Evidence 104(a) including, but not limited to:

1. Whether the opinion is based on scientific, technical, or other specialized knowledge. FED.R.EVID. 702;

2. Whether the expert has appropriate qualifications; that is, some special knowledge, skill, experience, training or education on that subject matter. FED.R.EVID. 702; *Jones v. Lincoln Electric Co.*, 188 F.3d 709 (7th Cir.1999); *see Wilson v. Woods,* 163 F.3d 935, 936 (5th Cir.1999) (expert in fire reconstruction unqualified as expert in auto accident reconstruction);

    3.    Whether the expert's opinion would assist the trier of fact in understanding the evidence or determining a fact in issue.  FED.R.EVID 702;

    4.    Whether the testimony is relevant and reliable.  *Daubert*, 509 U.S. at 589; *Kumho Tire*, 526 U.S. at 152-153;

    5.    Whether the methodology or technique the expert uses "fits" the conclusions. *See General Electric Co. v. Joiner*, 522 U.S. at 14; and,

    6.    Whether its probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time.  FED.R.EVID. 403.

The Government respectfully submits these factors favor exclusion in this case.

As indicated, the rule requires the opinion testimony to be "reliable."  Herein, though, throughout the report Loehrs repeatedly states she was unable to perform a full forensic review. The Supreme Court has advised district courts to require more than the mere "*ipse dixit*" of the expert witness.  *See General Electric Co. v. Joiner,* 522 U.S. at 146 (1997).  In other words, an expert's testimony is unreliable if it contains "too great an analytical gap between the data and the opinion offered." *Id.*  The Government submits that is precisely what defendant offers here.

Additionally, Ms. Loehrs is attempting to testify as to the age of persons depicted in the videos without ever having seen the videos.   Moreover, all of her conclusions and analysis are based on work done by another, uncertified, employee.

Although an expert is allowed to rely on other's examinations and opinions, Rule 703 does not allow the wholesale adoption of the other expert's opinions without attempting to assess the validity of the opinions upon which he or she relied.  *In re TMI Litigation,* 193 F.3d 613, 715-6 (3rd Cir. 1999) (concluding blind reliance by expert on another expert's opinion was flawed methodology under *Daubert*).  Herein, Ms. Loehrs did not view any of the alleged child pornography, examine the computer equipment or conduct any forensic processes thereon.

8

Rather, her "assistant" Marlene Pulido conducted the examination. However, Ms. Pulido's qualifications or ability to conduct the forensic examination is not set forth. Rather, Ms. Pulido's examination is whole-heartedly adopted by Ms. Loehrs. In short, there is no way for the Government or the Court to evaluate Ms. Pulido's and, in turn, Ms. Loehrs' work. As such, Ms. Loehrs' testimony also is excludable as she has failed to demonstrate Ms. Pulido's work upon which she bases her opinions was reliable. *See, In re TMI Litigation, supra*, 193 F.3d 715-16 (finding the expert's methodology was flawed when he relied entirely on another expert's report).

Finally, the ultimate opinion in Loehrs' report is that she did not find evidence defendant "knowingly distributed and attempted to distribute" or "knowingly received, attempted to receive and/or possessed" child pornography. It would, therefore, appear defendant will be calling the expert to testify as to an ultimate issue in a criminal case; as such, it is inadmissible. As the Fifth Circuit Court of Appeals has explained:

> Under the Federal Rules of Evidence, a qualified expert witness may offer reliable opinion testimony if specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702. In a criminal case, however, an expert witness may not offer an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged. FED.R.EVID. 704(b). The ultimate issues in a criminal case "are matters for the trier of fact alone." *Id*.

*United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 363 (5th Cir. 2010) (citations omitted).

There is nothing before the Court to suggest that Loehrs is particularly qualified to understand the mental attitudes of others. Even assuming she were, she is able to render an opinion on intent only by drawing inferences from the evidence. Such opinions merely substitute the inferences of the expert for those the jury can draw on its own. Testimony which does little more than tell the jury what result to reach is inadmissible. *Woods v. Lecureux*, 110 F.3d 1215 (6th

Cir.1997).

### B. In The Alternative, The Government Requests A Daubert Hearing.

In the alternative, should this Court consider allowing Ms. Loehrs to testify, the Government requests a *Daubert* hearing to determine whether she has applied sufficient reliable and accepted processes and methods to adequate facts and data upon which to base her opinion pursuant to *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993). From a review of the information provided by the defendant concerning his expert's anticipated testimony, the Government is unable to identify any possible relevant and reliable evidence the expected opinion testimony could offer.

As noted previously, Ms. Loehrs indicates repeatedly indicates her review of the computer material was not thorough and complete. As of this writing, the United States has not received a supplemental report and, in fact, only just received the preliminary report. Ms. Loehrs' opinion is necessarily unreliable in violation of Rule 702 and *Daubert* if it is premised on an incomplete assessment of the evidence.

Based thereon, the Government respectfully requests, should the Court be of the opinion the witness' proposed testimony is not barred by law, that the Court conduct a hearing outside the presence of the jury under the authority of *Daubert* to determine:

- Whether the opinion of would assist the trier of fact in understanding the evidence or determining a fact in issue;

- Whether the anticipated testimony is relevant and reliable;

- Whether probative value of the expected testimony is or is not outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time,

and thereafter enter an Order based on the Court's findings and determination excluding or limiting the testimony of the proffered "expert witness." This will assure only reliable and relevant

16

expert testimony is presented to the jury. *Wilson v. Woods*, 163 F.3d 935, 936 (5th Cir.1999).

For instance, while files may be stored on a computer without the owner's knowledge and the presence of prohibited images on a defendant's computer may not be conclusive evidence of knowledge, *see United States v. Moreland*, 665 F.3d 137, 151-54 & n.7 (5th Cir. 2011), knowledge from possession is a permissible inference, and an expert's announcement that jurors must not draw this permissible inference would undoubtedly confuse the jury. *United States v. Terrell*, No. 11-50602, 2012 WL 5383540, at *8-9 (5th Cir. Nov. 5, 2012).

Even more fundamentally, Ms. Loehrs' opinion about what does or does not constitute evidence "is a legal opinion and inadmissible." *See Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997). Plainly stated, an expert's "opinion on the legal conclusions to be drawn from the evidence both invades the court's province and is irrelevant*." Owen v. Kerr McGee Corp.*, 698 F.2d 236, 240 (5th Cir.1983). Ms. Loehrs' opinion as to what is or is not evidence of knowledge is inadmissible. *United States v. Cervantes*, 3:12CR-217-KC, Doc. 81, p. 8 (excluding testimony of Tami Loehrs in same circumstances).

Additionally, once again, if Ms. Loehrs is seeking to testify she was unable to "put a user at the keyboard" at times when Ms. Loehrs' own report confirms that the prohibited images were indeed accessed. "With this mantra, Ms. Loehrs is unmistakably urging a broad negative inference that Defendant's computer, [ ] actually did not contain any evidence that Defendant was at the keyboard of his own computer on this day and time. As to this desired inference, however, Ms. Loehrs' research lacks any probative value." *United States v. Cervantes*, 3:12CR-217-KC, Order after Daubert hearing, Doc. 81, p. 10 (excluding testimony of Tami Loehrs in same circumstances). This testimony is quite similar to that the Eleventh Circuit decided was properly excluded in *United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004). In that case, a trial court excluded an expert's

16

testimony that the expert would have "expected" to find the defendant's hair and semen on the body of a victim of sexual assault, had the defendant been responsible for that assault. Frazier, 387 F.3d at 1265-66. The Eleventh Circuit upheld the trial court's determination that the expert's "expectation" of finding a certain kind of evidence was sufficiently imprecise "to confuse the jury, and might well have misled it." Id.

Most importantly, Ms. Loehrs' expert opinions as set forth in her report are unreliable by her own admission she did not have sufficient time to examine the computer equipment.[4] An "expert's testimony must be reliable at each and every step or else it is inadmissible*." Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007). "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion . . . ." Id. Here, there is no sufficient link between Ms. Loehrs' unfinished search for evidence and her conclusions.

---

[4] The Government has never denied the defendant or his expert access and they never have requested to further exam any of the digital media or equipment.

**CONCLUSION**

Wherefore, premises considered, the Government respectfully requests its Motion be granted and Tami Loehrs be excluded from testifying in this case. Alternatively, should this Court consider allowing Ms. Loehrs to testify, the Government requests a *Daubert* hearing to test the evidentiary reliability of her theories and techniques.

Respectfully submitted,

ROBERT PITMAN
UNITED STATES ATTORNEY

By:         /s/
J. BRANDY GARDES
 Assistant United States Attorney
CA Bar No. 144770

         /s/
DANIEL R. CRUMBY
 Assistant United States Attorney
TX Bar No. 24049839
 700 E. San Antonio, Ste. 200
 El Paso, Texas 79901
 (915) 534-6884

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June, 2013, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Michael Gorman, AFPD
Shane McMahon, AFPD

/s/

J. BRANDY GARDES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| v. | § | **CRIMINAL NO.  EP-12-CR-217-KC** |
| | § | |
| **ANGEL OCASIO,** | § | |
| | § | |

### ORDER GRANTING GOVERNMENT'S
### MOTION TO EXCLUDE EXPERT TESTIMONY

On this day, the Court considered the Government's Motion to Exclude Expert Testimony of Tami Loehrs, or in the Alternative, a Request for a *Daubert* Hearing Concerning the Admissibility of Expert Testimony," in the above-captioned cause.  In its Motion, the Government requests that the Court exclude Tami Loehrs, defendant's expert witness, from testifying, pursuant to Federal Rules of Evidence 702, 401 and 403 and pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc,* 509 U.S. 579 (1993).

After due consideration, the Court is of the opinion that Ms. Loehrs proposed testimony is based on unreliable evidence and procedures and would not assist the trier of fact to understand the evidence or to determine a fact in issue, as required under Federal Rule of Evidence 702, and any probative value is substantially outweighed by the risk of unfair prejudice, confusion of issues, or undue consumption of time.  FED.R.EVID. 403.  Thus, the Government's Motion should be granted.

Accordingly, IT IS HEREBY ORDERED the Government's "Motion to Exclude Expert Testimony of Tami Loehrs, Alternatively, a Request for a *Daubert* Hearing Concerning the Admissibility of Expert Testimony," is **GRANTED.**

IT FURTHER IS ORDERED Tami Loehrs' testimony is EXCLUDED in the trial of this matter.

SO ORDERED this ___ day of June, 2012.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE