UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. EP-11-CR-2728-KC-1 |
| | ) | |
| ANGEL OCASIO | ) | |

**DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO SUPPRESS, FOR DEFERRAL OF RULING ON MOTION TO SUPPRESS OR FOR ALTERNATIVE MOTION FOR CONTINUANCE**

Defendant ANGEL OCASIO respectfully moves for reconsideration of the Order denying the Motion to Suppress (Doc. No. 163), and thereafter grant a deferral of this ruling under Federal Rule of Criminal Procedure 12(d) in light of the voluminous information recently produced by TLO. In the alternative, if deferral is not deemed appropriate, this Court is respectfully asked to consider a 30-day continuance of the pending trial to facilitate the necessary review of the documents recently provided by third party, TLO, LLC. In support thereof, he would show the following:

**I.   BACKGROUND**

On January 22, 2013, this Court permitted the filing of the Motion to Suppress (Doc. No. 85) challenging (1) a warrantless search conducted by the Child Protection System ("CPS"), much later identified to be the proprietary product of TLO, LLC, and (2) deceptive practices in requesting search warrants involving the same system (the *Franks* issue").

On May 3, 2013, Counsel sought specific production of details relevant to CPS through subpoena. On June 10, 2013, Christopher Antcliff, local counsel for TLO, delivered documents in an effort to comply with this demand. The documents produced included approximately 140,000

lines of computer source code.[1]  While counsel has endeavored to work with this material provided, the form in which the information was delivered[2] has made this review a time consuming process that will not and could not feasibly be completed prior to the scheduled trial.  As such, while the defense has the information in its possession that could provide the evidentiary basis this Court deems wanting, it cannot conduct the review in the brief period available given disclosure so close to the scheduled trial date.

On the late afternoon of June 13, 2013,[3] undersigned counsel participated in a teleconference with Mr. William Wiltse of TLO, LLC and Mr. Antcliff.  Mr. Wiltse agreed to participate in a neutral test of the source code as implemented in this case, with a software configuration verified by undersigned counsel in order to ascertain if CPS searches may reach non-public information on target computers.  This test would include and open and public analysis of any and all test data proposed by the defense, and any or all peer-to-peer search software similarly proposed by the defense.  This neutral test would include the recording of all input and output data, thereby definitively answering all possible concerns with regard to this version of

---

[1]The source code is written in a computer language known as PHP.  There are approximately 2000 printed pages of this code.  Counsel anticipated this would be presented on disk, which would expedite the review through existing software, but as this is a computer server language, more need be done than simply opening source files on a computer.

[2]Counsel in no ways implies a deliberate effort by TLO to hinder this review.  It is apparent that TLO is willing to cooperate with the comprehensive review required, and is willing to participate in any and all testing provided it occurs in an open environment subject to objective scrutiny.  The defense believes this approach is unobjectionable to all parties, and likely to produce scientifically acceptable results, regardless of the outcome.

[3]The Office of the Federal Public Defender was closed due to budget restraints on Friday, June 14, 2013.  Given this rather unorthodox request, counsel needed to research the same to see if trial could proceed with a pending motion to suppress.  Having conducted said review, there would appear to be on legal impediment to this approach.

CPS. Such represents a basic application of scientific method, and would answer an important question while recognizing TLO's concerns as to public disclosure of software. Mr. Wiltse indicated the test platform for such testing could not be assembled prior to the scheduled trial date in this case.

Undersigned counsel believes he has a sufficiently positive working relationship with Mr. Antcliff and William Wiltse to permit resolution of the pending Motion through a mutually acceptable procedure. The answer to this CPS concern is dispositive of the Motion to Suppress. Given the uncertainty as to the volume of disclosure, there was simply no way of giving this newly acquired information an appropriate review prior to the scheduled trial. However, undersigned counsel is of the opinion that this issue, involving third party TLO, is collateral to any issue that may appear in this trial, and is limited to the problem of whether CPS executes warrantless searches, an issue not relevant to trial matters.

## II.    LEGAL ARGUMENT

Counsel requests reconsideration of its Order denying the Motion to Suppress solely for the purpose of permitting the review of the CPS system that was possible only after June 10, 2013 with the production by TLO of details sought by the defense.

Federal Rule of Criminal Procedure 12(d) provides as follows:

> The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. When factual issues are involved in deciding a motion, the court must state its essential findings on the record.

In this case, the defense has pursued this information through multiple approaches, only very recently receiving the material sought. TLO is not a party to this trial, and the Government has disclaimed, through the affidavit filed in opposition to the defense Motion to Compel, an

3

understanding of TLO's proprietary software or knowledge of details as to its operation above and beyond the training materials provided by TLO to agents. As CPS finds national use, this issue is very likely to appear in future motions, presenting problems for TLO and its trade secrets as well as taxing courts and dockets in addressing the issue in future cases. Most significantly, this issue directly affects Mr. Ocasio as a warrantless search may require dismissal of this case.[4] For all of the foregoing reasons, there is good cause to defer ruling on this Motion until after trial.

The defense absolutely does not want to delay trial in order to review this material, and very much wants to proceed to trial as scheduled. Moreover, a delay of trial is not required to permit this process to take place. As stated, undersigned counsel views this problem as one separate and apart from any issue that may arise during trial. The only reason a continuance would be sought by the defense would be to complete the review of CPS, a review that could not reasonably be completed within one week, in the absence of a deferral in order to insure Mr. Ocasio's interests are protected. As this issue revolves entirely around the conduct of a third party that would not be called at trial as witness, there would appear to be no prejudice to any party in deferring the matter. Combined with a finding of good cause, this matter need not be resolved prior to trial.[5]

---

[4]This Court has permitted the review required for a definitive resolution of the issue. The anomalies giving rise to concerns of warrantless searches place the burden on the Government, not on the defense, to justify the search. Given the absence of reasonable time to review this voluminous production, this Court is asked only to permit the conclusion of the review it has permitted. In so doing, it insures the interests of all involved and avoids the concerns of prejudice that may result if important facts set forth in the TLO disclosure are not adequately scrutinized.

[5]As indicated previously, the Motion also involves a *Franks* issue directed to local agents. After reviewing the affidavits filed by TLO and the Government, undersigned counsel accepts that the Government has little involvement with CPS and any argument directed to deliberate misstatement would be difficult to overcome. The fact the involvement of TLO as a third party

Undersigned counsel would anticipate the following scenarios if a deferral of this Court's ruling were granted until after trial. First, if Mr. Ocasio were to be acquitted, then the Motion becomes moot. Second, if Mr. Ocasio were to be convicted and the issue remain active, then this Court would likely not sentence him for 3 months. During that time, and likely prior to the end of July, a review would be conducted as previously described. If issues are identified with CPS through this review, then those facts would be made known to this Court, and an order would enter with full knowledge of the objective findings. In contrast, if CPS tests without issue, then those findings would be presented to this Court, and it could then rule accordingly or the defense could simply withdraw the Motion.[6]

---

participant in searches is not made known to magistrate judges prior to issuing warrants is troubling to say the least, as it would appear that such involvement would prompt questions typical of informant declarations. It suffices to say that the defense does not intend to pursue the *Franks* issue further with this Motion, thereby removing any concerns of claims directed to the Government and its agents. This Court may therefore accept this as a notice of withdrawal with regard to any *Franks* issue if it permits a deferral, and thereby limits the deferral to concerns specific to TLO and the possibility of warrantless searches conducted through CPS.

[6]Counsel could simply withdraw the Motion at this time. However, there may be value in the presentation of this test information through a published decision as such would represent a definitive statement on an issue that presently is the subject of ambiguity and speculation by defense and Government alike nationwide. Any information disclosed would be presented with full regard for the concerns of TLO in preserving the secrecy of CPS.

### III.     CONCLUSION

For the following reasons, Mr. Ocasio requests that this Court reconsider its Order (Doc. No. 163) denying the Motion to Suppress, and grant a deferral of its decision pursuant to Rule 12(d).  In the alternative, this Court is respectfully asked to continue the pending trial for 30 days in order to complete the review agreed upon with TLO.

                                        Very truly yours,

                                        MAUREEN SCOTT FRANCO
                                        Federal Public Defender

                                        /s/
                                        MICHAEL GORMAN
                                        Assistant Federal Public Defender
                                        Federal Building
                                        700 E. San Antonio, D-401
                                        El Paso, Texas  79901
                                        (915) 534-6525
                                        *Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 16th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

J. Brandy Gardes
Assistant U. S. Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901

                /s
                _____
                Michael Gorman
                Attorney for Defendant

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. EP-11-CR-2728-KC-1 |
| ) | |
| ANGEL OCASIO ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO SUPPRESS, FOR DEFERRAL OF RULING OR FOR ALTERNATIVE MOTION FOR CONTINUANCE**

On this day the Court considered Defendant's Defendant's Motion for Reconsideration of Order Denying Motion to Suppress, for Deferral of Ruling or for Alternative Motion for Continuance. This Court is of the opinion that the Motion has merit and should be granted.

IT IS ORDERED that reconsideration of this Court's Order (Doc. No. 163) is hereby GRANTED. The Clerk is directed to reinstate the Motion to Suppress as a pending Motion.

IT IS FURTHER ORDERED that good cause exists under Federal Rule of Criminal Procedure 12(d) to defer resolution of the Motion to Suppress until a date prior to sentencing in this case as good cause exists for the same. The Motion to Suppress involves a concern limited to a third party, TLO, involves the possibility of warrantless searches that would affect Defendant's interests in this case if such deferral were not to be granted, and does not implicate any issue that may arise in the pending trial.

AND IT IS ORDERED that the time is permitted to complete the review described in Defendant's Motion, which this Court anticipates will be prior to July 31, 2013. At the completion of this review, the defense is directed to produce the findings of such review for this Court's consideration. Such review shall be completed prior to imposition of sentence.

SIGNED AND ENTERED on the _____ day of June, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE