IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No.: EP-11-CR-2728-KC |
| ANGEL OCASIO, | § § § | |
| Defendant. | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR RECONSIDERATION OF ORDER DENYING
MOTION TO SUPPRESS, FOR DEFERRAL OF RULING ON MOTION
TO SUPPRESS OR FOR ALTERNATIVE MOTION FOR CONTINUANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through the United States Attorney for the Western District of Texas, and responds as follows to Defendant's Motion For Reconsideration Of Order Denying Motion To Suppress, For Deferral Of Ruling On Motion To Suppress Or For Alternative Motion For Continuance and respectfully would show unto this Honorable Court the following:

**ARGUMENT**

This Court denied defendant's Motion to Suppress [ECF No. 85], via Order dated July 16, 2013.  [ECF No. 163].  Shortly thereafter, defendant filed the instant Motion.  [ECF No. 164]. Therein, defendant first complains of the voluminous nature of the documents provided by TLO, LLC, indicating he has been unable to perform a complete review thereof.  He further reveals that, despite the fact he has been offered the opportunity for a "live" demonstration of the

software since April,[1] he has only now started the arrangements therefor and the demonstration cannot take place prior to trial.[2]  Defendant further requests this Court defer its ruling on the already denied Motion to Suppress until after trial or to continue the trial.   The Government respectfully submits deferral is inappropriate and, should the defendant wish to continue his testing,[3] the trial be continued.

While the Government has no objection to the Court reconsidering the Motion to Suppress, it respectfully submits that do defer a ruling thereon would be inappropriate. Federal Rule of Criminal Procedure 12 provides in pertinent part:

>  (b) Pretrial Motions.
>
>  (3) **Motions That Must Be Made Before Trial**. The following must be raised before trial:
>
>  (C) a motion to suppress evidence;
>
>  (d) Ruling on a Motion. The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling. The court must not defer ruling on a pretrial motion if the deferral will adversely affect a party's right to appeal. When factual issues are involved in deciding a motion, the court must state its essential findings on the record.

---

1   In this Court's Order of April 26, 2013, the Government was ordered to "provide Mr. Ocasio with the same live demonstration [as was done in *United States v. Neale*, 5:12-CR-44 D. Vt.] by a developer of the software systems, if he so desires.   Defendant made no request for such a demonstration prior to now.

2   The Government has conferred with TLO, LLC's counsel Christopher Antcliff, Esq., who confirms defendant has requested the demonstration and that it has not yet been scheduled.   According to Mr. Antcliff, they are waiting on the defendant to provide some information from Tami Loehrs in order to complete the set up of the test.

3   As the Motion to Compel was decided based primarily on the fact the source code and other material was relevant to defendant's Motion to Suppress, it is respectfully submitted, with the denial of his Motion to Suppress, the material should now be returned to TLO, LLC, and any further testing is not required.

At first blush, it would appear the Court would be able to defer the ruling on the Motion to Suppress, however, a deeper look into surrounding case law reveals it is not always appropriate.

First, a deferred ruling may well impact on the Government's rights to appeal under Title 18, United States Code, section 3731, which provides in part:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district court suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

"Were a defendant able to delay a [suppression] motion until trial, he could prevent the government from appealing, thus frustrating the central purpose of § 3731.  It is for this reason that motions to suppress motions based on the exclusionary rule alone must be made by a defendant prior to trial or not at all, and for this reason as well that a district court ordinarily may not defer a ruling on a defendant's motion to suppress."   *United States v. Barletta,* 644 F.2d 50, 54-55 (1st Cir. 1981).   "The government … has a clear incentive to seek a pretrial ruling on admissibility … since it is unable to appeal an adverse ruling made once trial is underway."  *Id.* at 55.

Second, a delayed ruling on a motion to suppress is "a practice [appellate courts] find odd and do not encourage."  *United States v. Keith*, 440 Fed. Appx. 503 (7th Cir. 2001). Although it permissible to defer a ruling on a motion to suppress, a review of available case law suggests it not a widely utilized practice.

3

Third, defendant states in his motion "this issue [of the initial search by CPS] … is collateral to any issue that may appear in this trial, and is limited to the problem of whether CPS executes warrantless searches, an issue not relevant to trial matters."   [Motion, p. 3]   If, in fact this is the case, there can be no "good cause" to defer the ruling.   "[G]ood cause for deferral exists only if facts at trial will be relevant to the court's decision, but a district court must rule on any issue entirely segregable from the evidence to be presented at trial."   *United States v. Adkinson*, 135 F.3d 1363, 1369 n. 11 (11th Cir.1998) (quotation marks and citation omitted).

Fourth, while the rule allows for a deferral of the Court's decision, in the case of a motion to suppress evidence the power should be exercised in the light of the possibility that if the motion is ultimately granted a retrial of the defendant may not be permissible.

**CONCLUSION**

Defendant's request for deferral is not one which is favored in connection with Motions to Suppress, especially in light of the fact the issues, in defendant's eyes, are entirely segregable from the evidence to be presented at trial.[4]  Should the Court allow reconsideration of its Order based on the upcoming testing, such would require a continuance of the trial.

    Respectfully submitted,

    ROBERT PITMAN
    UNITED STATES ATTORNEY

    By:    /s/
    J. BRANDY GARDES
    Assistant United States Attorney
    CA Bar No. 144770

    /s/
    DANIEL R. CRUMBY
    Assistant United States Attorney
    TX Bar No.   24049839
    700 E. San Antonio, Ste. 200
    El Paso, Texas   79901
    (915) 534-6884

---

[4] Rather, defendant argues "[a]s CPS finds national use, this issue is very likely to appear in future motions … taxing courts and dockets in addressing the issue in future cases" and a decision could affect cases nationwide.   [Motion, p. 4, 5 n. 6].   The Government respectfully submits this Court should not be concerned about other cases either in this District or other districts nationwide; the concern should be in the case before the bar and nothing else.

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 17th day of June, 2013, a true and correct copy of the foregoing instrument was served in open court on counsel for defendant:

                                                    _____/s/_____
                                                    J. BRANDY GARDES
                                                    Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § | |
| v. | § § | Cause No.: EP-11-CR-2728-KC |
| ANGEL OCASIO, | § § | |
| Defendant. | § § | |

**ORDER**

Came on this day for consideration, Defendant's Motion for Reconsideration of Order Dying Motion to Suppress, for Deferral of Ruling or for Alternative Motion for Continuance [ECF. Doc. 164], along with the Government's Response thereto. [ECF Doc. 165] After review thereof,

IT IS ORDERED the reconsideration of this Court's Order [ECF. Doc. 163] is hereby GRANTED/DENIED.

IT IS FURTHER ORDERED no good cause exists for deferring resolution of the Motion to Suppress until a date subsequent to trial. As such defendant's request for deferral of a ruling is DENIED. Defendant has until _____, 2013 to complete the review as described in defendant's motion and to file any subsequent briefing on the Motion to Suppress. The Government shall have at least 10 days thereafter to respond.

The trial is hereby continued until _____, 2013 at \_\_:\_\_ \_.M., time is excludable due to defendant's motion to reinstate his Motion to Suppress.

SIGNED AND ENTERED on the _____ day of June 2013.

                                          _____
                                          KATHLEEN CARDONE
                                          UNITED STATES DISTRICT JUDGE