IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. EP-11-CR-2728-KC-1 |
| ) | |
| ANGEL OCASIO ) | |

**DEFENDANT'S MOTION REQUESTING THAT *DAUBERT* HEARING PROCEED BY PROFFERS OR, IN THE ALTERNATIVE, THAT EXPERT TAMI LOEHRS BE PERMITTED TO APPEAR AT SCHEDULED HEARING BY TELEPHONE OR THROUGH VIDEO LINK**

Defendant, ANGEL OCASIO, hereby respectfully moves for an order permitting the *Daubert* hearing presently scheduled for June 18, 2013 to proceed by proffer,[1] or, in the alternative, permitting Tami Loehrs to appear by telephone or video conference[2] at the hearing. In support thereof, Mr. Ocasio would respectfully show as follows:

The hearing on the Government's *Daubert* Motion is presently scheduled to take place at 1:00 p.m. on June 18, 2013. As noted in the Motion for Reconsideration, on June 14, 2013, the Office of the Federal Public Defender was vacant due to furlough requirements. Undersigned counsel was made aware of the present motion when reviewing the docket this weekend, at which time Ms. Loehrs could not be reached as her office was closed. Ms. Loehrs, who maintains an office in Arizona, was thus contacted only today by counsel.

This Court is first asked to consider ruling on the report based on its prior Order in *United*

---

[1] While this Court does not specify if it intended that this issue be resolved by proffer, it is assumed the live testimony of the witness is required for resolution of the Government's Motion.

[2] This Court has previously demonstrated its capability to conduct a hearing by video link in resolving competency issues with those ordered to FMC Butner in order to reduce the expenses of government witnesses in traveling to El Paso for scheduled hearings. As this Court is willing to embrace the technology available, it is asked to consider such an arrangement under the circumstances if live testimony is deemed necessary.

*States v. Cervantes*, EP-12-CR-217-KC, and the proffer of evidence set forth in the expert report. In *Cervantes*, the Government filed substantially the same motion (Doc. No. 54) directed to the same expert and her assistant, and offered identical legal arguments. This Court carefully considered those arguments in its Order (Doc. No. 64), and directed a hearing on the methodology of Ms. Loehrs. Following a hearing, this Court issued an Order (Doc. No. 81) setting parameters for trial and the testimony of Ms. Loehrs. Consistent with the Government's approach, which essentially offers a carbon copy of the motion filed in *Cervantes*, it is unclear why the live testimony of Ms. Loehrs would be necessary as she would simply present the same testimony already considered by this Court in addressing the Government's motion in *Cervantes*.

It is clear that this Court need not conduct a hearing using live testimony in exercising its discretion as gatekeeper under *Daubert*, and possesses broad discretion in determining the manner in which the reliability of an expert is tested. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). It is with this discretion that courts have determined *Daubert* issues based solely on proffers. *See, e.g., Dodge v. Cotter Corp.*, 328 F.3d 1212, 1224 (10th Cir. 2003). As such, given the prior determinations of this Court with regard to an identical motion directed to Ms. Loehrs, this Court need only consider its prior Order along with the proffer of Ms. Loehrs's report in conducting its *Daubert* assessment.

If this Court requires live testimony in lieu of proffers, this Court is asked to permit appearance by teleconference as counsel for the Government has previously been afforded the opportunity to test her live testimony at the *Daubert* hearing in *Cervantes*. Even if Ms. Loehrs could be brought to El Paso tomorrow, which appears unlikely given the late notice of a hearing tomorrow, as a retained expert, the Office of the Federal Public Defender will be required to

compensate her for her travel and lodging expenses, in addition to her court time.³ The defense has presently contracted only to have her appear for trial on June 25, 2013. Such represents one more difficulty with this appearance. Ms. Loehrs is presently conducting a forensic examination in Phoenix, but indicated she could appear at this hearing by telephone if needed.

WHEREFORE, as this Court has previously addressed the Government's Motion directed to this expert, it is respectfully asked to permit the defense to proceed with the proffer of Ms. Loehrs report. In the alternative, this Court is respectfully asked to permit Ms. Loehrs to appear by telephone or video link if live testimony is required.

        Very truly yours,

        MAUREEN FRANCO
        Federal Public Defender

         /s/

        MICHAEL GORMAN
        Assistant Federal Public Defender
        Western District of Texas
        Federal Building
        700 E. San Antonio, D-401
        El Paso, Texas 79901
        (915) 534-6525

        *Attorney for Defendant*

---

³Ms. Loehrs presently is under contract to appear for trial on June 25, 2013. As this Court is likely well aware, an additional contract would be required with all associated budget and funding bureaucracy. Given the present state of this Office, it is unclear whether additional contracts may be funded.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

J. Brandy Gardes
Assistant U. S. Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901

                                            /s/
                                    _____
                                    Michael Gorman
                                    Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. EP-11-CR-2728-KC-1** |
| | ) | |
| **ANGEL OCASIO** | ) | |

## ORDER

On this date came on to be heard Defendant's Motion requesting that the Daubert hearing proceed by proffer. After considering the same, the Motion is hereby GRANTED.

It is therefore ORDERED that this Court accepts Defendant's proffer of expert testimony as set forth in the report of examination of Ms. Loehrs.

ORDERED and ENTERED on this the _____ day of June, 2013.

SO ORDERED.

_____
KATHLEEN CARDONE
UNITED STATE DISTRICT JUDGE