UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. EP-11-CR-2728-KC-1 |
| ) | |
| ANGEL OCASIO ) | |

**FOURTH SUPPLEMENTAL MOTION IN LIMINE AND SUPPORTING MEMORANDUM**

ANGEL OCASIO (hereinafter "Mr. Ocasio") is charged in several counts with offenses related to possession, receipt and distribution of child pornography. He respectfully submits this Fourth Supplemental Motion in Limine in anticipation of jury selection. In support thereof, he would show as follows:[1]

Mr. Ocasio filed a Motion (Doc. No. 164) requesting that this Court defer ruling on his Motion to Suppress to permit the completion of additional investigation into the Child Protection System ("CPS") with the consent of its owner, TLO, LLC. The issue in this Motion is the reach of CPS, specifically whether the investigation accesses non-public personal computer files when executing rather than limiting its search to public information that would not be a matter of Fourth Amendment concern.

Separate from that matter, this Court has witnessed firsthand the Government's denial of its involvement in the operation and design of this software, which prompted a series of measures by the defense to obtain information from TLO, LLC, the last of which caused this Court to order disclosure of the source code for that system. Whether considered a lack of personal knowledge of its operation or an inability to demonstrate the reliability of CPS through its witnesses, there would appear to be no reason that CPS or information derived therefrom should be offered in testimony or otherwise by the Government or its witnesses in this case. The defense hereby notifies this Court

---

[1] A copy of this Motion was provided to counsel for the Government at a June 20, 2013 conference intended to produce resolution on *Daubert* and *in limine* issues. This Motion is filed for purposes of provided a record of the issues previously presented to the Government. In order to facilitate resolution of potentially contentious issues, the present Motion was not filed on June 16, 2013, as was counsel's intention, but rather was presented to counsel for the Government to facilitate agreement on the issues raised therein.

that it has no intention of discussing CPS in any way at trial.

The Government, in its Response to the Motion to Suppress filed in this case, offered what appears to be a copy of the display of CPS information that includes file names and date details. Counsel for the Government observed, prior to the first jury selection in this case, that undersigned counsel failed to include a proposed jury instruction for attempted distribution, thereby suggesting that the files identified by CPS were not, in fact, downloaded from the computer memory seized in this case. This suggests that the Government may attempt to support its charges involving the transfer of computer files, specifically the receipt and distribution of child pornography charges, through evidence derived from CPS.

Given the complexity of CPS, and the apparent fact that federal agents are merely trained as operators capable of reading its display of information, it is apparent that this information would need to be the subject of expert testimony. The internal workings of this software remain confidential in the hands of developer and owner, TLO, LLC. From the affidavits filed by the Government in this case, it would appear no local operator would possess sufficient knowledge of the system to permit reasonable cross-examination. Moreover, any attempt to offer information derived from CPS would require details of testing and reliability assessments to permit the conclusion that such information may be characterized as reliable. When offered as fact, this testimony and/or information would clearly be subject to the criteria set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593–94 (1993)(admissibility turns on (1) whether theory or technique can be and has been tested; (2) whether theory or technique has been subjected to peer review and publication; (3) whether there is a known or potential rate of error and whether there are standards for controlling the error; and (4) whether the theory or technique enjoys general acceptance within a relevant scientific community.). The reliability of CPS generated information has not been the subject of any investigation to date, however it is clear no individual outside TLO possesses sufficient knowledge to qualify as an expert on its operation.

Whether considered inadmissible hearsay, inappropriate reliance by experts on information

without a demonstrable basis in reliability or simply excludable on policy grounds given the possibility that confidential matters may arise in cross-examination, the defense requests exclusion of this information absent (1) testimony by a witness possessing more than a superficial knowledge of the system, specifically a representative of TLO; and (2) advance production of testing data, to include error rates and known defects that may bear on assessments of reliability of information produced by CPS. This material has not be sought in conjunction with the Motion to Suppress, thus would need to be reviewed and produced in order to engage in an appropriate cross-examination if CPS information were to be offered as evidence to the jury.

II.   **REFERENCES IN TESTIMONY AND/OR ARGUMENT TO SIGNIFICANCE OF COMPUTER FORENSIC INFORMATION**

The Government has now produced written summaries of the testimony of its proposed experts. *See* Government's Amended Notice of Expert and Memorandum of Law (Doc. No. 161). In so doing, the Government has declared its intention to present limited factual details from a forensic examination and possibly then, in lieu of an opinion from these individuals that can be tested on cross-examination, present the import of these facts through argument. The defense is concerned that the Government intends, through its argument, to offer its interpretation on these facts and thereby offer its own opinion on the expert evidence. Given the nature of forensic examinations, this approach invites an unqualified expert opinion in violation of Federal Rules of Evidence 702 and 703 and carries the strong possibility of misleading the jury in the balance under Federal Rule of Evidence 403.

In the course of proceedings in this case, counsel for the Government has made bold claims regarding computer technology that are readily disproved.[2] In motion practice, those failings could be pointed out in responsive briefs. The same may not be said of expert opinion masked as argument when offered to the jury.

---

[2]In proceedings on the Motion to Suppress, counsel for the Government claimed that LimeWire and FrostWire were completely different programs when FrostWire is in fact designed on LimeWire. She later claimed that Peer Spectre and CPS are completely different, when in fact William Wiltse, the developer of CPS, declared Peer Spectre is a component of CPS.

A major problem with the present approach described by the Government is it permits testimony limited to unqualified facts by an expert that typically are the subject of substantial interpretation from individuals qualified to do so. For example, these experts can simply offer the date/time details of computer files, without qualification, and permit counsel for the Government to offer opinion as to what that information signifies in a similar manner as has been encountered in written documents filed with this Court. In effect, counsel for the Government will offer the expert opinion through argument in a manner not reasonably addressed through defense arguments.

It suffices to say that forensic examinations are rarely dispositive of guilt or innocence, but rather suggests possible opinions based on the information identified. With that said, the information of interest to forensic examiners is complex and not typically understandable by lay jurors without substantial explanation. For example, one could offer an individual with a doctorate in chemistry to testify that he identified hydrogen and oxygen within a large building. One without knowledge in chemistry could then speculate that the owner of that building would be liable for maintaining unsafe conditions because hydrogen is highly explosive standing alone, as is oxygen. However, if that expert offered the opinion on the witness stand, he or she would be easily discredited if the substance involved was in fact water, $H_2O$, an extremely safe combination of the two elements mentioned previously. Such is the danger when the Government offers its own unqualified opinion as to what these expert facts may suggest. If this Court were to face this problem, it may strike the argument as inappropriate, however the jury is left with the opinion of an experienced prosecutor that may remain despite this Court's best efforts to cure the problem.

In light of the foregoing, this Court is asked to direct the Government to refrain from offering, whether by argument or non-expert witnesses, opinion as to what this forensic evidence signifies, or otherwise from offering opinion as to weight to be accorded these limited expert facts. If these experts offer neither opinions nor interpretation of these facts, and thereby limit possible cross-examination, then the same may not be offered through non-experts in opinion or argument. These limited facts identified in written summaries offer the possibility of a lively discussion in the

hands of experts during cross-examination when presented as opinion, but will form only a strong possibility of jury confusion when interpreted by non-experts.

### III.    REQUESTED RELIEF AND PROCEDURAL MATTERS

Defendant prays that this Court order the Government and its witnesses not to allude to any of the above matter without first obtaining the Court's ruling as to admissibility outside the hearing of the jury; and that the Court will exclude such evidence at trial.

MAUREEN SCOTT FRANCO
Federal Public Defender

 /s/

MICHAEL GORMAN
Assistant Federal Public Defender
Federal Building
700 E. San Antonio, D-401
El Paso, Texas  79901
(915) 534-6525
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of July, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

J. Brandy Gardes  
Assistant U. S. Attorney  
700 E. San Antonio, Suite 200  
El Paso, Texas 79901

                                       /s  
                             _____  
                             Michael Gorman  
                             Attorney for Defendant

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                              ) | Case No. EP-11-CR-2728-KC-1 |
| ) | |
| ANGEL OCASIO            ) | |

**ORDER**

On this date came on to be heard Defendant's Motion in Limine. After considering the same, the Court enters the following Order:

Defendant's Motion in Limine is GRANTED as to the following matters:

1. references to the Child Protective System ("CPS"), or information derived therefrom; AND

2. interpretations or opinions on facts presented through expert testimony when such opinions or interpretations were not previously offered by the expert and pertain to information or details associated with the computer forensic examination.

It is ORDERED that the Government shall not introduce, allude to or argue any of the above before the jury until it has first approached the bench and obtained the Court's ruling on the admissibility of such matters.

It is further ORDERED that the Government shall instruct its witnesses that they are subject to the terms of this Order and are similarly not to allude to or go into such matters until the Court has ruled on their admissibility, outside the presence of the jury.

ORDERED and ENTERED on this the _____ day of July, 2013.

_____
KATHLEEN CARDONE
UNITED STATE DISTRICT JUDGE