IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | §   EP-11-CR-2728-KC |
| | § |
| ANGEL OCASIO. | § |

### ORDER

On this day the Court considered the government's Motion to exclude portions of proposed expert witness Tami Loehrs's testimony at Defendant's trial. *See* Mot. to Exclude ("Motion") 14, ECF No. 159. For the reasons set forth below, the Court hereby **GRANTS** the Motion in part and **DENIES** the Motion in part.

### I. BACKGROUND

During the week of December 17, 2012, Defendant's expert on computer forensics, Ms. Loehrs, sent her assistant, Marlene Pulido, to conduct an examination of Defendant's computer hard drive at a government facility under the supervision of Homeland Security Investigations. *Id.* at 2. The government alleges that the hard drive contains files depicting child sexual abuse. *Id.* at 1. Ms. Pulido was able to review and test the hard drive for three days. *Id.* at 2. As a result of this examination, Ms. Loehrs authored an expert report, attached as Exhibit A to this Order, detailing her computer forensic findings on the hard drive. The cover page of the report specifically notes that

> THE FOLLOWING REPORT SETS FORTH PRELIMINARY RESULTS BASED UPON A LIMITED OFF-SITE FORENSICS EXAMINATION OF LESS THAN 40 HOURS. FOR CASES INVOLVING COMPLEX ISSUES SUCH AS EVIDENCE OF OTHER USERS, VIRUSES AND TROJANS, CERTAIN FORENSIC PROCESSES AND PROCEDURES REQUIRE WEEKS, IF NOT MONTHS, OF UNFETTERED ACCESS IN FRONT OF THE EVIDENCE IN A CONTROLLED LAB ENVIRONMENT AND CAN NOT BE ACCOMPLISHED AT AN OFF-SITE FACILITY. IF IT IS DEEMED NECESSARY TO CONTINUE THE FORENSIC INVESTIGATION OF THE EVIDENCE, A SUPPLEMENTAL REPORT MAY FOLLOW.

Ex. A, at 2.

On June 13, 2013, the government filed its Motion to exclude portions of Ms. Loehrs's testimony based on the contents of her report. *See* Mot. 14. On July 6, 2013, Defendant filed his Response to the Motion. *See* Resp. 18, ECF No. 169. In his Response, Defendant notes that the Motion presents similar issues as those raised in *United States v. Cervantes-Perez*, a case in which Ms. Loehrs testified, and encourages the Court to look to its December 11, 2012, Order in that case. *See* Resp. 15; *see also United States v. Cervantes-Perez*, EP-12-CR-217-KC, 2012 WL 6155914 (W.D. Tex. Dec. 11, 2012). During a July 8, 2013, hearing the government also noted the similarities between the issues presented in its Motion and those resolved in the December 11, 2012, Order. Because of this apparent agreement regarding the similarities of this case to the *Cervantes-Perez* case, on July 8, 2013, the Court ordered the parties to "submit a proposed order detailing the agreed portions of Ms. Loehrs's testimony and any motions regarding the disputed portions of Ms. Loehrs's testimony on or before August 7, 2013." July 8, 2013, Order 1, ECF No. 173. Then, on August 7, 2013, defense counsel emailed the Court a proposed order that contained both the agreed portions of Ms. Loehrs's testimony and the disputed portions of Ms. Loehrs's testimony. The government was copied on this email, and, as of the time of this Order has not objected to the proposed order. This proposed order is attached as Exhibit B to this Order.

In the proposed order, the parties agree that Ms. Loehrs's testimony will not contain:

> 1. Any reference to technical legal characterizations, such as what is or is not evidence at a trial, evidentiary burdens, and/or presumptions. Ms. Loehrs may not offer testimony that may be characterized as an uniquely legal rather than a technical or fact-based opinion.
> 2. Any opinion as to the age of victims depicted in videos or images seized in this case.
> 3. Any opinion that references theories that, in the opinion of Ms. Loehrs, cannot be substantiated absent additional investigation.
> 4. Any opinion suggesting that the mere act of accessing a particular computer file or an Internet account, such as Facebook, establishes that a person other than the owner of the computer used the same. While this evidence may be offered to suggest an individual other than the owner of the computer used that computer, it does not constitute definitive proof of use of the computer by one other than the owner.

Ex. B, at 1.

The parties, however, cannot agree as to:

> 1. Whether Ms. Loehrs may offer an opinion as to whether the technical manner and means by which particular videos or images are stored on a computer could cause a lay person to be unaware of the presence of such files on the computer. Specifically, the parties remain in dispute as to whether this testimony treads upon the permissive inference of knowledge available when a defendant has exclusive custody or control of contraband or whether the testimony is appropriate when evidence of non-exclusive possession is offered. Separately, the parties disagree as to whether the law of this Circuit bars any expert testimony directed to knowledge or whether the same may be offered in hypothetical form provided he or she does not state what a particular defendant did or did not know with regard to an offense.
> 2. Whether the procedure employed in conducting the local forensic examination, specifically the involvement of Ms. Loehrs's assistant Marlene Pulido, permits Ms. Loehrs to offer her expert opinion on the subject.
> 3. Whether the hearing may proceed on the briefs based on the testimony of Ms. Loehrs previously offered to this Court, or whether live testimony by Ms. Loehrs is required.

*Id.* at 2.

## II. DISCUSSION

### A. Standard

A district court may admit opinion testimony by a qualified expert witness under Rule 702 of the Federal Rules of Evidence only if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Specifically, "[a] party seeking to introduce expert testimony must show '(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (quoting Fed. R. Evid. 702). Because "[e]xpert evidence can be both powerful and quite misleading," a trial court "exercises more control over experts than over lay witnesses." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993). The trial court exercises "the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability, as it

enjoys when it decides *whether or not* that expert's relevant testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152-53 (1999).

A trial judge's "gatekeeping obligation applies . . . to all expert testimony," even where the expert testimony is not "scientific" in nature. *Id.* at 147. Rule 702 "applies its reliability standard to all 'scientific,' 'technical,' or 'other specialized' matters within its scope." *Id.* (quoting Fed. R. Evid. 702). Finally, "a judge assessing a proffer of expert . . . testimony under Rule 702 should also be mindful of other applicable rules," including particularly Rules 703, 706, and 403. *Daubert*, 509 U.S. at 595. Rule 403 requires the exclusion of even well-founded and relevant expert evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**B.     Analysis**

As an initial matter, the Court finds no issue with Ms. Loehrs's credentials or qualifications as an expert, and recalls that the government's Motion makes no attempt to contest them. *See generally* Mot.; *see also Cervantes-Perez*, 2012 WL 6155914, at *3 (also approving of Ms. Loehrs's credentials and qualifications in a similar case). However, the Court also finds that Ms. Loehrs's report, by her own admission, is preliminary and incomplete. Ex. A, at 2. This is again similar to *Cervantes-Perez*; in that case Ms. Loehrs also conducted a preliminary examination of a computer hard drive. *See Cervantes-Perez*, 2012 WL 6155914, at *1 (noting that the examination was preliminary). Accordingly, the Court limits the scope of Ms. Loehrs's testimony in a number of ways.

First, the Court **ADOPTS** the limits on Ms. Loehrs's testimony that the parties have agreed upon themselves. As such, it is **HEREBY ORDERED** that Ms. Loehrs may not testify as to:

> 1 Any reference to technical legal characterizations, such as what is or is not evidence at a trial, evidentiary burdens, and/or presumptions. Ms. Loehrs may not offer testimony that may be characterized as an uniquely legal rather than a technical or fact-based opinion.
> 2. Any opinion as to the age of victims depicted in videos or images seized in this case.
> 3. Any opinion that references theories that, in the opinion of Ms. Loehrs, cannot be substantiated absent additional investigation.
> 4. Any opinion suggesting that the mere act of accessing a particular computer file or an Internet account, such as Facebook, establishes that a person other than the owner of the computer used the same. While this evidence may be offered to suggest an individual other than the owner of the computer used that computer, it does not constitute definitive proof of use of the computer by one other than the owner.

Second, the Court limits the scope of Ms. Loehrs's testimony regarding her ability to testify about Defendant's knowledge. Here, the parties disagree as to "whether Ms. Loehrs may offer an opinion as to whether the technical manner and means by which particular videos or images are stored on a computer could cause a lay person to be unaware of the presence of such files on the computer." Ex. B., at 2. The Court reiterates its holding in *Cervantes-Perez* that Ms. Loehrs may not render opinion testimony as to whether an individual knowingly received or possessed a computer file. *See Cervantes-Perez*, 2012 WL 6155914, at *4-5 (citing *Owen v. Kerr McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983)). While Ms. Loehrs may be able to testify as to certain "technical manner and means," she may not mislead the jury and testify that the fact that contraband files existed on Defendant's computer is not an indication that Defendant may have knowingly received or possessed those files. *See id.* (citing *United States v. Terrell*, No. 11-50602, 2012 WL 5383540, at *8-9 (5th Cir. Nov. 5, 2012)). Moreover, to the extent Ms. Loehrs's testimony is used merely to confirm facts of which the jury is already adequately aware, this redundant testimony will be excluded to avoid "undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Third, the Court presently refrains from defining the permissible scope of Ms. Loehrs's testimony. This is because Ms. Loehrs has not completed her analysis of Defendant's hard drive. As such, the Court cannot determine if her testimony is relevant or whether "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.'" Fed. R. Evid. 702. Defendant may later request a hearing at trial outside the presence of the jury, if Defendant specifically identifies the expert opinion testimony proffered, its technical basis, and the grounds for its admissibility.

Fourth and finally, as to whether the involvement of Ms. Loehrs's assistant in the evaluation of the evidence affects Ms. Loehrs's ability to render testimony, the Court finds, as it did in *Cervantes-Perez*, that the assistant's role does not affect Ms. Loehrs's ability to testify in this case.

## III.  CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the Motion in part and **DENIES** the Motion in part.

**SO ORDERED.**

SIGNED this 14th day of August, 2013.

_Kathleen Cardone_
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE