UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. EP-11-CR-2728-KC-1 |
| | ) |
| ANGEL OCASIO | ) |

**ORDER GRANTING GOVERNMENT'S MOTION TO EXCLUDE EXPERT TESTIMONY**

On this day, the Court considered the Government's Motion to Exclude Expert Testimony of Tami Loehrs pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

Based on the agreement of the parties, and the briefs and arguments filed detailing the parties' respective positions, the following testimony is hereby ordered excluded from the testimony of Ms. Loehrs and/or any Government expert witness:

1. Any reference to technical legal characterizations, such as what is or is not evidence at a trial, evidentiary burdens, and/or presumptions. Ms. Loehrs may not offer testimony that may be characterized as an uniquely legal rather than a technical or fact-based opinion.

2. Any opinion as to the age of victims depicted in videos or images seized in this case.

3. Any opinion that references theories that, in the opinion of Ms. Loehrs, cannot be substantiated absent additional investigation.

4. Any opinion suggesting that the mere act of accessing a particular computer file or an Internet account, such as Facebook, establishes that a person other than the owner of the computer used the same. While this evidence may be offered to suggest an individual other than the owner of the computer used that computer, it does not constitute definitive proof of use of the computer by one other than the owner.

In addition to the foregoing, the parties withdraw their respective arguments specific to discovery violations, whether such arguments are directed to sanctions for untimely discovery or

limitations imposed on Ms. Loehrs in conducting her investigation in this case.

The following issues remain for this Court's resolution based on the arguments set forth by the parties in their respective briefs:

1. Whether Ms. Loehrs may offer an opinion as to whether the technical manner and means by which particular videos or images are stored on a computer could cause a lay person to be unaware of the presence of such files on the computer. Specifically, the parties remain in dispute as to whether this testimony treads upon the permissive inference of knowledge available when a defendant has exclusive custody or control of contraband or whether the testimony is appropriate when evidence of non-exclusive possession is offered. Separately, the parties disagree as to whether the law of this Circuit bars any expert testimony directed to knowledge or whether the same may be offered in hypothetical form provided he or she does not state what a particular defendant did or did not know with regard to an offense.

2. Whether the procedure employed in conducting the local forensic examination, specifically the involvement of Ms. Loehrs's assistant Marlene Pulido, permits Ms. Loehrs to offer her expert opinion on the subject.

3. Whether the hearing may proceed on the briefs based on the testimony of Ms. Loehrs previously offered to this Court, or whether live testimony by Ms. Loehrs is required.

Should this Court conclude that additional proceedings are warranted with respect to the Government's Motion, a scheduling order shall issue detailing the requirements of the same.

ORDERED and ENTERED on this the _____ day of August, 2013.

                                              _____
                                              KATHLEEN CARDONE
                                              UNITED STATE DISTRICT JUDGE