**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. EP-11-CR-2728-KC-1** |
| | ) | |
| **ANGEL OCASIO** | ) | |

**FIFTH SUPPLEMENTAL MOTION IN LIMINE AND SUPPORTING MEMORANDUM**

ANGEL OCASIO (hereinafter "Mr. Ocasio") is charged in several counts with offenses related to possession, receipt and distribution of child pornography. He respectfully submits this Fifth Supplemental Motion in Limine in anticipation of jury selection presently scheduled to take place on September 23, 2013. In support thereof, he would show as follows:

**I.      BACKGROUND AND PRELIMINARY MATTERS**

The present case has been the subject of two mistrials. In these prior proceedings, this Court has ruled on numerous motions in limine. *See* Doc. Nos. 47, 60, 63, 66, 67 and 70. It is assumed that this Court's rulings with regard to these Motion in Limine as well as all other Motions filed pertaining to jury selection and procedural requests remain in effect absent a request to reconsider the same. In the event this Court considers these matters unresolved, all arguments set forth in Mr. Ocasio's prior motions are hereby incorporated by reference and re-urged.

**II.      REFERENCES TO SEXUAL ABUSE AND VIDEO CONTENT**

On information and belief, questioning and testimony by counsel for the Government in the recent trial of *United States v. Gustavo Cervantes-Perez*, EP-12-CR-00217-KC-1, followed a specific, objectionable pattern. Government agents would be questioned as to depictions of "sexual abuse" identified on the computer seized. In response, the agent would respond with the name of the particular image or video, which itself describes the content of the same. The video would then be presented on a large video screen for the jury. Finally, the agents would comment on the content of the video.

This approach is objectionable at a number of levels. First, the repeated references to sexual abuse must be considered needlessly cumulative in violation of Federal Rule of Evidence 403. It is

respectfully submitted that the list of video titles set forth in the FTK Report appear in the same based on the investigator's opinion as to its content.  The titles set forth in the report and assigned to the video or image frequently describes the age of the victim and the nature of sexual conduct found therein.  Finally, in playing a video or presenting an image the jury is presented with clear evidence of sexual abuse that needs no commentary or explanation.

Separately, as the evidence at issue involves images or videos, it is unclear how any opinion testimony, whether lay or expert, would be considered 'helpful' to the jury under Federal Rules of Evidence 701 and 702.  The graphic depictions of sexual abuse presented therein are horrifying and apparent to all that view them.  As observed by the Ninth Circuit Court of Appeals,

> Throughout the trial, the government's probation and law enforcement witnesses gave their opinions about the age of individuals depicted in the images from Houghton's computer. It is not clear how the opinions of these officers helped the jury, because the jury had access to the pictures to make their own determination of age and pornographic content. There was no real need for police and other officers to opine on age. No expertise was revealed that the jury did not have. We conclude that the lay opinions admitted here on children's age do not fit under Rule 701 and that it was an abuse of discretion for the trial judge to allow the lay witness testimony regarding age and pornographic content.

*United States v. Nelson*, 38 Fed. Appx. 386, 392 (9th Cir. Mar. 5, 2002)(unpublished).  Given the self-explanatory nature of these depictions, it is unclear how lay or expert opinions on content could be considered as any more helpful than the opinions on the age of victims described by the Ninth Circuit Court of Appeals in *Nelson*.

Finally, these lay opinions on sexual abuse, of no probative value whatsoever, must be excluded under the Rule 403 balance given the substantial danger of unfair prejudice to Mr. Ocasio. Implicit in references to sexual abuse is a call for justice for the victims.  The Indictment does not claim Mr. Ocasio directly participated in the assaults on any of the victims depicted in the evidence seized.  Instead, the focus of the trial in this case is limited to his knowledge of the presence of this evidence.  In repeatedly referencing sexual abuse in the course of questioning and responses, the Government invites the jury to set aside its role on the limited question of knowledge out of a desire to vindicate the cruel treatment of these victims.  As Mr. Ocasio is the only individual who stands

charged with these offenses, these repeated references to sexual abuse along with references to Mr. Ocasio attempt to impermissibly merge the two in the minds of jurors and thereby encourage a verdict based on this prejudicial impact rather than facts.

## III.    REQUESTED RELIEF AND PROCEDURAL MATTERS

Defendant prays that this Court order the Government and its witnesses not to allude to any of the above matter without first obtaining the Court's ruling as to admissibility outside the hearing of the jury; and that the Court will exclude such evidence at trial.

MAUREEN SCOTT FRANCO
Federal Public Defender

/s/

MICHAEL GORMAN
Assistant Federal Public Defender
Federal Building
700 E. San Antonio, D-401
El Paso, Texas  79901
 (915) 534-6525
*Attorney for Defendant*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th  day of September, 2013, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following:

J. Brandy Gardes
Assistant U. S. Attorney
700 E. San Antonio, Suite 200
El Paso, Texas 79901

/s

_____
Michael Gorman
Attorney for Defendant

4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. EP-11-CR-2728-KC-1** |
| | ) | |
| **ANGEL OCASIO** | ) | |

**ORDER**

On this date came on to be heard Defendant's Motion in Limine.  After considering the same, the Court enters the following Order:

Defendant's Motion in Limine is GRANTED as to the following matters:

1.      references to "sexual abuse"; and

2.      lay or expert opinions describing video or image content.

It is ORDERED that the Government shall not introduce, allude to or argue any of the above before the jury until it has first approached the bench and obtained the Court's ruling on the admissibility of such matters.

It is further ORDERED that the Government shall instruct its witnesses that they are subject to the terms of this Order and are similarly not to allude to or go into such matters until the Court has ruled on their admissibility, outside the presence of the jury.

ORDERED and ENTERED on this the _____ day of September, 2013.

_____
KATHLEEN CARDONE
UNITED STATE DISTRICT JUDGE